GEORGE GASCÓN, DISTRICT ATTORNEY
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
Dayan Mathai, Assistant Head Deputy District Attorney (*Pro Hac Vice to be filed*)
California Bar No. 199621
Email: dmathai@da.lacounty.gov
211 W. Temple Street
Los Angeles CA 90012
Telephone: (213) 257-2321

Karen Nishita, Deputy District Attorney (*Pro Hac Vice to be filed*)
California Bar No. 169695
Email: knishita@da.lacounty.gov
211 W. Temple Street
Los Angeles, CA 90012
Telephone: (213) 257-2375

District Attorney of Los Angeles County, Real Party in Interest

Brian D. Shapiro, Esq.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV  89101
702-386-8600
brian@brianshapirolaw.com
Proposed Local Counsel

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CONNEMARA HOLDINGS, INC,<br><br>Debtor. | Case No.: 24-12212-NMC<br><br>OPPOSITION TO EMERGENCY MOTION FOR ORDER COMPELLING RECEIVER TO TURN OVER PROPERTY PURSUANT TO 11 U.S.C. §543(a) AND (b).<br><br>CHAPTER 11<br><br>Hearing Date: May 30, 2024<br><br>Hearing Time: 9:30 a.m. |

The District Attorney of Los Angeles County, a real party in interest, hereby OPPOSES

Connemara Holdings, Inc.'s Emergency Motion for Order Compelling Receiver to Turn Over

Property Pursuant to 11 U.S.C. §543(a) AND (b). This Opposition is based on the following Memorandum of Points and Authorities, attached Declarations, all papers and pleadings filed in the above-captioned Chapter 11 case ("Chapter 11 Case"), and any arguments of counsel offered at the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Connemara Holdings ("Connemara"), its purported parent company, Medconsult, SAL ("Medconsult"), and the property it claims to own at 5509 Ocean Front Walk ("the Property") in Marina Del Rey, California, have been the subject(s) of a major criminal fraud prosecution in Los Angeles since 2015. In February 2015, with knowledge that the Los Angeles County Grand Jury was considering felony indictments concerning their extensive fraudulent conduct, Munir Uwaydah ("Uwaydah") and Paul Turley ("Turley") met in Beirut, Lebanon to discuss how they could hide assets from the reach of law enforcement. Uwaydah was, and continues to be, the mastermind of the criminal conspiracy at the heart of the Los Angeles prosecution,[1] in which 15 people, including Uwaydah and Turley, were indicted of Conspiracy to Commit Insurance Fraud, Money Laundering, Illegal Patient Referrals, Fraudulent Surgeries, Aggravated Mayhem, and various other crimes and allegations. Uwaydah fled the United States for Lebanon in June 2010, at a time when he was being investigated for medical billing fraud, and his possible involvement in a homicide.[2]

---

[1] People v. Uwaydah, et al. (BA425397); People v. Arnold, et al. (BA435339); People v. Turley, et al. (455469); People v. Stevens, et al. (BA455470); People v. Luke, et al. (BA455473)

[2] Uwaydah was never charged in the homicide.

According to sworn testimony given by Turley,[3] Uwaydah's business partner, Uwaydah and Turley met in Lebanon in 2010 and again in 2015. (*See Exhibit A*)  Turley has testified that during these meetings, Uwaydah instructed him to create a holding company called Connemara, and to transfer the Property to Connemara so that it would be difficult for law enforcement to seize the Property.  Turley testified that his original "purchase" of the Property in his name was fraudulent, in that Uwaydah owned and controlled the Property, but Uwaydah used Turley's name and credit in order to hide the lucrative asset from Uwaydah's creditors.  Turley testified that the deed in his name was false, because he was not the true owner of the Property.  Likewise, Turley testified that any "transfer" he made of the property was false because he never truly owned the Property.

In September 2015, the L.A. County Grand Jury Indictments were unsealed, and the Property was seized by the Los Angeles County Superior Court ("the Superior Court") pursuant to California Penal Code Section 186.11. (*See Exhibit B*)  This criminal statute enables the Superior Court to freeze, seize, and preserve real assets to fulfill the requirements of the California Constitution to preserve and protect the assets for use as restitution for victims of fraud.  The statute requires any party who claims an ownership interest in the property to file a "verified claim" and litigate it within 10 days in order to protect their valid interest from the court's freezing, or seizing, of the asset.

Although Connemara and Medconsult had notice of the Superior Court's freezing of the Property, and although both entities filed a verified claim to the Property, both Connemara and Medconsult withdrew their claims.  In fact, in almost nine years in which the Property has been

---

[3] In 2018, Turley cooperated with the prosecution and gave over a dozen "proffer statements" under oath to investigators and prosecutors.  He later pled guilty and gave a factual statement plea under oath.  He also was called to testify by Superior Court Judge Larry Fidler and the People during various evidentiary hearings in 2019 and 2024. This Opposition attaches the testimony Turley gave this year before Judge Fidler. (*See Exhibit A*)

in the control of the Superior Court, neither Connemara nor Medconsult has exercised their rights to claim that they have a valid legal interest in the Property.

Medconsult's withdrawal of its verified claim, nine years after the seizure and nine years after its initial claim, came as the hearing to adjudicate the ownership of the property was about to begin, on May 2, 2024.  The L.A. prosecutors had notified George Shohet ("Shohet"), counsel for Medconsult,[4] that they intended to call Turley as a witness to establish that the Property had been purchased fraudulently and had been transferred fraudulently.  In addition, the prosecutors informed Shohet that they intended to call Uwaydah's former counsel, Benjamin Gluck ("Gluck"), as well as Uwaydah's former co-conspirators, Marisa Nelson ("Nelson") and Shannon Devane ("Devane") to prove that it was Uwaydah who controlled Medconsult, and the Property.  Shohet immediately attempted to delay the hearing, and when Superior Court Judge Larry Fidler refused to delay it any further, Medconsult withdrew its request to prove ownership of the Property, and immediately filed this Bankruptcy action.

The Los Angeles County District Attorney's Office urges this Court, by this Opposition, to deny Connemara's motion and remand this matter to Los Angeles County Superior Court Judge Larry Fidler for adjudication.[5]  Judge Fidler has been litigating all issues surrounding this complex state criminal conspiracy case since 2010, while the case was in its investigation stage, and five years before the grand jury indictments.  In 2021, he signed the latest judicial orders for the seizure of the Property, as well as the order naming Jim Skorheim as the court-appointed

---

[4] Shohet is also a lawyer for Munir Uwaydah and various entities controlled by Uwaydah, including Frontline Medical Associates, Medconsult, and Connemara.  Shohet has also represented several charged and uncharged co-conspirators, including Leticia Lemus and Amber Woodley.

[5] The Los Angeles County District Attorney's Office has other objections and motions to present to this Court, and reserves the right to do so as the Court may allow.

Receiver over the Property.  Abstention by this Court is warranted in this matter based on 11 U.S.C. §362(b)(1) and (4).

In the alternative, the Los Angeles County District Attorney's Office asks this Court to conduct a full evidentiary hearing to determine whether Connemara or Medconsult have valid title in the Property.

## II.    Argument

### A.    *Connemara and Medconsult, SAL are alter-egos of Munir Uwaydah, a charged defendant in the Los Angeles prosecution, and a fugitive from justice.*

**1.    Los Angeles prosecutors have identified nearly 80 entities that are shell companies, owned and controlled by Uwaydah, but placed in the names of co-conspirators in order to perpetuate fraud, including real estate fraud.**

Since 2010, law enforcement in Southern California has been investigating Uwaydah, Turley, and dozens of co-conspirators.  Criminal cases have been filed in state courts in L.A. County, Riverside County, and San Diego County in connection to the ongoing criminal conspiracy.  In addition, a federal case in the Southern District of California was filed connected to the fraud conspiracy.  In all of these prosecutions, one theme is prevalent: Uwaydah perpetuates massive fraud by creating shell companies which appear to be independent business or corporate entities, but in actuality are alter-egos for Uwaydah, fronts to enable him to hide his activities and his assets.  The Los Angeles prosecution has identified nearly 80 entities that are surreptitiously controlled by Uwaydah.  Likewise, the Riverside County and San Diego County prosecutions identified entities that Uwaydah secretly controlled in order to perpetuate fraud.  These prosecutions have yielded more than a dozen convictions and identified hundreds of millions of dollars in fraudulent transactions, including real estate transactions.

Although Uwaydah fled the United States for Lebanon in 2010, multiple witnesses have given statements under oath confirming that Uwaydah still controls the entities and properties at issue in the various prosecutions. These witnesses include Turley, Gluck, Nelson, and Devane. Significantly, Medconsult's attorney, Shohet, has examined or cross-examined all of these witnesses, in various hearings and depositions, on the issue of Uwaydah's control over these entities.

### 2. Multiple witnesses have testified, under oath, that Uwaydah owns and controls Connemara, as well as Medconsult.

In 2018, Turley became a cooperating witness for the Los Angeles prosecution, and he gave over a dozen "proffer statements" under oath regarding his involvement in the widespread fraud that is alleged in the prosecution's case.  During these proffer sessions, he outlined how he assisted Uwaydah in complex fraud schemes over many years.  Those fraud schemes that he outlined included Turley's fraudulent purchase of various high end properties in Southern California, including the Property which is at issue before this court.

Specifically, Turley stated under oath that he had purchased the Property, and transferred the Property, using fraudulent means, and for fraudulent purposes.  In December 2018, Turley pleaded guilty to various alleged crimes, and he gave a factual statement, under oath before Judge Fidler, laying out the various fraud schemes that he was guilty of, including his actions regarding the Property.  As part of his plea, Turley admitted the allegation charged pursuant to Section 186.11, and agreed that Judge Fidler could impose a restitution order based on the parameters of that statute.  Shohet and other counsel for Medconsult and Connemara were aware of Turley's proffer statements, his factual plea, and testimony Turley gave before Judge Fidler in 2019.

In addition to Turley, Uwaydah's former lawyer, Benjamin Gluck has testified that Uwaydah controls Medconsult. (*See Exhibit A*)  Gluck testified that he assisted Uwaydah in finding a lawyer and a property manager for the Property, after the Superior Court had issued its seizure order in the Los Angeles prosecution.  This evidence of control comes well after Medconsult's claim of Uwaydah-independent control over the property in 2010.  Either Medconsult's claims are false, or the testimony of Gluck, a partner in the well-respected law firm Bird Marella, is false.

The evidence of Uwaydah's control over Medconsult includes the testimony of Marisa Nelson and Shannon Devane, two former assistants and charged co-conspirators of Uwaydah. (*See Exhibit C*)  Nelson has testified that she believes, based on her many years of working with Uwaydah, that Medconsult is owned and controlled by him.  Devane testified that Uwaydah instructed her, after the Superior Court's seizure of the Property, to evict one of the tenants at the Property so his girlfriend, Amber Woodley, could move in.  Devane testified that she was aware of Woodley living in the Property after the seizure order in the Los Angeles prosecution.

**B. Connemara's Motion should be denied because Connemara's Bankruptcy Filing in Nevada is an effort to obstruct Judge Fidler from making findings related to the Property in the Los Angeles criminal prosecution.**

The Los Angeles County District Attorney, through the jurisdiction of the L.A. County Superior Court, exercised the police powers of the State of California in bringing the criminal prosecution against Uwaydah, Turley, and over a dozen other co-conspirators.  As part of that exercise of police powers, the State of California froze assets pursuant to CA Penal Code Section 186.11.  As part of his power in a state criminal proceeding, Judge Fidler signed Temporary Restraining Orders, a Preliminary Injunction, and he appointed a Receiver to preserve and protect the Property at issue here.  Judge Fidler scheduled a hearing to resolve criminal

7

restitution issues pertaining to Turley.  Through its filing this action in bankruptcy court in the State of Nevada, Connemara seeks to prevent Judge Fidler from conducting a criminal restitution hearing and making court orders pertaining to a California criminal state court action.

11 U.S.C. §362(b)(1) states:

> **(b)** *The filing of a petition under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], does not operate as a stay—*
>> **(1)** *under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;*

The plain language of the statute makes clear that Judge Fidler is not barred from proceeding with the state criminal court proceedings, including making orders pursuant to Section 186.11, a criminal statute alleged in the case.  The exemption applies even if the Superior Court's proceeding does not directly seek to punish criminal conduct, but is nonetheless part of a criminal prosecution. People v. Gruntz, 29 Cal. App. 4th 412.  If Connemara claims it has a valid interest in the Property, and the Superior Court is proceeding against the Property, then Connemara's argument is that the Superior Court is proceeding against Connemara.  Connemara must litigate their interest in the state criminal court since the criminal proceeding is exempted from any stay pursuant to 11 U.S.C. §362(b)(1).

The rationale behind the exemption was expressed succinctly by the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, in <u>Branch v. 30th Dist. Court City of Highland Park (In re Branch)</u>, 525 B.R. 388, 398:

> [A] debtor cannot utilize bankruptcy to discharge criminal liability, a criminal judgment, or a restitution order. [citations omitted]  Excluding state criminal proceedings from the stay and the discharge injunction reflects a 'respect for federalism' and is consistent with the 'longstanding public policy against federal court interference with state court proceedings,' particularly criminal proceedings. [citations omitted]  Accordingly, bankruptcy courts should generally not interfere in a state's administration of its criminal justice system.

The exemption applies in this case, especially as the evidence shows that Conmerra is attempting to thwart Judge Fidler's ability to conduct criminal hearings and impose restitution on a criminal defendant in a state criminal case.  Therefore, this matter should be remanded back to Judge Fidler for adjudication.  If the Bankruptcy Court desires, the People of the State of California will report any findings or holdings from the state criminal action to this Court.  In the alternative, this Court should set the matter for a full evidentiary hearing before the Bankruptcy Court so that it can make its own findings of the ownership of the Property which is at the heart of the California state criminal action.

**III.    Conclusion**

Based on the facts presented above, the People of the State of California respectfully ask this Court to deny Connemara Holdings, Inc.'s Emergency Motion for Order Compelling Receiver to Turn Over Property Pursuant to 11 U.S.C. §543(a) AND (b).


Dated: May 24, 2024                              Respectfully Submitted:

                                                 _/s/ Dayan V. Mathai_
                                                 DAYAN V. MATHAI
                                                 Deputy District Attorney
                                                 Los Angeles County District Attorney's Office



                                                 _/s/ Brian D. Shapiro, Esq._
                                                 Brian D. Shapiro, Esq.
                                                 Law Office of Brian D. Shapiro, LLC
                                                 510 S. 8th Street, Las Vegas, NV  89101
                                                 Proposed Local Counsel

## **CERTIFICATE OF SERVICE**

This pleading was served electronically to all registered users in this case by the Court's CM/ECF Noticing System.

DATED  5-24-2024                    _/s/ Brian D. Shapiro, Esq._
                                   Brian D. Shapiro, Esq.