# EXHIBIT 18

1  AARON M. MAY (State Bar No. 207751)
   GRANT B. GELBERG (State Bar No. 229454)
2  HUANG YBARRA SINGER & MAY LLP
   550 South Hope Street, Suite 1850
3  Los Angeles, CA 90071
   Telephone: (213) 884-4900
4  Facsimile: (213) 884-4910
   aaron.may@hysmlaw.com
5  grant.gelberg@hysmlaw.com

6  Attorneys for Claimant
   Connemara Holdings, Inc.
7

                    CONFORMED COPY
                    OF ORIGINAL FILED
                    Los Angeles Superior Court

                    OCT 13 2015

                    Sherri R. Carter, Executive Officer/Clerk
                    By: Joseph M. Pulido, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11 | THE PEOPLE OF THE STATE OF       | CASE NO. BA425397
    | CALIFORNIA,                      |
12 |                                  | **VERIFIED CLAIM BY CONNEMARA
    |              Plaintiff,          | HOLDINGS, INC. FILED PURSUANT
13 |                                  | TO PENAL CODE § 186.11(d)(6)**
    |          v.                      |
14 |                                  |
    | MUNIR UWAYDAH, PAUL TURLEY, MARIA| [No Hearing Scheduled]
15 | TURLEY, PETER NELSON, MARIA       |
    | SCHEMBECK NELSON, DAVID JOHNSON,  | TRO Filed September 15, 2015
16 | LETICIA ALVAREZ LEMUS, JEFF STEVENS,
    | WENDEE LUKE, KELLY SOO PARK, RON  |
17 | CASE, et al.                      |
    |          Defendants.             |
18

19

20

21

22

23

24

25

26

27

28

                         VERIFIED CLAIM

1    **ALL PARTIES ARE NOTIFIED** that Connemara Holdings, Inc. is the 100% owner,

2    subject to secured mortgage liens, of the property listed below, which is the subject of the Court's

3    Temporary Restraining Order entered on September 15, 2015:

4

5    The residence known as 5509 Ocean Front Walk Marina Del Rey, CA 90202; Assessors
     ID# 4294-008-017 [Legal Description - LOT NUMBER: (3 Units) 3 of Block 5 of Del

6    Rey Beach ; 9 bd. 6 ba . TRACT NUMBER]

7    Connemara Holdings, Inc. requests that with respect to the identified property that the

8    Temporary Restraining Order be lifted and that no Preliminary Injunction be issued.

9    Connemara Holdings, Inc. can be contacted through its counsel of record, Huang Ybarra

10   Singer & May LLP at the following address:

11
     550 S. Hope Street, Suite 1850
12   Los Angeles, CA 90071
     (213) 884-4900
13

14   DATED: October 13, 2015                  HUANG YBARRA SINGER & MAY LLP

15                                            By: _____

16                                                AARON M. MAY
                                                  GRANT B. GELBERG
17
                                              Attorneys for Claimant Connemara Holdings, Inc.
18

19
                                         **VERIFICATION**
20
          I am the Chairman of the Board of Medconsult S.A.L, which is the 100% owner of
21
     Connemara Holdings, Inc., the claimant in this proceeding.  I am authorized to verify the claim on
22
     behalf of the claimant.  I have read this claim and I declare under penalty of perjury under the
23
     laws of the State of California that the forgoing is true and correct.
24

25   DATE: October 13 2015
26                                            _____
                                              ADIB KASSIR
27
                                              Chairman of the Board of Directors of
28                                            Medconsult S.A.L on Behalf of Connemara
                                              Holdings, Inc.

                                          -1-
                                  VERIFIED CLAIM

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 550 South Hope Street, Suite 1850, Los Angeles, California 90071.

4

5

On **October 13, 2015**, I served the foregoing document(s) described as: **VERIFIED CLAIM BY CONNEMARA HOLDINGS, INC.**

6

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

7

Jackie Lacey
District Attorney of Los Angeles County

8

Kennes Ma, Karen Nishita, Dayan Mathai, Cat Chon
Deputy District Attorney

9

211 West Temple Street. 10th Floor
Los Angeles, CA 90012

10

11

[ ]     **BY FIRST CLASS MAIL**. I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15

[ ]     **BY OVERNIGHT COURIER**. I am familiar with the practice at my place of business for collection and processing of packages for overnight delivery by Federal Express. Such correspondence with delivery fees paid will be deposited with a facility regularly maintained by Federal Express for receipt on the next business day.

16

17

18

[ ]     **BY ELECTRONIC MAIL**. I served a true and correct copy by electronic delivery pursuant to C.C.P. 1010.6, calling for agreement to accept service by electronic delivery, to the interested parties in this action as indicated above.

19

20

[X]     **BY PERSONAL SERVICE**. I caused the documents described above to be served on the parties to this action by requesting that a messenger from **ASAP Legal Solution Attorney Services** deliver true copies of the above-named documents, enclosed in sealed envelopes.

21

22

Executed on **October 13, 2015**, at Los Angeles, California.

23

[X]     (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

[ ]     (Federal)   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

26

27

Yvonne Godson

28

- 3 -

DEFENDANT'S VERIFIED CLAIM

1  AARON M. MAY (State Bar No. 207751)
   GRANT B. GELBERG (State Bar No. 229454)
2  HUANG YBARRA SINGER & MAY LLP
   550 South Hope Street, Suite 1850
3  Los Angeles, CA 90071
   Telephone: (213) 884-4900
4  Facsimile: (213) 884-4910
   aaron.may@hysmlaw.com
5  grant.gelberg@hysmlaw.com

6  Attorneys for Claimant
   Medconsult S.A.L.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  THE PEOPLE OF THE STATE OF             CASE NO.  BA425397
    CALIFORNIA,
12                                         **VERIFIED CLAIM BY MEDCONSULT
                     Plaintiff,            S.A.L FILED PURSUANT TO PENAL
13                                         CODE § 186.11(d)(6)**
            v.
14                                         [No Hearing Scheduled]
    MUNIR UWAYDAH, PAUL TURLEY, MARIA
15  TURLEY, PETER NELSON, MARIA
    SCHEMBECK NELSON, DAVID JOHNSON,       TRO Filed September 15, 2015
16  LETICIA ALVAREZ LEMUS, JEFF STEVENS,
    WENDEE LUKE, KELLY SOO PARK, RON
17  CASE, et al.

18                     Defendants.

19

20

21

22

23

24

25

26

27

28

VERIFIED CLAIM

**ALL PARTIES ARE NOTIFIED** that Medconsult S.A.L. is the 100% owner, subject to secured mortgage liens, of 768 Calle Plano, Camarillo, CA 93012, located in the county of Ventura, Assessor's Parcel number 234-0-320-235, Lot 1 of Tract 5583, Book 156, pages 25-27 of maps, Ventura County, which is the subject of the Court's Temporary Restraining Order entered on September 15, 2015.

Medconsult S.A.L. only became aware on October 23, 2015 that this property was subject to the Court's Temporary Restraining Order after the People provided documents to Medconsult S.A.L.'s counsel on October 22, 2015.

Medconsult S.A.L. requests that with respect to the identified property that the Temporary Restraining Order be lifted and that no Preliminary Injunction be issued.

Medconsult S.A.L. can be contacted through its counsel of record, Huang Ybarra Singer & May LLP at the following address:

> 550 S. Hope Street, Suite 1850
> Los Angeles, CA 90071
> (213) 884-4900

DATED: October 26, 2015

HUANG YBARRA SINGER & MAY LLP

By: _____
AARON M. MAY
GRANT B. GELBERG

Attorneys for Claimant Medconsult S.A.L.

**VERIFICATION**

I am the Chairman of the Board of Medconsult S.A.L, which is the claimant in this proceeding. I am authorized to verify the claim on behalf of the claimant. I have read this claim

-1-
VERIFIED CLAIM

1  and I declare under penalty of perjury under the laws of the State of California that the forgoing is

2  true and correct.

3

4  DATE: _October 26/2016_

5                                                          ADIB KASSIR

6                                                          Chairman of the Board of Directors of
                                                           Medconsult S.A.L

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

VERIFIED CLAIM

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 550 South Hope Street, Suite 1850, Los Angeles, California 90071.

On **October 26, 2015**, I served the foregoing document(s) described as:
**DEFENDANT MEDCONSULT S.A.L.'S VERIFIED CLAIM**
on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Jackie Lacey
District Attorney of Los Angeles County
Kennes Ma, Karen Nishita, Dayan Mathai, Cat Chon
Deputy District Attorney
211 West Temple Street. 10th Floor
Los Angeles, CA 90012

[] **BY FIRST CLASS MAIL**. I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT COURIER**. I am familiar with the practice at my place of business for collection and processing of packages for overnight delivery by Federal Express. Such correspondence with delivery fees paid will be deposited with a facility regularly maintained by Federal Express for receipt on the next business day.

[ ] **BY ELECTRONIC MAIL**. I served a true and correct copy by electronic delivery pursuant to C.C.P. 1010.6, calling for agreement to accept service by electronic delivery, to the interested parties in this action as indicated above.

[X] **BY PERSONAL SERVICE**. I caused the documents described above to be served on the parties to this action by requesting that a messenger from **ASAP Legal Solution Attorney Services** deliver true copies of the above-named documents, enclosed in sealed envelopes.

Executed on **October 26, 2015**, at Los Angeles, California.

[X]     (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]     (Federal)   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Yvonne Godson

- 3 -

DEFENDANT'S VERIFIED CLAIM

**Karen Nishita**

| | |
|---|---|
| **From:** | Kennes Ma |
| **Sent:** | Tuesday, November 1, 2022 3:23 PM |
| **To:** | Karen Nishita |
| **Subject:** | FW: Verified Claim BA425397 |

**From:** Aaron May <Aaron.May@hysmlaw.com>
**Sent:** Thursday, October 15, 2015 12:30 PM
**To:** Kennes Ma <kma@da.lacounty.gov>
**Subject:** Re: Verified Claim BA425397

Deputy DA Ma,

Thank you for your email. I am not ready yet to file our motions or schedule a hearing as I am still getting up to speed. I will definitely try to consult with you beforehand to find a date. Is there a time limit/deadline to have the motions heard?

Best,
Aaron

————————————————

Aaron M. May
**HUANG YBARRA SINGER & MAY** LLP
550 S. Hope Street, Suite 1850
Los Angeles, CA 90071
Main: (213) 884-4900
Direct: (213) 884-4904
Aaron.May@hysmlaw.com
www.hysmlaw.com

**From:** Kennes Ma <kma@da.lacounty.gov>
**Date:** Thursday, October 15, 2015 at 7:28 AM
**To:** Aaron May <Aaron.May@hysmlaw.com>
**Subject:** Verified Claim BA425397

Good morning Mr. May,

I am in receipt of your verified claims. I received them on October 13, 2015. I will be in court today and if you would like, we can schedule a date for the hearing on the verified claims.

Please let me know what dates are good for you. You should also file the same motions to the Dept. 109.

Thank you,

Kennes Ma
Deputy DA
213-257-2479

1

RECEIVED

2021
2019 □□ -3 □□ □: 14

1   David M. Browne, Esq. (SBN 93576)
    *dmbrownelaw@gmail.com*
2   21900 Burbank Blvd., Suite 112
    Woodland Hills, CA 91367
3   Tel.: (818) 276-1925
    Fax: (818) 702-0910
4   Cell: (310) 200-0568

5

    Attorneys for Claimant
6   MEDCONSULT S.A.L.

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  THE PEOPLE OF THE STATE OF        Case No. BA425397
    CALIFORNIA,
12                                    [Assigned to Hon. Kathleen Kennedy,
                    Plaintiff,        Dept. 109]
13
            v.                        **THIRD-PARTY MEDCONSULT S.A.L.'S**
14                                    **VERIFIED CLAIM AND REQUEST TO**
    MUNIR UWAYDAH; and WENDEE         **VACATE ORDERS AND/OR FOR**
15  LUKE,                             **HEARING**

16                  Defendants.       [Pen. Code § 186.11]

17

18

19

20

21

22

23

24

25

26

27

28
    ─────────────────────────────────────────────────────
    THIRD-PARTY MEDCONSULT S.A.L.'S VERIFIED CLAIM AND REQUEST TO VACATE ORDERS AND/OR
                                FOR HEARING

1      Pursuant to Penal Code § 186.11, subds. (d)(6) and (f)(2), Claimant Medconsult S.A.L.

2  ("Medconsult") respectfully submits this Verified Claim and Request to Vacate Order and/or for

3  Hearing ("Claim").  This Claim was electronically served on Los Angeles County Assistant Head

4  Deputy District Attorney Dayan Mathai and other deputy district attorneys working with him.

5

6                             **DAVID M. BROWNE**
                           **ATTORNEY AT LAW**

7

8  Dated: February 8, 2021                By:_____

9                             David M. Browne
                           Attorney for Defendant Medconsult S.A.L

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD-PARTY MEDCONSULT S.A.L.'S VERIFIED CLAIM AND REQUEST TO VACATE ORDERS AND/OR
FOR HEARING

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      On January 28, 2021, pursuant to the People's ex parte petition and without prior notice to

3  Medconsult, the defendants and other interested parties, the People obtained a series of identical

4  temporary restraining orders and receivership orders from the Hon. Larry Paul Fidler, Judge of the

5  Superior Court, in the following four cases: *People v. Munir Uwaydah and Wendee Luke.*, Case No.

6  BA425397[1]; *People v. Paul Turley, Maria Turley, Peter Nelson, Marissa Schermbeck Nelson, Kelly*

7  *Park and Tatiana Arnold*, Case No. BA455469; *People v. Ronnie Case, Jeff Stevens and Leticia*

8  *Lemus Alvarez*, BA 455470 and *People v. Terry Luke*, BA455473. Not only do the orders freeze bank

9  accounts and the transfer of real property of defendants, they erroneously appoint a receiver and apply

10  to accounts and properties that belong to innocent third parties, including Medconsult.

11      Medconsult owns the following real properties located in Los Angeles County: (i) 1316

12  Beverly Grove Pl., Beverly Hills, CA 90210-2123; (ii) 5509 Ocean Front Walk, Marina del Rey, CA

13  90292-7131; (iii) 34 Galleon St., Marina del Rey, CA 90292-5903; and (iv) 5007 Ocean Front Walk,

14  Marina del Rey, CA 90292-7103. In addition, Medconsult owns a commercial property in Ventura

15  County at 768 Calle Plano Drive, Camarillo, CA 93012-8555. The Court (Hon. Larry P. Fidler) filed

16  temporary restraining orders and an order appointing a receiver over Medconsult's properties.

17      For the reasons set forth below, Medconsult respectfully requests that the Court vacate the

18  temporary restraining orders and receivership orders entered in this case (the "Orders") as

19  procedurally improper because it was erroneously issued by a judge not assigned to this matter and

20  was improperly entered ex parte, without proper notice to Medconsult or any defendant.

21      Alternatively, Medconsult requests that the Court conduct an order to show cause hearing

22  within 10 days of the service of this Claim. (Pen. Code § 186.1l, subs. (d)(6) and (f)(2).) The purpose

23  of the hearing is to decide whether the Court should dissolve or modify the Orders affecting

24

25

---

26  [1] *People v. Uwaydah, et al.,* Case No. BA425397 is assigned to the Hon. Kathleen Kennedy, Judge
of the Superior Court (Dept. 109). Presumably as a result of a sleight of hand maneuver perpetrated

27  by the People, Judge Fidler issued orders in a case not pending before him. This procedural
impropriety is discussed further below.

28

THIRD-PARTY MEDCONSULT S.A.L.'S VERIFIED CLAIM AND REQUEST TO VACATE ORDERS AND/OR
FOR HEARING

1  Medconsult's property rights. Medconsult reserves its rights to supplement this Claim and further

2  reserves all rights, motions, and claims it may bring in connection with this matter, including but not

3  limited to, all challenges to the manner in which the Orders were obtained.

4  **I.      THE ORDERS SHOULD BE VACATED AS PROCEDURALLY IMPROPER**

5        A.      The Orders Were Issued by a Judge Who Is Not Assigned to this Case

6            In 2015, the People brought *People v. Uwaydah, et al.*, Case No. BA425397, by way of

7  indictment, and the case was assigned to Judge Kennedy for all purposes. Through complex litigation

8  over the course of 2016, Judge Kennedy dismissed nearly 100 counts of the indictment based on her

9  findings that the People's grand jury presentation was grossly deficient and the People's legal theories

10  fatally flawed. Meanwhile, evidence also came to light that the People had violated the attorney-

11  client privilege through their searches and seizure of least 25,000 known privileged documents. After

12  months of delayed discovery and evasion by the People, the Court ordered an evidentiary hearing in

13  early 2017 to address the privilege invasion issue. Rather than face the evidentiary hearing and the

14  likelihood of losing their remaining claims, the People moved to dismiss the indictment as to all

15  defendants who had appeared (all defendants except Munir Uwaydah and Wendee Luke). The People

16  falsely explained to Judge Kennedy that they needed to dismiss the indictment and re-file complaints

17  because they were "within days, if not hours" of the running of the statute of limitations. Evidencing

18  that their explanation was a lie and their maneuver was actually an obvious ploy to get the case away

19  from Judge Kennedy, the People then re-filed complaints as to remaining defendants in which not a

20  single count was on the brink of a statute of limitations, and they immediately filed a challenge to

21  Judge Kennedy pursuant to Code Civ. Proc. § 170.6. The new cases (now split into three) were

22  transferred to Judge Fidler. The case against Defendants Uwaydah and Wendee Luke (No.

23  BA425397), who had never appeared and never had the charges dismissed, remains pending before

24  Judge Kennedy.

25            *Uwaydah* is a direct calendar case and was assigned to Judge Kennedy for all purposes. See

26  L.R. 2.5(d)(1)(A) ("Cases assigned to the complex criminal litigation ("9th floor") courts are direct

27

28

THIRD-PARTY MEDCONSULT S.A.L.'S VERIFIED CLAIM AND REQUEST TO VACATE ORDERS AND/OR
FOR HEARING

1   calendar cases to which the all-purpose assignment rule of section 170.6 applies."). An all-purpose

2   assignment means what it says. Local Rule 8.1(b) provides:

3          The Supervising Judge may designate certain criminal courts in the Central District to

4          be direct calendar courts. Judges in those courts shall handle all cases assigned to

5          them for *all purposes.*

6   (*Ibid.* [emphasis added].) Accordingly, the People should have filed their ex parte petition with Judge

7   Kennedy, not Judge Fidler, and it was Judge Kennedy, not Judge Fidler, who should have considered

8   it.

9          While Penal Code § 186.11 allows for any judge of the criminal division to issue temporary

10  restraining orders, that provision only applies *pre-indictment.*[2] The statute is clear that "[a]t the time

11  of the filing of an information or indictment in the underlying criminal case, any subsequent hearing

12  on the petition shall be heard by the superior court judge assigned to the underlying criminal case."

13  Pen. Code § 186.11(d)(7). Here, the People filed an indictment years ago, and *Uwaydah* was assigned

14  to Judge Kennedy for all purposes. Judge Kennedy should have considered the ex parte petition.

15         That the People submitted the petition to Judge Fidler, knowing full well that Judge Kennedy

16  is still the judge assigned to this case, smacks of the same forum-shopping that the People engaged in

17  back in 2017 when they dismissed and re-filed charges in order to get a new judge. They are repeating

18  the same shenanigans and compromised Judge Fidler's impartiality by doing so. The Orders in

19  *People v. Uwaydah* are invalid as the wrong jurist unassigned to the case filed them. The Court

20  should vacate these Orders on this basis alone.

21         B.     The Orders Appointing a Receiver Were Improperly Issued Ex Parte

22         Although Penal Code § 186.11(f)(1) allows for a temporary restraining order to be entered ex

23  parte, it does not allow the extraordinary measure of the appointment of a receiver to be made ex

24  parte. Instead, the statute specifically provides, "No preliminary injunction may be granted *or*

25  *receiver appointed* by the court without notice that meets the requirements of paragraph (3) of

26  _____

27  [2] Nothing in the statute allows a different judge from the judge assigned to the underlying criminal
    case to appoint a receiver.

28

THIRD-PARTY MEDCONSULT S.A.L.'S VERIFIED CLAIM AND REQUEST TO VACATE ORDERS AND/OR
FOR HEARING

1   subdivision (d) to all known and reasonably ascertainable interested parties and upon a hearing to

2   determine that an order is necessary to preserve the property pending the outcome of the criminal

3   proceedings." Pen. Code § 186.11(f)(1) (emphasis added). In order to issue a preliminary injunction,

4   the trial court must find that "the prosecution is likely to prevail on the merits and the risk of the

5   dissipation of assets outweighs the potential harm to the defendants and the interested parties ...." (§

6   186.11, subd. (g) (3); *People v. Green* (2004) 125 Cal.App.4th 360, 370 ["No petition, no preliminary

7   injunction; no preliminary injunction, no levy."].)

8         The People's conduct is in direct violation of section 186.11(f)(1) and due process, which

9   requires both notice and a hearing before a court considers appointing a receiver. (See, e.g., *People*

10  *v. Green*, 125 Cal.App.4th at 370-372 [section 186.11 does not permit levy on assets of an accused

11  *prior* to conviction and does not authorize a preliminary injunction or receivership without notice and

12  opportunity to be heard]; *Baker v. Wadsworth* (1970) 6 Cal.App.3d 253, 264 ["The fundamental due

13  process requirements of a fair and impartial hearing are reasonable notice and a reasonable

14  opportunity to be heard."].) Indeed, among the most fundamental rights a litigant has is a decision

15  by an impartial judge or jury after notice and opportunity to be heard. (*Bennett v. Bodily* (1989) 211

16  Cal.App.3d 133, 141 ["[D]ue process requires notice (*Lambert v. California* (1958) 355 U.S. 225,

17  231, 78 S.Ct. 240, 244, 2 L.Ed.2d 228) and opportunity for hearing (*Parratt v. Taylor* (1981) 451

18  U.S. 527, 540, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420) before an impartial tribunal (*Marshall v.*

19  *Jerrico, Inc.* (1980) 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182)."] [footnote omitted].)

20        On the basis of the patent violation of Medconsult's due process rights as well, the Court

21  should rescind the Receivership Order.

22  **II.    ALTERNATIVELY, MEDCONSULT REQUESTS AN ORDER TO SHOW CAUSE**

23  **HEARING WITHIN 10 DAYS AND THAT THE RECEIVER CEASE AND DESIST FROM ANY CONDUCT AFFECTING THE PROPERTIES PENDING THE**

24  **HEARING**

25        Penal Code section 186.11 provides an enhanced prison term for "white collar crime" defined

26  as two or more related felonies, a material element of which is fraud or embezzlement, which pattern

27  of conduct involves the taking of, or results in the loss of, more than $100,000. Pen. Code, § 186.11(a);

28

THIRD-PARTY MEDCONSULT S.A.L.'S VERIFIED CLAIM AND REQUEST TO VACATE ORDERS AND/OR FOR HEARING

1   *Integrated Lender Services, Inc. v. County of Los Angeles* (2018) 22 Cal.App.5th 867, 870. Section

2   186.11 (a) applies to defendants, i.e., criminally charged persons. To have the statute extend to the

3   property of third persons, the People must show that the property is "in control of [the criminally

4   charged] person" or that it "has been transferred by that person to a third party, subsequent to the

5   commission of any criminal act alleged pursuant to subdivision (a), *other than in a bona fide*

6   *purchase.*" (Pen. Code § 186(d)(1) (emphasis added).) Thus, the statute does not apply to third

7   parties except on narrow grounds. The statute excludes bona fide purchasers of property. The

8   purpose of the statute is to preserve property of the defendant in order to pay restitution and fines.

9   (*Ibid.*)

10       Medconsult, directly or indirectly through domestic subsidiaries, owns the five real properties

11   identified above that are subject to the Order. Medconsult is a Lebanese joint stock corporation with

12   a three member Board of Directors. None of the defendants in the four cases, including Uwaydah,

13   owns any stock in Medconsult or has ever been on its Board of Directors.

14       Medconsult is a bona fide purchaser of the five properties. The property transfers to

15   Medconsult occurred several years before the People's original Indictment against Uwaydah, et al.,

16   became public in September 2015. At the time of the transfers, there was no temporary restraining

17   order, lis pendens or cloud on the title to the properties and no pending criminal action against

18   Uwaydah or the other defendants. Medconsult and its properties fall outside of the reach of section

19   186.11.

20       Nevertheless, years ago, the People obtained a TRO placing lis pendens on those properties,

21   as to which Medconsult filed verified claims.[3] Now, in an extreme violation of the rights of

22   Medconsult and other innocent third parties, the People have obtained identical orders in the four

23   cases appointing a $200 per hour receiver and granting him sweeping powers over the assets and

24   properties, including the ability to *sell* them. Like the TROs, the Receivership Orders issued on an

25   ex parte basis without notice to anyone or a hearing. The TROs and Receivership Orders apply to

26

27   _____

28   [3] For unknown reasons, no hearing was ever held on Medconsult's verified claims, and the lis
  pendens still remain on the properties to this day.

THIRD-PARTY MEDCONSULT S.A.L.'S VERIFIED CLAIM AND REQUEST TO VACATE ORDERS AND/OR
FOR HEARING

1    defendants who were dismissed from the cases, defendants who entered into plea agreements, and

2    defendants who were indicted, but have not appeared, like Uwaydah.  In addition, the identical TROs

3    and Receivership Orders were filed in all of the cases even though the defendants are not named in

4    all of the cases.

5           Making matters worse, on February 5, 2021, the receiver contacted real estate professionals

6    assisting Medconsult with certain of the properties causing it to demand that the People and their

7    receiver cease and desist.  Medconsult's business strategy was to hold the properties for investment

8    purposes and it intends to sell two of the properties once the freeze is lifted.  It is in escrow on the

9    Ventura County property and has begun testing the market by listing the residential property in

10    Beverly Hills.  Of course, none of the properties can be sold because of the TROs' freeze orders.

11           Mr. Mathai and his colleagues violated Medconsult's constitutional rights and section

12    186.11(f)(1) in directing the receiver to proceed.  The contacts are interfering with Medconsult's

13    ability to manage the properties and ready them for rental or sale.  The issuance of the Orders, by a

14    judge not assigned to this case no less, and the improperly appointed receiver's immediate action on

15    them, are just the latest affronts to justice in a years-long saga of prosecutorial misconduct and judicial

16    overreach. This Court should restrain the People and their unlawfully appointed receiver from further

17    interference with Medconsult's properties.

18    **III.**    **THE COURT SHOULD ORDER THE PEOPLE TO DISCLOSE THE BASIS FOR THEIR PETITIONS AND THE MATERIALS SUBMITTED IN SUPPORT OF THEIR**
19           **PETITIONS FORTHWITH**

20           The People filed a memorandum and various documents in support of the ex parte petitions

21    for the TROs and Receivership Orders.[4]  To date, Medconsult has not been served with any

22    documentation presented by the People in support of the ex parte petitions.  Medconsult understands

23    that defense counsel in the cases have likewise been unsuccessful in obtaining the foregoing ex parte

24

25

26    [4] The People filed, but did not serve, a Memorandum of Points and Authorities, Affidavits of D.A. Investigator Sgt. Tim McCrillis, a Declaration of Deputy District Attorney Karen Nishita, the Factual

27    Statements of defendants Paul Turley, Marisa Schermbeck Nelson and alleged co-conspirator Shannon Moore Devane (misidentified as Shannon Devane Moore), and an unknown number of

28    exhibits, some of which are referred to in the Receivership Orders.

- 5 -

1   filings from Mr. Mathai and his colleagues. Given the People's effort to conceal the purported factual

2   basis for the TROs and Receivership Orders, Medconsult is unfairly handicapped and not in a position

3   to substantively respond to the People's submission.

4       Accordingly, Medconsult requests that the Court order the People to provide a clear statement

5   as to which defendant it contends owns or controls which properties and disclose their petitions and

6   all supporting documentation to counsel for Medconsult forthwith. Once Medconsult has that

7   information, it will more fully respond and supplement this Claim. The People do not get to hide the

8   ball as it is their burden to establish the constitutional and statutory basis for interfering with

9   Medconsult's property rights.

10  **IV.    CONCLUSION**

11      Medconsult supports the central concept of section 186.11 as a means to restore property to

12  victims of white-collar fraud and embezzlement. It is wrong, however, to use the statute to deprive

13  innocent third parties of their property in a rush to justice against criminally charged defendants. The

14  statute makes the protection of innocent third parties a priority and does not countenance the

15  interference with an ongoing business. (Pen. Code § 186.11, subds. (f)(5), (8) and (10).)

16      For all of the foregoing reasons, Medconsult respectfully requests that the Court vacate the

17  Orders issued in this case, or in the alternative, order a hearing before Judge Kennedy within 10 days,

18  and order that the People disclose all materials submitted to the Court in support of their petitions

19  forthwith.

20                                          **DAVID M. BROWNE**
                                            **ATTORNEY AT LAW**
21

22

23  Dated: February 8, 2021                 By: _____

24                                              David M. Browne
                                                Attorney for Defendant Medconsult S.A.L
25

26

27

28
                                    - 6 -
    THIRD-PARTY MEDCONSULT S.A.L.'S VERIFIED CLAIM AND REQUEST TO VACATE ORDERS AND/OR
                                FOR HEARING

1

**VERIFICATION**

2      I am the Chairman of the Board of Medconsult S.A.L., a claimant in these proceedings, and

3  the 100% owner of certain corporations and limited liability companies that own real properties

4  located at:

5          (i) 1316 Beverly Grove Pl., Beverly Hills, CA 90210;

6          (ii) 5509 Ocean Front Walk, Nos. 1, 2 and 3, Marina Del Rey, CA 90292;

7          (iii) 34 Galleon St., Marina Del Rey, CA 90292; and

8          (iv) 5007 Ocean Front Walk, Marina Del Rey, CA 90292.

9      In addition, Medconsult S.A.L. owns a commercial property located at 768 Calle Plano Drive,

10  Camarillo, CA 93012-8555.

11      I am authorized to verify the claims on behalf of Medconsult, S.A.L. and the foregoing

12  corporations and limited liability companies that own the above-mentioned real properties.

13      The matters stated in the foregoing document are true of my own knowledge except as to

14  those matters that are stated on information and belief, and as to those matters, I believe them to be

15  true.

16      I declare under penalty of perjury under the laws of the State of California that the foregoing

17  is true and correct.

18

19  Dated: February 8, 2021

20                                              ADIB KASSIR
                                                Chairman of the Board of Directors of
21                                              Medconsult S.A.L.

22

23

24

25

26

27

28

- 1 -
**VERIFICATION**

1    George A. Shohet, Esq. (SBN 112697)
     LAW OFFICES OF GEORGE A. SHOHET, APC
2    269 S. Beverly Drive, Suite 1800
     Beverly Hills, CA 90212
3    Tel.: (310) 452-3176; Cell: (310) 717-0426
     Fax: (310) 452-2270
4    georgeshohet@gmail.com
5
     Attorney for Third-Party Claimant
6    California Pharmaceuticals, LLC
     formerly Fusion Pharmaceuticals, LLC
7
8    David M. Browne, Esq. (SBN 93576)
     *dmbrownelaw@gmail.com*
9    21900 Burbank Blvd., Suite 112
     Woodland Hills, CA 91367
10   Tel.: (818) 276-1925; Cell: (310) 200-0568
     Fax: (818) 702-0910
11
12   Attorneys for Claimant
     Medconsult S.A.L.
13

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15          **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

16
17   THE PEOPLE OF THE STATE OF          Case No. BA425397
     CALIFORNIA,
18                                       [Assigned to Hon. Kathleen Kennedy,
                          Plaintiff,     Dept. 109]
19
               v.                        **JOINT EX PARTE APPLICATION OF**
20                                       **THIRD-PARTY CLAIMANTS**
     MUNIR UWAYDAH; and WENDEE           **CALIFORNIA PHARMACEUTICALS,**
21   LUKE,                               **LLC AND MEDCONSULT S.A.L.**
                                         **TO STAY ORDERS APPOINTING**
22                        Defendants.    **RECEIVER AND SETTING HEARING;**
                                         **MEMORANDUM OF POINTS AND**
23                                       **AUTHORITIES; DECLARATION OF**
                                         **GEORGE A. SHOHET**
24
25                                       Date:  February 18, 2021
26                                       Time: 8:30 AM
                                         Dept.: 109
27   _____
28
     JOINT EX PARTE APPLICATION OF THIRD-PARTY CLAIMANTS CALIFORNIA PHARMACEUTICALS, LLC
     AND MEDCONSULT S.A.L. TO STAY ORDERS APPOINTING RECEIVER, etc.

## JOINT EX PARTE APPLICATION

**TO THE HONORABLE COURT, DISTRICT ATTORNEY FOR THE COUNTY OF LOS ANGELES ON BEHALF OF THE PEOPLE OF THE STATE OF CALIFORNIA, AND ALL INTERESTED PARTIES**:

PLEASE TAKE NOTICE that on February 18, 2021, at 8:30 AM, in Department 109 of the Los Angeles County Superior Court, located at 210 West Temple Street, Los Angeles, California 90012, or at such other time and location as the Court may direct, Third-Party Claimants California Pharmaceuticals, LLC ("California Pharmaceuticals") and Medconsult S.A.L. ("Medconsult") respectfully submit this Joint Ex Parte Application.[1] California Phramaceuticals and Medconsult (collectively, "Claimants") respectfully request that the Court stay the order appointing a receiver erroneously issued *in this case* by Judge Fidler, and schedule a hearing in the near future to consider the property ownership issues, and further order the People disclose all materials submitted in support of their ex parte petitions forthwith.

Notice of these proceedings was given at 9:45 A.M. on February 17, 2021 by emailing these papers to the parties through their counsel. (Declaration of George A. Shohet ("Shohet Decl."), dated February 17, 2021, attached hereto, ¶ 2.) A message was also left for Assistant Head Deputy District Attorney Dayan Mathai on his office voice mail. *Id.* The notice provided the parties with a description of the relief requested, the basis therefor, and the date, time and place of the hearing. No prior application has been made for the specific relief requested herein. *Id.* This Court is authorized to consider and rule upon this Application. (Cal. Rules of Court, rules 3.1202-1204.)

This Application is based on Penal Code section 186.1l, subds. (d)(6) and (f)(2), the attached Memorandum of Points and Authorities, Shohet Decl., the files and records in these proceedings, and on such further evidence and argument as the Court may consider at or before the time of the hearing on this application.

---

[1] On or about October 29, 2015, Fusion Pharmaceuticals, LLC ("Fusion Pharmaceuticals"), changed its name to California Pharmaceuticals. Fusion Pharmaceuticals, now California Pharmaceuticals, was organized on or about October 17, 2007.

- 1 -

1

2          **LAW OFFICES OF GEORGE A. SHOHET**
           **A PROFESSIONAL CORPORATION**

3

4    Dated: February 17, 2021          By:_____
                                          George A. Shohet
5                                         Attorney for Third-Party Claimant
                                          California Pharmaceuticals, LLC
6                                         formerly Fusion Pharmaceuticals, LLC

7

8          **DAVID M. BROWNE**
           **ATTORNEY AT LAW**

9

10

11   Dated: February 17, 2021          By:_____
                                          David M. Browne
12                                        Attorneys for Claimant
                                          Medconsult S.A.L.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3          Penal Code section 186.11 provides an enhanced prison term for "white collar crime" defined

4    as two or more related felonies, a material element of which is fraud or embezzlement, which pattern

5    of conduct involves the taking of, or results in the loss of, more than $100,000. Pen. Code, § 186.11(a);

6    *Integrated Lender Services, Inc. v. County of Los Angeles* (2018) 22 Cal.App.5th 867, 870.  Section

7    186.11 (a) applies to defendants, i.e., criminally charged persons.  To have the statute extend to the

8    property of third persons, the People must show that the property is "in control of [the criminally

9    charged] person" or that it "has been transferred by that person to a third party, subsequent to the

10   commission of any criminal act alleged pursuant to subdivision (a), other than in a bona fide

11   purchase." (Pen. Code § 186(d)(1) (emphasis added).)  Thus, the statute does not apply to third parties

12   except on narrow grounds.

13         On January 28, 2021, pursuant to the People's ex parte petition and without prior notice to

14   California Pharmaceuticals, Medconsult, the defendants and other interested parties, the People

15   obtained a series of identical receivership orders from the Hon. Larry Paul Fidler, Judge of the

16   Superior Court, in the following four cases: *People v. Munir Uwaydah and Wendee Luke.*, Case No.

17   BA425397[2]; *People v. Paul Turley, Maria Turley, Peter Nelson, Marissa Schermbeck Nelson, Kelly

18   Park and Tatiana Arnold*, Case No. BA455469; *People v. Ronnie Case, Jeff Stevens and Leticia

19   Lemus Alvarez*, BA 455470 and *People v. Terry Luke*, BA455473.  Not only do the orders freeze bank

20   accounts and the transfer of real property of defendants, they erroneously appoint a receiver and apply

21   to accounts and properties that belong to innocent third parties, including California Pharmaceuticals

22   and Medconsult.

23

24

25   _____

26   [2] *People v. Uwaydah, et al.,* Case No. BA425397 is assigned to this Court, namely the Hon. Kathleen
     Kennedy, Judge of the Superior Court (Dept. 109).  Presumably as a result of a sleight of hand
27   maneuver perpetrated by the People, Judge Fidler issued orders in a case not pending before him.
     This procedural impropriety is discussed further below.
28                                                    -3-
     _____

1      Although this is not Judge Fidler's case, at the insistence of Assistant Head Deputy Dayan

2  Mathai and his colleagues, Judge Fidler signed orders circumventing this Court's authority over this

3  case.  In addition, the receivership orders violate the notice and hearing requirements of Penal Code

4  § 186.11 and are therefore unlawful and patently unconstitutional.  The deputy district attorneys are

5  using an unlawful self-help strategy in derogation of the due process rights of California

6  Pharmaceuticals, Medconsult and other similarly situated persons and entities.  The unlawful self-

7  help conduct persists in spite of immediate protestations by adversely affected claimants.  The deputy

8  district attorney's self-appointed receiver armed with the unlawful orders is *seizing* bank accounts

9  and interfering with Claimants' property rights.  This frontier justice meted out by a posse of vigilante,

10  deputy district attorneys must stop.

11      Medconsult owns the following real properties located in Los Angeles County: (i) 1316

12  Beverly Grove Pl., Beverly Hills, CA 90210-2123; (ii) 5509 Ocean Front Walk, Marina del Rey, CA

13  90292-7131; (iii) 34 Galleon St., Marina del Rey, CA 90292-5903; and (iv) 5007 Ocean Front Walk,

14  Marina del Rey, CA 90292-7103. In addition, Medconsult owns a commercial property in Ventura

15  County at 768 Calle Plano Drive, Camarillo, CA 93012-8555.   There is no credible evidence to

16  support the People's theory that the properties are under defendant Munir Uwaydah's control, as the

17  People appear to contend.  The overwhelming evidence demonstrates that Medconsult has owned the

18  properties long before there was any criminal investigation or proceeding involving Dr. Uwaydah.  In

19  fact, the orders appointing a receiver are entirely based on *secret ex parte* submissions to the Court—

20  only a small portion of which have been provided to the interested parties, let alone provided as a part

21  of the duly noticed motion required by section 186.11.  The unlawfully appointed receiver has already

22  aggressively interfered with ownership and possession of not just the properties but with bank

23  accounts of the affected parties.

24      In spite of the lack of any evidence, the receivership orders allow the receiver to take financial

25  and legal control over Medconsult's properties and even sell them if he chooses to do so.  The

26  receivership order issued in this case by Judge Fidler and the TROs are attached to the Shohet Decl.

27

28

- 4 -

JOINT EX PARTE APPLICATION OF THIRD-PARTY CLAIMANTS CALIFORNIA PHARMACEUTICALS, LLC
AND MEDCONSULT S.A.L. TO STAY ORDERS APPOINTING RECEIVER, etc.

1    as Exhibits 1, 2 and 3.  On February 8, 2021, pursuant to section 186.11, Medconsult filed a Verified

2    Claim with this Court to claim its ownership of the properties.

3         California Pharmaceuticals has approximately $43,000 on deposit with Wells Fargo Bank,

4    N.A. ("Wells Fargo") in account no. 620-3003949.  This account is identified in the "2nd Updated

5    Order to Show Cause Temporary Restraining Order-Bank Accounts (Penal Code § 186.11) Notice of

6    Pendency of Action Lis Pendens", filed January 28, 2021 ("2nd Updated TRO"), a copy of which is

7    attached as Exhibit 3 to the Shohet Decl.  The account was not identified in the earlier TROs issued

8    in this case.  Instead, Wells Fargo refused to turn over the funds because defendant Terry Luke was

9    once a signatory on the account.   It did so out of a purported concern that releasing the funds to

10   California Pharmaceuticals might violate the restraining orders issued in this case.

11        There is no evidence that the funds in the account belong to Mr. Luke or any other defendant

12   in this or the other cases identified above.  Notably, the recently issued restraining order in Mr. Luke's

13   case does **not** identify the account as belonging to or under the control of Mr. Luke.  See "1st Updated

14   Order to Show Cause Temporary Restraining Order-Bank Accounts (Penal Code § 186.11) Notice of

15   Pendency of Action Lis Pendens", filed on January 28, 2021 in *People v. Terry Luke*, BA455473.  (A

16   copy is attached as Exhibit 4 to the Shohet Decl.)   Because California Pharmaceuticals is being denied

17   access to its funds, it sued Wells Fargo in a civil lawsuit for violation of its rights as a depositor.  See

18   *California Pharmaceuticals, LLC v. Wells Fargo Bank, N.A.* Ventura County Sup. Ct. Case No.: 56-

19   2020-00543686-CU-BC-VTA.   On February 10, 2021, pursuant to section 186.11, California

20   Pharmaceuticals filed a Verified Claim with the Court to claim ownership of the funds in the bank

21   account.

22        For the reasons set forth below, California Pharmaceuticals and Medconsult respectfully

23   request that the Court stay the receivership order and schedule a hearing within a reasonable time

24   based on the Court's calendar. The receivership order is basically a temporary restraining order

25   without a return date on a permanent injunction, without evidence supporting it being disclosed to the

26   affected parties and, more importantly, without any conviction or evidence supporting the notion that

27   the properties are subject to waste or are in the control of anyone accused of a crime.

28

JOINT EX PARTE APPLICATION OF THIRD-PARTY CLAIMANTS CALIFORNIA PHARMACEUTICALS, LLC
AND MEDCONSULT S.A.L. TO STAY ORDERS APPOINTING RECEIVER, etc.

II.     **THE RECEIVERSHIP ORDER SHOULD BE STAYED BECAUSE IT IS PROCEDURALLY IMPROPER**

A.     The Orders Were Issued by a Judge Who Is Not Assigned to this Case

In 2015, the People brought *People v. Uwaydah, et al.,* Case No. BA425397, by way of indictment, and the case was assigned to Judge Kennedy for all purposes. Through complex litigation over the course of 2016, this Court dismissed nearly 100 counts of the indictment based on findings that the People's grand jury presentation was grossly deficient and the People's legal theories fatally flawed. Meanwhile, evidence also came to light that the People had violated the attorney-client privilege through their searches and seizure of least 25,000 known privileged documents. After months of delayed discovery and evasion by the People, the Court ordered an evidentiary hearing in early 2017 to address the privilege invasion issue. Rather than face the evidentiary hearing and the likelihood of losing their remaining claims, the People moved to dismiss the indictment as to all defendants who had appeared (all defendants except Munir Uwaydah and Wendee Luke). The People falsely explained to this Court that they needed to dismiss the indictment and re-file complaints because they were "within days, if not hours" of the running of the statute of limitations. Evidencing that their explanation was a lie and their maneuver was actually an obvious ploy to get the case away from this Court, the People then re-filed complaints as to remaining defendants in which not a single count was on the brink of a statute of limitations, and they immediately filed a challenge to Judge Kennedy pursuant to Code Civ. Proc. § 170.6. The new cases (now split into three) were transferred to Judge Fidler. The case against Defendants Uwaydah and Wendee Luke (No. BA425397), who had never appeared and never had the charges dismissed, remains pending before this Court.

*Uwaydah*, i.e., this case, is a direct calendar case and was assigned to Judge Kennedy for all purposes. See L.R. 2.5(d)(1)(A) ("Cases assigned to the complex criminal litigation ("9th floor") courts are direct calendar cases to which the all-purpose assignment rule of section 170.6 applies."). An all-purpose assignment means what it says. Local Rule 8.1(b) provides:

- 6 -

1    The Supervising Judge may designate certain criminal courts in the Central District to

2         be direct calendar courts.  Judges in those courts shall handle all cases assigned to

3         them for *all purposes.*

4    (*Ibid.* [emphasis added].)  Accordingly, the People should have filed their ex parte petition with this

5    Court, not Judge Fidler, and it was this Court, not Judge Fidler, who should have considered it.

6         While Penal Code § 186.11 allows for any judge of the criminal division to issue temporary

7    restraining orders, that provision only applies *pre-indictment*.[3]  The statute is clear that "[a]t the time

8    of the filing of an information or indictment in the underlying criminal case, any subsequent hearing

9    on the petition shall be heard by the superior court judge assigned to the underlying criminal case."

10   Pen. Code § 186.11(d)(7).  Here, the People filed an indictment years ago, and *Uwaydah* was assigned

11   to this Court for all purposes.  This Court should have considered any ex parte petition.

12        That the People submitted the petition to Judge Fidler, knowing full well that this Court is still

13   assigned to this case, smacks of the same forum-shopping that the People engaged in back in 2017

14   when they dismissed and re-filed charges in order to get a new judge.  They are repeating the same

15   shenanigans and compromised Judge Fidler's impartiality by doing so.  The Orders in *People v.*

16   *Uwaydah* are invalid as the wrong jurist unassigned to the case filed them.  The Court should vacate

17   these Orders on this basis alone.

18        B.    The Orders Appointing a Receiver Were Improperly Issued Ex Parte

19        Although Penal Code § 186.11(f)(1) allows for a temporary restraining order to be entered ex

20   parte, it does not allow the extraordinary measure of the appointment of a receiver to be made ex

21   parte.  Instead, the statute specifically provides, "No preliminary injunction may be granted *or*

22   *receiver appointed* by the court without notice that meets the requirements of paragraph (3) of

23   subdivision (d) to all known and reasonably ascertainable interested parties and upon a hearing to

24   determine that an order is necessary to preserve the property pending the outcome of the criminal

25

26   ─────────────────────

27   [3] Nothing in the statute allows a different judge from the judge assigned to the underlying criminal

28   case to appoint a receiver.

- 7 -

JOINT EX PARTE APPLICATION OF THIRD-PARTY CLAIMANTS CALIFORNIA PHARMACEUTICALS, LLC
AND MEDCONSULT S.A.L. TO STAY ORDERS APPOINTING RECEIVER, etc.

1   proceedings." Pen. Code § 186.11(f)(1) (emphasis added).  In order to issue a preliminary injunction,

2   the trial court must find that "the prosecution is likely to prevail on the merits and the risk of the

3   dissipation of assets outweighs the potential harm to the defendants and the interested parties ...." (§

4   186.11, subd. (g) (3); *People v. Green* (2004) 125 Cal.App.4th 360, 370 ["No petition, no preliminary

5   injunction; no preliminary injunction, no levy."].)

6          The People's conduct is in direct violation of section 186.11(f)(1) and due process, which

7   requires both notice and a hearing before a court considers appointing a receiver.  (See, e.g., *People*

8   *v. Green*, 125 Cal.App.4th at 370-372 [section 186.11 does not permit levy on assets of an accused

9   *prior* to conviction and does not authorize a preliminary injunction or receivership without notice and

10  opportunity to be heard];  *Baker v. Wadsworth* (1970) 6 Cal.App.3d 253, 264 ["The fundamental due

11  process requirements of a fair and impartial hearing are reasonable notice and a reasonable

12  opportunity to be heard."].)  Indeed, among the most fundamental rights a litigant has is a decision

13  by an impartial judge or jury after notice and opportunity to be heard.  (*Bennett v. Bodily* (1989) 211

14  Cal.App.3d 133, 141 ["[D]ue process requires notice (*Lambert v. California* (1958) 355 U.S. 225,

15  231, 78 S.Ct. 240, 244, 2 L.Ed.2d 228) and opportunity for hearing (*Parratt v. Taylor* (1981) 451

16  U.S. 527, 540, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420) before an impartial tribunal (*Marshall v.*

17  *Jerrico, Inc.* (1980) 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182)."] [footnote omitted].)

18         On the basis of the patent violation of Claimants' due process rights as well, the Court should

19  rescind the receivership order.

20  **III.    THE COURT SHOULD ORDER THE PEOPLE TO DISCLOSE THE BASIS FOR
         THEIR PETITIONS AND THE MATERIALS SUBMITTED IN SUPPORT OF THEIR**

21       **PETITIONS FORTHWITH**

22         The People filed a memorandum and various documents in support of the ex parte petitions

23  for the TROs and receivership orders.[4]  To date, Claimants have been served with minimal

24

25  _____

26  [4] The People filed, but did not serve, a Memorandum of Points and Authorities, Affidavits of D.A.
    Investigator Sgt. Tim McCrillis, a Declaration of Deputy District Attorney Karen Nishita, the Factual

27  Statements of defendants Paul Turley, Marisa Schermbeck Nelson and alleged co-conspirator
    Shannon Moore Devane (misidentified as Shannon Devane Moore), and an unknown number of

28  exhibits, some of which are referred to in the receivership orders.

                                           - 8 -

documentation presented by the People in support of the ex parte petitions. Claimants understand that defense counsel in the cases have likewise been unsuccessful in obtaining the foregoing ex parte filings from Mr. Mathai and his colleagues. Given the People's effort to conceal the purported factual basis for the TROs and receivership orders, Claimants are unfairly handicapped and not in a position to fully respond to the People's submission.

Accordingly, Claimants request that the Court order the People to provide a clear statement as to confirm which defendant allegedly owns or controls the real properties and bank account at issue and disclose all supporting documentation to counsel for Claimants forthwith. The People do not get to hide the ball as it is their burden to establish the constitutional and statutory basis for interfering with Claimants' property rights.

IV.     **CONCLUSION**

For all of the foregoing reasons and authorities, Claimants respectfully request that the Court stay the order appointing a receiver erroneously issued in this case by Judge Fidler, and schedule a hearing in the near future to consider the ownership issues, and further order that the People disclose all materials submitted in support of their ex parte petitions forthwith.

**LAW OFFICES OF GEORGE A. SHOHET**
**A PROFESSIONAL CORPORATION**

Dated: February 17, 2021          By: _____
                                       George A. Shohet
                                       Attorney for Third-Party Claimant
                                       California Pharmaceuticals, LLC
                                       formerly Fusion Pharmaceuticals, LLC

**DAVID M. BROWNE**
**ATTORNEY AT LAW**

Dated: February 17, 2021          By: _____
                                       David M. Browne
                                       Attorneys for Claimant
                                       Medconsult S.A.L.

- 9 -

JOINT EX PARTE APPLICATION OF THIRD-PARTY CLAIMANTS CALIFORNIA PHARMACEUTICALS, LLC
AND MEDCONSULT S.A.L. TO STAY ORDERS APPOINTING RECEIVER, etc.

## DECLARATION OF GEORGE A. SHOHET

I, George A. Shohet, declare:

1.      I am attorney licensed to practice law in State of California and represent Third Party Claimant California Pharmaceuticals, LLC in these proceedings.  I make this Declaration in support of the accompanying Joint Ex Parte Application of Third-Party Claimants California Pharmaceuticals, LLC and Medconsult S.A.L. to Stay Orders Appointing Receiver and Setting a Hearing.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently about them.

2.      On February 17, 2021, at approximately 9:45 AM, I telephoned Dayan Mathai, Assistant Head Deputy, to provide notice of this Joint Ex Parte Application.  I then emailed Mr. Mathai and Deputy District Attorneys Kennes Ma, Catherine Chon and Karen Nishita copies of the ex parte papers and a brief explanation of the purpose of this application.  I will have the ex parte application fax filed with the Court.  Given the positions the People have taken, I expect the People to oppose this application.  No prior application has been made for the specific relief requested by this application.

3.      Attached hereto are true and correct copies of the following documents:

Exhibit 1:  Order for Temproary (sic) Restraining Order to Preserve and Protect Property and Assets Appointment of Receiver, filed in this case on January 28, 2021;

Exhibit 2:  1st Updated Order to Show Cause Temporary Restraining Order-Real Estate (Penal Code § 186.11) Notice of Pendency of Action Lis Pendens (CCP § 405.20)", filed in this case on January 28, 2021;

Exhibit 3:  2nd Updated Order to Show Cause Temporary Restraining Order-Bank Accounts (Penal Code § 186.11) Notice of Pendency of Action Lis Pendens", filed in this case on January 28, 2021; and

Exhibit 4:  1st Updated Order to Show Cause Temporary Restraining Order-Bank Accounts (Penal Code § 186.11) Notice of Pendency of Action Lis Pendens", filed on January 28, 2021 in *People v. Terry Luke*, Case No. BA455473.

-1-

DECLARATION OF GEORGE A. SHOHET

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 17th day of February 2021, at Los Angeles, California.

_George Shohet_

_____

George A. Shohet

- 2-

MOTION TO CONTINUE AND WAIVE CONTINUOUS PRELIMINARY HEARING, etc.

**Karen Nishita**

| | |
|---|---|
| **From:** | George Shohet <georgeshohet@gmail.com> |
| **Sent:** | Wednesday, February 17, 2021 3:58 PM |
| **To:** | Dayan Mathai |
| **Cc:** | dmbrownelaw@gmail.com; Karen Nishita; Kennes Ma; Catherine Chon |
| **Subject:** | Withdrawal of Joint Ex Parte - People v. Uwaydah, et al., Case No. BA425397 (Feb. 18, 2021, 8:30 AM in Dept.109) |

Dear Counsel,

Please be advised that third party claimants Medconsult S.A.L. and California Pharmaceuticals, LLC are hereby withdrawing the Joint Ex Parte noticed for tomorrow February 18, 2021 at 8:30 AM in Department 109.

Regards,

George A. Shohet
Attorney for Third Party Claimant California Pharmaceuticals, LLC

Law Offices of George A. Shohet
A Professional Corp.
269 S. Beverly Drive, Suite 1800
Beverly Hills, CA 90212
Tel.: (310) 452-3176
Cell: (310) 717-0426
Fax: (310) 452-2270
E-mail: georgeshohet@gmail.com

CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.   If the reader of this transmission is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the Law Offices of George A. Shohet immediately by telephone at (310) 452-3176 and delete this message from your system. Thank you.

On Wed, Feb 17, 2021 at 9:55 AM George Shohet <georgeshohet@gmail.com> wrote:
Dear Counsel,

Please take notice of the the following Joint Ex Parte Application set for February 18, 2021, at 8:30 AM in Dept. 109.  Attached please find a copy of:

JOINT EX PARTE APPLICATION OF THIRD-PARTY CLAIMANTS CALIFORNIA PHARMACEUTICALS, LLC AND MEDCONSULT S.A.L. TO STAY ORDERS APPOINTING RECEIVER AND SETTING HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GEORGE A. SHOHET

As stated in the Joint Application, the Claimants are seeking a stay of the receivership orders, a hearing in the near future to consider the property ownership issues, and an order requiring the People to disclose all materials submitted in support of their ex parte petitions.

1

Regards,

George A. Shohet
Attorney for Third Party Claimant California Pharmaceuticals, LLC

Law Offices of George A. Shohet
A Professional Corp.
269 S. Beverly Drive, Suite 1800
Beverly Hills, CA 90212
Tel.: (310) 452-3176
Cell: (310) 717-0426
Fax: (310) 452-2270
E-mail: georgeshohet@gmail.com

CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.   If the reader of this transmission is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the Law Offices of George A. Shohet immediately by telephone at (310) 452-3176 and delete this message from your system. Thank you.

## Karen Nishita

| | |
|---|---|
| **From:** | Karen Nishita |
| **Sent:** | Monday, November 28, 2022 10:03 PM |
| **To:** | Dayan Mathai |
| **Subject:** | Fw: Verified Claims - Writ Relief |
| **Attachments:** | image001.png |

**From:** George Shohet <georgeshohet@gmail.com>
**Sent:** Tuesday, March 2, 2021 3:15 PM
**To:** Kennes Ma <kma@da.lacounty.gov>
**Cc:** Winston Kevin McKesson <winstonkevinmckesson0331@gmail.com>; Vicki Podberesky <vpod@nhpklaw.com>; Vicki Podberesky (vpod@aplaw.law) <vpod@aplaw.law>; Jennifer Lieser <Lieser@kaplanmarino.com>; Nina Marino <Marino@kaplanmarino.com>; William "Bill" Fleming <wfleming@rmosslaw.com>; Mark Kassabian <mkassabian@buehlerkassabian.com>; David Browne <dmbrownelaw@gmail.com>; Jon Powell <jon@spertuslaw.com>; Lou Shapiro <Lou@loushapiro.com>; Sam Josephs <sam@spertuslaw.com>; Gary Jay Kaufman <gary@kaufmanlawgroupla.com>; Dayan Mathai <DMathai@da.lacounty.gov>; Karen Nishita <KNishita@da.lacounty.gov>; Catherine Chon <cchon@da.lacounty.gov>
**Subject:** Re: Verified Claims - Writ Relief

Kennes,

As I mentioned today, there will be a writ filed promptly related to the Court's orders striking the peremptory challenges (CCP sec. 170.6), appointing the receiver and issuing the preliminary injunctions, as they were called. It seems premature to set any hearing for that reason. As I am sure you can appreciate, the 170.6 issue must be decided before we proceed.

Regards,

George Shohet, Esq.
Cell: (310) 717-0426
Fax: (310) 452-2270
georgeshohet@gmail.com
269 S. Beverly Drive, Ste. 1800
Beverly Hills, CA 90212

On Tue, Mar 2, 2021, 1:46 PM Kennes Ma <kma@da.lacounty.gov> wrote:
Dear Counsels,

I wanted to reach out to each of you to let you know that we have received the "VERIFIED CLAIMS," and wanted to find out if:

1. You would like to set up a date to litigate the 186.11 freeze?

   a. If so, can we pick a date that would be convenient for all parties? OR:

2. Would you each prefer to finish up the Evidentiary Hearing and/or Prelim b4 litigating the verified claims?

Because of the number of parties, we'd prefer to have 1 hearing on the verified claims but if necessary we can split into two groups – OR – we can litigate the other matters and keep the case in its present status as a TRO.  We will again stipulate that the People WILL NOT make any requests for anything to occur with the properties or accounts and keep them in freeze status.  (Which means the receiver cannot do any business without approval by the court) (People have also requested that the Receiver NOT conduct any business until there is a hearing on the verified claims).

I'd note, the last time we litigated this issue, we put over the 186.11 litigation so that the defense could prioritize the demurrers and evidentiary hearing.  However, that was under the lead of Counsel Gluck.  Either way please get back to us.

Thank you.

Kennes Ma



Kennes Ma, Deputy District Attorney
Organized Crime Division
*Los Angeles County District Attorney*
211 W. Temple St., 11th Floor
Los Angeles, CA  90012
(213) 257-2385

1  George A. Shohet, SBN 112697
   **LAW OFFICES OF GEORGE A. SHOHET**
2  **A PROFESSIONAL CORPORATION**
   269 S. Beverly Drive, Suite 1800
3  Beverly Hills, CA  90212
   Tel.: (310) 452-3176; Fax: (310) 452-2270
4  Email: georgeshohet@gmail.com

5
   Attorney for Third-Party Claimant
6  Medconsult S.A.L.

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10            **CLARA SHORTRIDGE FOLTZ CRIMINAL JUSTICE CENTER**

11
   THE PEOPLE OF THE STATE OF             Case No. BA425397, BA455469, BA455470
12 CALIFORNIA,

13                    Plaintiff,           **NOTICE OF THIRD-PARTY CLAIMANT**
                                           **MEDCONSULT S.A.L.'S OBJECTION TO**
14         v.                              **COURT-APPOINTED RECEIVER AND**
                                           **REQUEST FOR A HEARING UNDER**
15 MUNIR UWAYDAH, et al,                   **PENAL CODE 186.11**
   PAUL TURLEY, et al.,
16 LETICIA LEMUS, et al.

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF THIRD-PARTY CLAIMANT MEDCONSULT S.A.L'S OBJECTION TO COURT-APPOINTED RECEIVER AND
REQUEST FOR A HEARING UNDER PENAL CODE 186.11

**TO THE COURT, PLAINTIFF, INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that third-party claimant Medconsult S.A.L. ("Medconsult"), a Lebanese joint stock corporation objects to the Court's appointment of James Skorheim as the Receiver in the above-captioned matters as a violation of due process and the statutory requirements of Penal Code section 186.11. Connemara Holdings, Inc. ("Connemara"), a Nevada corporation, owns the real property located at 5509 Ocean Front Walk, Marina del Rey, California 90292 (the "Subject Property"). Connemara is wholly owned by Medconsult. The Subject Property is being wrongfully encumbered by temporary restraining orders and recorded lis pendens obtained on an ex parte basis by the Los Angeles County District Attorney's Office. The Subject Property is now under the ostensible control of the Receiver even though the Receiver was improperly appointed.

Pursuant to the Constitutions of the United States and California  and section 186.11, Medconsult respectfully requests that: (i) a preliminary injunction hearing be held as required by the statute and that the Receiver cease any and all activities pending the completion of such a hearing; (ii) all other interested persons and entities receive notice of the hearing sufficiently in advance thereof to allow them to meaningfully participate; and (iii) the Court allow Medconsult a full and fair opportunity to present its evidence that the Subject Property is not owned by Dr. Paul Turley, a defendant in these proceedings, as the  hearsay affidavit of a DA investigator claims, may not be used for restitution and that all encumbrances placed on the property by the People be removed.

Medconsult's Objection and Request for a Hearing is based on: (1) this Notice; (2) the attached Memorandum of Points and Authorities; (3) all matters of which this Court may take judicial notice; (4) the Court's file in this matter; and (5) on such other matters as may be presented to the Court at, or prior to, the preliminary injunction hearing.

DATED: December 1, 2023

LAW OFFICES OF GEORGE A. SHOHET
A PROFESSIONAL CORPORATION

By: _George Shohet_ _____

George A. Shohet
Attorney for Third-Party Claimant
Medconsult S.A.L.

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

In October 2010, defendant Paul Turley ("Turley") conveyed title to the Subject Property to Connemara, which he owned at the time, and then transferred all of his shares in Connemara to Medconsult. Turley held the Subject Property for his former business partner defendant Munir Uwaydah for reasons unrelated to anything having to do with the criminal proceedings. Uwaydah authorized Turley to transfer the Subject Property so that he could repay a portion of a debt he owed to Medconsult. There is overwhelming evidence to demonstrate that the debt was incurred years before and that Medconsult is a bona fide purchaser. By contrast, there is no admissible evidence to show that either Medconsult or Connemara is owned or controlled by Turley. Over the past eight years, Medconsult, on behalf of itself and Connemara, filed verified claims seeking the return of the Subject Property. See, e.g., Third-Party Medconsult S.A.L.'s Verified Claim and Request for Hearing, filed February 8, 2021. Even though the United States and California Constitutions and Penal Code section 186.11 require a hearing before real property may be seized, no hearing was held. The Court can and should remedy this injustice promptly.

The original indictment, Case No. BA425397, was filed against Turley, Uwaydah and others, on February 25, 2015. This is years *after* the transfer and sale of the Subject Property to Connemara and Medconsult. The first temporary restraining order ("TRO") directed at the Subject Property was issued on or about September 15, 2015. It was based on a hearsay affidavit of a DA investigator and issued on an ex parte basis. The affidavit claims that the Subject Property is owned or controlled by Turley. The TRO continues to encumber the Subject Property. After the People dismissed the case, they refiled it in 2017 albeit with additional case numbers, Case Nos. BA455469, BA455470, and BA455473. On or about March 24, 2017, they obtained identical TROs in the cases on an ex parte basis premised substantively on the same allegations as the 2015 hearsay affidavit. The 2017 TROs continue to encumber the Subject Property.

NOTICE OF THIRD-PARTY CLAIMANT MEDCONSULT S.A.L.'S OBJECTION TO COURT-APPOINTED RECEIVER AND REQUEST FOR A HEARING UNDER PENAL CODE 186.11

1   On January 28, 2021, the People sought ex parte relief by submitting more TROs in all four

2   of the then-pending cases, namely Case Nos. BA455397, BA455469, BA455470, and BA455473.[1]

3   The identical filings showed no regard for the affected parties or any respect for their distinct factual

4   circumstances.  This time the orders included the appointment of a Receiver even though section

5   186.11 requires notice and hearing before a Receiver may be appointed.  Penal Code §186.11(f)(1).[2]

6   The Subject Property is currently under the ostensible control of the Receiver. As discussed

7   below, section 186.11 requires a hearing before the Subject Property may continue to be held.  In

8   addition, the Receiver has no right to take actions against the Subject Property without being legally

9   appointed after proper notice and a hearing.  Having a Receiver appointed many years after the

10  original indictments is unnecessary.   The Court must hold a hearing promptly where the deprivation

11  of the Subject Property is considered.

12  **II.    SECTION 186.11 PROTECTS UNLAWFUL SEIZURES AND SALES OF PROPERTY**

13  Penal Code § 186.11 is known as the "Freeze and Seize Law," and is aimed primarily at

14  preventing defendants from disposing of assets so as to avoid paying court-ordered victim restitution

15  in certain white-collar crime cases.  *People v. Semaan* (2007) 42 Cal.4th 79, 82.  Section § 186.11 by

16  its terms only applies in cases where a person has been charged with certain white-collar crimes and

17  only applies to:

18  "[A]ny asset or property that is in the control of that person, and any asset or property

19  that has been transferred by that person to a third party, subsequent to the commission

20  of any criminal act alleged pursuant to subdivision (a), other than in a bona fide

21  purchase, whether found within or outside the state…." Penal Code § 186.11(d)(1).

22

23  [1] The filing occurred after Turley pled to certain charges and four other defendants had been or were

24  about to be dismissed.

25  [2] This issue was brought to the Court's attention in February 2021. The People contended that they

26  were authorized to obtain the TROs after Medconsult objected and sought to vacate the orders.  The
    Court did not schedule a hearing due to preemptory challenges under Code Civ. Proc. § 170.6 by

27  certain defendants and third parties, including Medconsult. Most of the real properties that were
    restrained at that time have since been released.  Recent efforts by the receiver to prepare the Subject

28  Property for sale prompted this renewed effort to obtain the statutorily-required hearing.

- 3 -

NOTICE OF THIRD-PARTY CLAIMANT MEDCONSULT S.A.L.'S OBJECTION TO COURT-APPOINTED RECEIVER AND
REQUEST FOR A HEARING UNDER PENAL CODE 186.11

1      Here, the People allege that Turley owns or controls the Subject Property. Medconsult and

2  Connemara must be allowed the opportunity to demonstrate that this allegation is false.  Before the

3  Subject Property can be sold, the People must prove their allegation at a properly noticed evidentiary

4  hearing.   Anything less than that is a violation of the constitutional rights of Medconsult and

5  Connemara and improper under section 186.11.

6  **A.**     **A Hearing Is Required**

7      Section 186.11 reads in pertinent part:

8      "(d)(1) If a person is alleged to have committed two or more felonies, as specified in

9  subdivision (a), and the aggravated white collar crime enhancement is also charged, or a person is

10  charged in an accusatory pleading with a felony, a material element of which is fraud or

11  embezzlement, that involves the taking or loss of more than one hundred thousand dollars ($100,000),

12  and an allegation as to the existence of those facts, any asset or property that is in the control of that

13  person, and any asset or property that has been transferred by that person to a third party, subsequent

14  to the commission of any criminal act alleged pursuant to subdivision (a), other than in a bona fide

15  purchase, whether found within or outside the state, may be preserved by the superior court in order

16  to pay restitution and fines."  Penal Code § 186.11(d)(1).

17      That statute further provides:

18      "To prevent dissipation or secreting of assets or property, the prosecuting agency may, at the

19  same time as or subsequent to the filing of a complaint or indictment charging two or more felonies,

20  as specified in subdivision (a), and the enhancement specified in subdivision (a), or a felony, a

21  material element of which is fraud or embezzlement, that involves the taking or loss of more than one

22  hundred thousand dollars ($100,000), and an allegation as to the existence of those facts, file a petition

23  with the criminal division of the superior court of the county in which the accusatory pleading was

24  filed, seeking a temporary restraining order, preliminary injunction, the appointment of a receiver, or

25  any other protective relief necessary to preserve the property or assets.   This petition shall commence

26  a proceeding that shall be pendent to the criminal proceeding and maintained solely to affect the

27  criminal remedies provided for in this section." Penal Code § 186.11(d)(2).

28

NOTICE OF THIRD-PARTY CLAIMANT MEDCONSULT S.A.L.'S OBJECTION TO COURT-APPOINTED RECEIVER AND
REQUEST FOR A HEARING UNDER PENAL CODE 186.11

1    Section 186.11(d)(3), however, additionally provides that, "[a] notice regarding the petition

2  shall be provided, by personal service or registered mail, to every person who may have an interest

3  in the property specified in the petition." Penal Code § 186.11(d)(3).  Subdivision (d)(6) states that,

4  "[a]ny person claiming an interest in the protected property may, at any time within 30 days from the

5  date of the first publication of the notice of the petition, or within 30 days after receipt of actual notice,

6  file with the superior court of the county in which the action is pending a verified claim stating the

7  nature and amount of his or her interest in the property or assets." Penal Code § 186.11(d)(6).

8    Finally, subdivision (f)(1) expressly states that "*no preliminary injunction may be granted or*

9  *receiver appointed by the court*" without the notice required by subdivision (d)(3), and subdivision

10  (f)(2) further specifies that, "[t]he defendant, or a person who has filed a verified claim as provided

11  in paragraph (6) of subdivision (d), *shall have the right to have the court conduct an order to show*

12  *cause hearing within 10 days of the service of the request for hearing upon the prosecuting agency,*

13  *in order to determine whether the temporary restraining order should remain in effect,*" or whether

14  relief should be granted.  Penal Code § 186.11(f)(1)-(2) (emphasis added).

15  **B.    A Receiver Cannot Be Appointed Ex Parte**

16    Although Penal Code § 186.11(f)(1) allows for a temporary restraining order to be entered ex

17  parte, it does not allow the extraordinary measure of the appointment of a receiver to be made ex

18  parte.  Instead, the statute specifically provides, "*No preliminary injunction may be granted or*

19  *receiver appointed by the court without notice that meets the requirements of paragraph (3) of*

20  *subdivision (d) to all known and reasonably ascertainable interested parties and upon a hearing to*

21  *determine that an order is necessary to preserve the property pending the outcome of the criminal*

22  *proceedings*." Pen. Code § 186.11(f)(1) (emphasis added).  In order to issue a preliminary injunction,

23  the trial court must find that "the prosecution is likely to prevail on the merits and the risk of the

24  dissipation of assets outweighs the potential harm to the defendants and the interested parties ...." §

25  186.11, subd. (g)(3).  The People's conduct is in direct violation of section 186.11(f)(1) and due

26  process, which requires both notice and a hearing before a court considers appointing a receiver. See,

27  e.g., *People v. Green* (2004) 125 Cal.App.4th 360, 370 ("No petition, no preliminary injunction; no

28

NOTICE OF THIRD-PARTY CLAIMANT MEDCONSULT S.A.L.'S OBJECTION TO COURT-APPOINTED RECEIVER AND
REQUEST FOR A HEARING UNDER PENAL CODE 186.11

1  preliminary injunction, no levy."); *Baker v. Wadsworth* (1970) 6 Cal.App.3d 253, 264 ("The

2  fundamental due process requirements of a fair and impartial hearing are reasonable notice and a

3  reasonable opportunity to be heard."). Indeed, among the most fundamental rights a litigant has is a

4  decision by an impartial judge or jury after notice and opportunity to be heard. *Bennett v. Bodily*

5  (1989) 211 Cal.App.3d 133, 141 ("[D]ue process requires notice and opportunity for hearing before

6  an impartial tribunal." (citations and footnote omitted)).

7    Given the facial invalidity of the § 186.11 2021 TROs appointing the Receiver, the Receiver

8  should be ordered to cease any activity with respect to the Subject Property until proper notice to

9  interested parties is provided and a hearing is held on the validity of the TROs.

10  **III.**   **CONCLUSION**

11    For all of the foregoing reasons, Medconsult respectfully requests that: (i) a preliminary

12  injunction hearing be held as required by the statute and that the Receiver cease any and all activities

13  pending the completion of such a hearing; (ii) all other interested persons and entities receive notice

14  of the hearing sufficiently in advance thereof to allow them to meaningfully participate; and (iii) the

15  Court allow Medconsult a full and fair opportunity to present evidence that the Subject Property is

16  not owned by Turley, as the hearsay affidavit of a DA investigator claims, and may not be used for

17  restitution and that (iv) all encumbrances the People placed on the Subject Property be removed.

18  DATED: December 1, 2023     **LAW OFFICES OF GEORGE A. SHOHET**
            **A PROFESSIONAL CORPORATION**

19

20

21        By: _____

22          George A. Shohet
        Attorney for Third-Party Claimant

23          Medconsult S.A.L.

24

25

26

27

28

NOTICE OF THIRD-PARTY CLAIMANT MEDCONSULT S.A.L.'S OBJECTION TO COURT-APPOINTED RECEIVER AND
REQUEST FOR A HEARING UNDER PENAL CODE 186.11

1

2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 269 S. Beverly Drive, Ste. 1800, Beverly Hills, CA 90212.  On December 1, 2023, I served the following documents described as:

5

6

**NOTICE OF THIRD-PARTY CLAIMANT MEDCONSULT S.A.L.'S OBJECTION TO COURT-APPOINTED RECEIVER AND REQUEST FOR A HEARING UNDER PENAL CODE 186.11,**

7

on interested parties in this action by electronic mail to the following addresses:

8

9

George Gascon
District Attorney of the County of Los Angeles

10

Dayan Mathai (DMathai@da.lacounty.gov)
Assistant Head Deputy

11

Karen Nishita (KNishita@da.lacounty.gov)
Deputy District Attorney

12

211 W. Temple St.
Los Angeles, CA 90012

13

Tel.: (213) 257-2385

14

James M. Skorheim (jim.skorheim@skorheim.com)

15

Skorheim & Associates AAC
25301 Cabot Road, Suite 210

16

Laguna Hills, CA 92653
Tel.: (949) 365-5680 or (949) 438-7430

17

18

Court-Appointed Receiver

19

Christian Contreras, Esq.
LAW OFFICES OF CHRISTIAN CONTRERAS

20

A PROFESSIONAL LAW CORPORATION
360 E. 2nd St., 8th Floor, Los Angeles, Ca 90012

21

Tel.: (323) 435-8000
Email: cc@Contreras-Law.com

22

23

Specially-Appearing Attorney for MDRCA Properties LLC

24

Medconsult S.A.L. (medconsult.office@gmail.com)

25

Adib Kassir (medconsult.office@gmail.com)

26

27

28

---

1

PROOF OF SERVICE

| | |
|---|---|
| 1 | Notre Dame Properties Ltd. Liability Company |
| | c/o George A. Shohet, Esq. (georgeshohet@gmail.com) |
| 2 | Agent for Service of Process |
| 3 | 269 S. Beverly Drive, Suite 1800 |
| | Beverly Hills CA 90212 |
| 4 | |
| | Donna Bullock Carrera (dbullocklaw@gmail.com) |
| 5 | Attorney at Law |
| | 800 W. 6th St., Ste. 1600 |
| 6 | Los Angeles, CA 90017 |
| 7 | (562) 726-0778 |
| 8 | Attorney for David M. Browne and George A. Shohet |
| 9 | David M. Browne, Esq. (dmbrownelaw@gmail.com) |
| | 21900 Burbank Blvd., Suite 112 |
| 10 | Woodland Hills, CA 91367 |
| 11 | Tel. (310) 200-0568 |
| 12 | George A. Shohet, Esq. (georgeshohet@gmail.com) |
| | LAW OFFICES OF GEORGE A. SHOHET, APC |
| 13 | 269 S. Beverly Drive, Suite 1800 |
| 14 | Beverly Hills CA 90212 |
| | Tel.: (310) 452-3176 or (310) 717-0426 |
| 15 | |
| 16 | Vanessa H. Widener (vhw@amclaw.com) |
| | Elmira R. Howard (erh@amclaw.com) |
| 17 | Jesse Yanco (jy@amclaw.com) |
| | ANDERSON, McPHARLIN & CONNERS LLP |
| 18 | 707 Wilshire Boulevard, Suite 4000 |
| 19 | Los Angeles, California 90017-3623 |
| | Tel.: (213) 688-0080 |
| 20 | Attorneys for Third-Party Claimant |
| | Jeffry Scapa |
| 21 | |
| 22 | Donald S. Gottesman, Esq. (dgottesman@kgswlaw.com) |
| | KULIK GOTTESMAN SEIGEL & WARE, LLP |
| 23 | Comerica Bank Building |
| | 15303 Ventura Boulevard, Suite 1400 |
| 24 | Sherman Oaks, California 91403 |
| | Tel.: (310) 557-9200 |
| 25 | |
| 26 | Attorneys for Third Party Claimants Nulane Entertainment LLC |
| 27 | David Kenner, Esq. (david@kennerlaw.com) |
| | KENNER LAW FIRM |
| 28 | 16633 Ventura Boulevard, Suite 1212 |

2

---

PROOF OF SERVICE

Encino, CA 91436
Tel.: (818) 208-0983 or (818) 200-3500

Attorneys for Third Party Claimants
Alvin Brown and Nulane Entertainment LLC
John M. Sorich (john.sorich@piblaw.com)
Mariel Gerlt-Ferraro (mariel.gerlt-ferraro@piblaw.com)
PARKER IBRAHIM & BERG LLP
695 Town Center Drive, 16th Floor
Costa Mesa, California 92626
Tel:  (714) 361-9550

Attorneys for Third-Party Claimant
JPMorgan Chase Bank, N.A.

Olivier J. Labarre, Esq. (olabarre@wrightlegal.net)
WRIGHT FINLAY & ZAK
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel.: (949) 610-7048

Attorney for Third Party Claimants
U.S. Bank, N.A.; SPS

Service was accomplished as follows:

☒    **(BY ELECTRONIC SERVICE)**:  I electronically served the foregoing document(s) on the persons listed above at the above-identified email addresses and did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(BY U.S. MAIL):**  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

MDRCA Properties LLC **(By U.S Mail)**
c/o Richard F. Farkas
Agent for Service of Process
15300 Ventura Blvd., Suite 504
Sherman Oaks CA 91403

PROOF OF SERVICE

Adel Yamout, CEO **(By U.S. Mail)**
MDRCA Properties LLC
5780 Av Decelles 401
Montreal PQ, Canada H3S 3C7

☒   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 1, 2023, at Los Angeles, California.

_George Shohet_

_____

George A. Shohet

---
4

PROOF OF SERVICE

1   George A. Shohet, Esq. (SBN 112697)
2   **LAW OFFICES OF GEORGE A. SHOHET**
    **A PROFESSIONAL CORPORATION**
3   269 S. Beverly Drive, Suite 1800
    Beverly Hills, CA 90212
4   Tel.: (310) 452-3176; Cell: (310) 717-0426
    Fax: (310) 452-2270
5   georgeshohet@gmail.com

6   Attorney for Third-Party Claimant
7   Medconsult, S.A.L.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 2 - 2024

David W. Slayton, Executive Officer/Clerk of Court

8
9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10          **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11  THE PEOPLE OF THE STATE OF              Case No. BA425397, BA455469, BA455470
    CALIFORNIA,
12                                          [Assigned to Hon. Larry P. Fidler,
                  Plaintiff,                Dept. 106]
13
14          v.                              **NOTICE OF WITHDRAWAL OF**
                                            **VERIFIED CLAIM OF THIRD-PARTY**
15  MUNIR UWAYDAH, et al,                   **CLAIMANT MEDCONSULT, S.A.L. AND**
    PAUL TURLEY, et al.,                    **WITHDRAWAL OF ITS REQUEST FOR**
16  LETICIA LEMUS, et al.,                  **A HEARING**

17                Defendants.

18                                          Hearing Dates: May 2 and 3, 2024
                                            Time: 10:00 AM
19                                          Dept.: 106

20
21
22
23
24
25
26
27
28

NOTICE OF WITHDRAWAL OF VERIFIED CLAIM OF THIRD-PARTY CLAIMANT MEDCONSULT, S.A.L.
AND WITHDRAWAL OF ITS REQUEST FOR A HEARING

1    **TO THE HONORABLE COURT, DISTRICT ATTORNEY FOR THE COUNTY**

2    **OF LOS ANGELES, AND ALL INTERESTED PARTIES**:

3        PLEASE TAKE NOTICE that third party claimant Medconsult, S.A.L. is hereby

4    withdrawing its Verified Claims, filed herein on February 8, 2021, in each of the above-captioned

5    cases. See also Notice of Third-Party Claimant Medconsult S.A.L.'s Objection to Court-

6    Appointed Receiver and Request for a Hearing Under Penal Code 186.1, filed December 1,

7    2023. In addition, Medconsult withdraws its request for a hearing on its Verified Claims. The

8    Court set the hearing to commence on May 2, 2024.

9        Medconsult is being denied due process. Medconsult was unable to have its

10   attorney adequately prepare and be present at the hearing because its attorney is sick with a

11   virus. The continued hearing on May 3, 2024, was scheduled after Medconsult's counsel was

12   advised by the Court that no hearing would occur on that date. On April 30, 2024, the Court

13   refused to continue the hearing even for a few days to accommodate Medconsult's attorney

14   insisting that the attorney attend despite the risk to other persons or participate through a low

15   audio quality speaker phone. This would not allow for meaningful participation by Medconsult's

16   counsel at the hearing.

17       Recently, the Court also denied Medconsult's request to have the proceedings remain open

18   so that a material witness from Beirut, Lebanon, could testify. In addition, another witness

19   Medconsult sought to call is away from Los Angeles this week.

20       Medconsult does not perceive that it will have a full and fair opportunity to present its

21   case. Consequently, it is withdrawing its Verified Claim and Request for a Hearing thereon.

22   Dated: May 1, 2024                    LAW OFFICES OF GEORGE A. SHOHET, APC

23                            By: _____

24                                George A. Shohet

                               Attorney for Attorney for

25                                Third-Party Claimant Medconsult, S.A.L.

26

27

28

NOTICE OF WITHDRAWAL OF VERIFIED CLAIM OF THIRD-PARTY CLAIMANT MEDCONSULT, S.A.L.
AND WITHDRAWAL OF ITS REQUEST FOR A HEARING

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 269 S. Beverly Drive, Ste. 1800, Beverly Hills, CA 90212. On May 1, 2024, I served the following documents described as:

**NOTICE OF WITHDRAWAL OF VERIFIED CLAIM OF THIRD-PARTY CLAIMANT MEDCONSULT, S.A.L. AND WITHDRAWAL OF ITS REQUEST FOR A HEARING,**

on interested parties in this action by electronic mail to the following addresses:

George Gascon
District Attorney of the County of Los Angeles
Dayan Mathai (DMathai@da.lacounty.gov)
Assistant Head Deputy
Karen Nishita (KNishita@da.lacounty.gov)
Deputy District Attorney
211 W. Temple St.
Los Angeles, CA 90012
Tel.: (213) 257-2385

James M. Skorheim (jim.skorheim@skorheim.com)
Skorheim & Associates AAC
25301 Cabot Road, Suite 210
Laguna Hills, CA 92653
Tel.: (949) 365-5680 or (949) 438-7430

Court-Appointed Receiver

Service was accomplished as follows:

☒ **(BY ELECTRONIC SERVICE):** I electronically served the foregoing document(s) on the persons listed above at the above-identified email addresses and did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1, 2024, at Los Angeles, California.

_____
George A. Shohet

1
PROOF OF SERVICE

# EXHIBIT 19

COPY

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

David M. Browne, Esq.
dmbrownelaw@gmail.com
21900 Burbank Blvd., Suite 112
Woodland Hills, CA 91367
Tel.: (310) 200-0568

STATE BAR NUMBER:
93576

ATTORNEY FOR (Name): Claimant MEDCONSULT S.A.L.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
210 W Temple St, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
THE PEOPLE OF THE STATE OF CALIFORNIA

DEFENDANT/RESPONDENT:
RONNIE CASE, JEFF STEVENS, and LETICIA LEMUS ALVAREZ

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 08 2021

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Wendy Watson

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

CASE NUMBER:
BA455470

BY FAX

| Name of Judicial Officer: (PRINT) | Dept. Number: |
|---|---|
| Hon. Larry Paul Fidler | 106 |
| ☑ Judge ☐ Commissioner ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

**DECLARATION**

I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.

Filed on behalf of: Medconsult S.A.L.
_____
Name of Party

Dated: February 8, 2021
_____

☐ Plaintiff/Petitioner        ☐ Cross Complainant
☐ Defendant/Respondent        ☐ Cross Defendant
☑ Other:    Claimant in P.C.§ 186.11 proceeding

_____
Signature of Declarant

David M. Browne
_____
Printed Name

LACIV 015 (Rev. 12-14)
LASC Approved 04-04
For Optional Use

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

PAE 0622

Document received by the CA 2nd District Court of Appeal.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 4500 Park Granada, Ste. 202, Calabasas, CA 91302. On February 8, 2021, I served the following documents described as:

**PREEMPTORY CHALLENGE TO JUDICIAL OFFICER (Code Civ. Proc., § 170.6),**

on interested parties in this action by electronic mail to the following addresses:

GEORGE GASCON
District Attorney of Los Angeles County
Dayan Mathai
Assistant Head Deputy
Kennes Ma
Catherine Chon
Karen Nishita
Deputy District Attorneys
211 W. Temple St.
Los Angeles, CA 90012

Service was accomplished as follows:

☐    **(BY U.S. MAIL):** I deposited such envelope in the mail at Beverly Hills, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Beverly Hills, California, in the ordinary course of such business.

☒    **(BY ELECTRONIC SERVICE):** I electronically served the foregoing document(s) on the persons listed above at the following email address: Dayan Mathai <DMathai@da.lacounty.gov>, Kennes Ma <KMa@da.lacounty.gov>, Catherine Chon <CChon@da.lacounty.gov>, Karen Nishita <KNishita@da.lacounty.gov>

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 8, 2021, at Calabasas, California.

_____
Becky S. James

Document received by the CA 2nd District Court of Appeal

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| David M. Browne, Esq.<br>dmbrownelaw@gmail.com<br>21900 Burbank Blvd., Suite 112<br>Woodland Hills, CA 91367<br>Tel.: (310) 200-0568 | 93576 | |

ATTORNEY FOR (Name): Claimant MEDCONSULT S.A.L.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
210 W Temple St, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
THE PEOPLE OF THE STATE OF CALIFORNIA

DEFENDANT/RESPONDENT:
MUNIR UWAYDAH

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER<br>BA425397 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Hon. Larry Paul Fidler | Dept. Number:<br><br>106 |
|---|---|
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Medconsult S.A.L.
                     Name of Party

☐ Plaintiff/Petitioner          ☐ Cross Complainant
☐ Defendant/Respondent          ☐ Cross Defendant
☑ Other:          See Attachment 1

Dated: February 22, 2021

Signature of Declarant

David M. Browne

Printed Name

# ATTACHMENT 1

Third party claimant Medconsult S.A.L. ("Medconsult") respectfully submits this preemptory challenge to the Hon. Larry P. Fidler, Judge of the Superior Court, participating in any proceedings related to Medconsult's Verified Claim and the orders issued under Penal Code § 186.11.

On January 28, 2021, pursuant to the People's ex parte petition and without prior notice to Medconsult, the defendants and other interested parties, the People obtained a series of identical "Receivership Orders" from Judge Fidler in the following four cases: *People v. Munir Uwaydah and Wendee Luke.*, Case No. BA425397; *People v. Paul Turley, Maria Turley, Peter Nelson, Marissa Schermbeck Nelson, Kelly Park and Tatiana Arnold*, Case No. BA455469; *People v. Ronnie Case, Jeff Stevens and Leticia Lemus Alvarez*, BA 455470 and *People v. Terry Luke*, BA455473. The Court also filed temporary restraining orders ("TROs") in all four cases. All of the Receivership Orders and the TROs in *Turley* (BA455469) and *Uwaydah* (BA425397) include five Southern California real properties owned by Medconsult.[1]

Medconsult owns the following real properties located in Los Angeles County: (i) 1316 Beverly Grove Pl., Beverly Hills, CA 90210-2123; (ii) 5509 Ocean Front Walk, Marina del Rey, CA 90292-7131; (iii) 34 Galleon St., Marina del Rey, CA 90292-5903; and (iv) 5007 Ocean Front Walk, Marina del Rey, CA 90292-7103. In addition, Medconsult owns a commercial property in Ventura County at 768 Calle Plano Drive, Camarillo, CA 93012-8555.

Medconsult seeks a fair and just determination of its ownership of the properties before an impartial jurist.

---

[1] *People v. Uwaydah, et al.*, Case No. BA425397 is assigned to the Hon. Kathleen Kennedy, Judge of the Superior Court (Dept. 109). This section 170.6 preemptory challenge is made because Judge Fidler issued orders in *Uwaydah*. Medconsult maintains that its verified claims are properly before Judge Kennedy. However, based on conversations court staff, it appears that Medconsult's filings have been transferred to Judge Fidler for his consideration. Without waiving any objection to such a transfer, and in an abundance of caution, Medconsult files this 170.6 motion as to Judge Fidler.

1

2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 269 S. Beverly Drive, Ste. 1800, Beverly Hills, CA 90212.  On February 23, 2021, I served the following documents described as:

5

6

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6),**

7

on interested parties in this action by electronic mail to the following addresses:

8

9

10

11

12

13

GEORGE GASCON
District Attorney of Los Angeles County
Dayan Mathai
Assistant Head Deputy
Kennes Ma
Catherine Chon
Karen Nishita
Deputy District Attorneys
211 W. Temple St.
Los Angeles, CA 90012

14

15

Service was accomplished as follows:

16

17

18

☒    **(BY ELECTRONIC SERVICE)**:  I electronically served the foregoing document(s) on the persons listed above at the following email address: Dayan Mathai <DMathai@da.lacounty.gov>, Kennes Ma <KMa@da.lacounty.gov>, Catherine Chon <CChon@da.lacounty.gov>, Karen Nishita <KNishita@da.lacounty.gov>

19

20

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

Executed on February 23, 2021**,** at Los Angeles, California.

22

23

_____
George A. Shohet

24

25

26

27

28

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>David M. Browne<br>21900 Burbank Blvd.<br>Suite 112<br>Woodland Hills, CA 91367<br>(818) 276-1925; (310) 200-0568Medconsult, S.A.L., | STATE BAR NUMBER:<br>93576 | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
210 W. Temple St., Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
PEOPLE OF THE STATE OF CALIFORNIA

DEFENDANT/RESPONDENT:
MUNIR UWAYDAH, et al.

| PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>BA425397 and BA455469 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>LARRY P. FIDLER | Dept. Number:<br><br>106 |
|---|---|
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer. *This replaces the challenge filed on 11/16/2022 which had a defect as to form. DMB*

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Medconsult, S.A.L.

Name of Party

☐ Plaintiff/Petitioner          ☐ Cross Complainant
☐ Defendant/Respondent          ☐ Cross Defendant
☒ Other:  OSC contempt defendant

Dated: 11/17/2022

Signature of Declarant

David M. Browne

Printed Name

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**
Code Civ. Proc., § 170.6

# EXHIBIT 20

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (LAS VEGAS)

|  |  |
|---|---|
| IN RE: | . |
|  | . Case No. 24-12212-gs |
|  | . Chapter 11 |
| CONNEMARA HOLDINGS, INC., | . |
|  | . 300 Las Vegas Blvd. S. |
|  | . Las Vegas, NV 89101 |
| Debtor. | . |
|  | . Thursday, May 30, 2024 |
| . . . . . . . . . . . . . . . . | . 9:35 a.m. |

TRANSCRIPT OF DOC# 8 STATUS HEARING
RE: EMERGENCY MOTION FOR TURNOVER – EMERGENCY MOTION FOR ORDER
COMPELLING RECEIVER TO TURN OVER PROPERTY PURSUANT TO
11 U.S.C. 543(A) AND (B) FILED BY MARK M. WEISENMILLER
ON BEHALF OF CONNEMARA HOLDINGS, INC.
BEFORE THE HONORABLE GARY SPRAKER
UNITED STATES BANKRUPTCY COURT JUDGE

ZOOM APPEARANCES:

For the Debtor:          Andersen Beede Weisenmiller
                         By:  MARK M. WEISENMILLER, ESQ.
                         3199 East Warm Springs Road
                         Suite 400
                         Las Vegas, NV 89120
                         702-522-1992

                         Elkins Kalt Weintraub Reuben
                         Gartside LLP
                         By:  ROYE ZUR, ESQ.
                         10345 West Olympic Boulevard
                         Los Angeles, CA 90064
                         310-746-4400

ZOOM APPEARANCES CONTINUED.

Audio Operator:          Maria Garrett, Remote CRD

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46048
                         (855) 873-2223
                         www.accesstranscripts.com

     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

ZOOM APPEARANCES (Continued):

| | |
|---|---|
| For District Attorney of Los Angeles County: | Law Office Of Brian D. Shapiro<br>By:  BRIAN D. SHAPIRO, ESQ.<br>510 South 8th Street<br>Las Vegas, NV 89101<br>702-386-8600 |
| | District Attorney of Los Angeles County<br>By:  DAYAN MATHAI, ESQ.<br>    KAREN NISHITA, ESQ.<br>211 W. Temple Street, Suite 1100<br>Los Angeles, CA 90012<br>(213) 257-2385 |
| For Samer Baddour: | Garman Turner Gordon LLP<br>By:  WILLIAM M. NOALL, ESQ.<br>7251 Amigo Street<br>Suite 210<br>Las Vegas, NV 89119<br>725-777-3000 |
| For the Debtor and Medconsult S.A.L.: | George A. Shohet, PC<br>By:  GEORGE A. SHOHET, ESQ.<br>269 South Beverly Drive<br>Suite 1800<br>Beverly Hills, CA 90212<br>310-452-3176 |
| For the United States Department of Justice: | Office of the United States Trustee<br>By:  EDWARD M. MCDONALD, ESQ.<br>300 Las Vegas Boulevard, South<br>Suite 4300<br>Las Vegas, NV 89101<br>702-388-6600 |
| For James Skorheim: | JAMES M. SKORHEIM, ESQ.<br>25301 Cabot Road, Suite 210<br>Laguna Hills, CA 92653<br>(949) 438-7430 |

20

 1          THE COURT:  Yes.

 2          MR. ZUR:  So if I may, I might --

 3          THE COURT:  Although (indiscernible) to another.  You

 4  know.  Although again, I want to kind of, while the iron's hot,

 5  it poses validity of the transaction, assuming that there was a

 6  legitimate debt that ostensibly was being paid by Mr. Diwata

 7  through Mr. Turley.  So that's another question that we need to

 8  stick a pin in for a moment.

 9          But if you want to pick up the invitation, sir, as to

10  the status of Connemara's claim in the criminal activity, I'd

11  be interested in hearing.

12          MR. SHOHET:  Sure.  This is George Shohet, and thank

13  you, Your Honor, for allowing me to comment.

14          I -- by way of background, Connemara is, you know, a

15  Nevada-based corporation, and its asset is this property.  It

16  has operated this property consistently since its formation in

17  about 2010 or thereabouts.  And the criminal prosecution that

18  has ensued did not change that.  It's always been in possession

19  of the property.

20          Belatedly, a process was started in the criminal case

21  involving the seizure of various real estate holdings of

22  entities associated with Medconsult, one of which is Connemara,

23  of course, but there were others.  And over the years, those

24  other properties were released from control of the District

25  Attorney either through stipulation or by a decision on their

21

1    part not to pursue the claims any longer.

2            So the result of that is that there's a single

3    property left, namely this real estate in the Marina del Rey

4    part of California, beachfront property, a triplex that

5    Connemara owns.  And the problem with what occurred here is

6    that though Connemara did submit a claim back in 2015, a

7    verified claim back in 2015, that was put on hold, and it was

8    never adjudicated.

9            The statute in question, and I recognize it is a very

10   long statute and convoluted in a number of ways.  So reading it

11   at first blush is not going to give you a clear articulation of

12   that.  There are state cases that help to embellish and explain

13   the statute in a way that makes certain things fundamental.

14           One of those things is that you have to have a

15   criminal defendant who's charged in a case who allegedly owns

16   property that could be subject to restitution.  This statute is

17   different than the forfeiture laws that are probably more

18   familiar to the Court that, you know, are under the federal

19   laws where you have proceeds from criminal conduct being used

20   to acquire property and that property then being subject to

21   forfeiture as a result of that.

22           Instead, this is purely a restitution area statute.

23   It's the idea being that if a defendant has victimized someone

24   and that victim is entitled to restitution, then the property

25   of the defendant upon, you know, completion of the procedures

22

1    in the criminal case or restitution, regardless of whether the

2    property was actually the subject of some nefarious scheme or

3    what have you.

4            So it really doesn't look to the issue of whether

5    somebody's part of a criminal enterprise or anything like that.

6    It really is just looking at the purpose of restitution.

7            The way that this District Attorney's Office

8    proceeded was (indiscernible) a temporary restraining orders.

9    Now, by definition, those are supposed to be expiring in a

10   matter of days, and a preliminary injunction hearing is

11   supposed to ensue.  That never happened.  The DA never bothered

12   with that.  Instead, they kept amending -- changing their TROs

13   over the years as, you know -- based on their perception of

14   events that could affect their interests in the property, and

15   there were a host of these TROs that were issued over the

16   years.

17           The last one was issued almost three and a half years

18   ago or so, in 2021.  It -- that one did something that had not

19   been done before, and that was it appointed a receiver.

20   Problem with that is you're not to appoint receivers by TRO.

21   They're supposed to be appointed through a preliminary

22   injunction procedure.  If you're going to appoint one at all,

23   you need a hearing and all of that.  So the entire receivership

24   is subject to challenge as a result of the failure to ever get

25   a -- change the TRO to a preliminary injunction.

23

1        what Connemara -- you know, what -- Medconsult had

2   the interest in these various properties and it initially

3   brought a claim because it was trying to adjudicate all of the

4   property interests that it had in a more efficient way.  That's

5   why Medconsult got involved in it as a -- the sort of the

6   parent of these various entities.

7        But you know, as we've all come to learn, Connemara's

8   the actual owner of the property, and there isn't any -- you

9   know, Medconsult really isn't the party that needs to be

10  adjudicating this.

11       We withdrew the Medconsult claim when it became

12  apparent to us we were not going to get a fair day in court on

13  the claim.  You know, we were deprived of witnesses.  I had

14  taken ill, and they wouldn't reconvene the hearing to allow me

15  to recover and participate in the hearing.  So you know, there

16  wasn't going to be a fair adjudication here.

17       And you know, the unfortunate thing about being in

18  this posture is the claimant, like Connemara or Medconsult, is

19  not considered a party in any real sense.  We're not defendants

20  in the criminal case, and we don't have the status of parties.

21  So consequently, what ends up happening is we can't challenge

22  the Judge, for example, on grounds of bias or any of that.

23  We're left to kind of take our chances.  And this has not been

24  a friendly forum for us to be litigating in.  I'll just be very

25  candid about that.  We have not been treated fairly and have

24

1   been basically shoved to the side at every juncture.

2          The property itself is -- has just been floating

3   along.  The secured creditors, all of which are, you know, are

4   known to me, they have with -- you know, basically, haven't

5   jumped in here to try to press on this because their concern is

6   that if they do something that is not to the agreement of the

7   District Attorney's Office, that they could be subject to some

8   sort of complaint against them or their clients, and so they've

9   stand -- they've kind of basically held off doing anything.

10          The recent development here where everyone now is in

11  accord that Paul Turley, the convicted defendant in this

12  matter, does not own this property is a sea change.  It's a sea

13  change because the TROs that have been issued have all tied the

14  property to Paul Turley.  And without him as a tether, there's

15  no basis for holding up the property any longer.  It ought to

16  be released back to the ownership.

17          And that's where this now becomes a change in theory,

18  a radical change in theory that instead of having a convicted

19  defendant own the property, we now say the property's actually

20  owned by Maneer Diwata (phonetic).  And as Mr. Zur has pointed

21  out, the District Attorney's Office has never pursued

22  extradition against Diwata.  They've left him alone in Lebanon

23  for, you know, the better part of ten years, and there's no

24  indication that they would ever extradite him, let alone

25  convict him.

1          Without a conviction, you can't seize property and

2   liquidate it.  But you need the conviction to occur first.

3   That's plainly in the statute.  And holding up someone's

4   property indefinitely like this, it constitutes a due process

5   violation.  You can't just hold on to property because you

6   suspect something untoward or you believe that some unconvicted

7   defendant might be the actual owner of it.  That just doesn't

8   (indiscernible).

9          THE COURT:  The problem with that argument,

10  Mr. Shohet, is that I'm -- this is the wrong venue to raise a

11  due process violation.  You can raise that in California.  You

12  can raise that in federal court, in district court.  But

13  bankruptcy court isn't the way to do that.

14          MR. SHOHET:  Well, the point -- the point that I

15  think we're making is that, you know, in order to get this

16  property positioned in a way that it can be actually -- it's

17  not improved, and there is a desire to at least take a shot at

18  improving it and maybe selling it for something that would be

19  profitable, we're not going to get anywhere in Los Angeles.

20  And there's no way for that case to conclude at any time in the

21  near future if at all because of the inability to convict the

22  defendant.  And so we're stymied, and we're in a perpetual

23  holding pattern.

24          In bankruptcy, by contrast, we would have the

25  opportunity to adjudicate these creditor claims and move the

26

1  property into something that would be -- you know, a stage of

2  completion where it could be liquidated and the creditors could

3  be paid off.  And if there's something left over for the

4  debtor, then the debtor would have something to show for

5  itself.

6       And as part of this process, if the District

7  Attorney's Office believes it has a legitimate claim, which

8  right now they do not -- plainly do not -- they could come in

9  and make a pitch for why they're entitled to something out of

10 the estate.

11      I think that pretty much covers the water here, Your

12 Honor, on this.  I -- and I don't want to repeat Mr. Zur's

13 arguments.  So if there's anything I've missed that the Court

14 has questions about, I'm glad to try to further respond.

15      THE COURT:  No, thank you.  I mean, again, I am

16 struggling with what level to engage in this matter because I

17 do have a fairly strong sense that we are having an evidentiary

18 hearing.  The question is the scope of that evidentiary

19 hearing.  Is it limited just to the motion to turn over?  Or

20 again, the shoe dropped analogy, is there something else that's

21 going to happen here?

22      But what is clear is that this is far from the

23 generic Chapter 11 in what it is seeking to address.  It isn't

24 actually the administration of the asset.  It's the control of

25 the asset which is predominant in this bankruptcy.

ACCESS TRANSCRIPTS, LLC          1-855-USE-ACCESS (873-2223)

# EXHIBIT 21

1 | GEORGE GASCÓN, DISTRICT ATTORNEY
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
2 | BY: DAYAN V. MATHAI
3 | Assistant Head Deputy District Attorney
Karen Nishita
4 | Deputy District Attorney
211 W. Temple Street
5 | Los Angeles CA 90012
6 | TELEPHONE: (213) 257-2385

7 | Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 10 2023

David W. Slayton, Executive Officer/Clerk of Court

8
9 | **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF LOS ANGELES**
10

11 | THE PEOPLE OF THE STATE OF CALIFORNIA,  )    Case No.: BA425397, BA455469,
BA455470
12 |                                      Plaintiff,  )
13 |                    vs.                )    AFFIDAVIT SUPPORTING ORDER
TO SHOW CAUSE IN RE:
14 | MUNIR UWAYDAH et al.,                  )    CONTEMPT
PAUL TURLEY et al.,                    )    (*California Code of Civil Procedure,*
15 | LETICIA LEMUS et al.,                  )    *Section 1209, et seq.*)
16 |                                      )
                                 Defendant(s)  )    DATE: May 8, 2023
17 |                                      )    TIME: 10:00 a.m.
18 |                                      )    DEPT: 106

19
20 | **<u>INTRODUCTION</u>**

21 |       Plaintiffs, the People of the State of California and the District Attorney of the County of

22 | Los Angeles (collectively, "Plaintiffs") respectfully request that this Court issue an Order to

23 | Show Cause why Medconsult S.A.L. ("Medconsult"), Notre Dame Properties, LLC ("Notre

24 | Dame"), MDRCA Properties, LLC ("MDRCA"), Adib Kassir ("Kassir"), Adel Yamout

25 | ("Yamout") and David M. Browne ("Mr. Browne") should not be held in contempt as provided

26 | by Code of Civil Procedure Section 1209(a)(5) for violating the Courts' Order for a TRO to

27
28

1

1  preserve and to protect assets pursuant to Penal Code Section 186.11, specifically as to the

2  property at 1316 Beverly Grove Place, Beverly Hills CA 90210.[1]

3       In order to make a finding of contempt for the failure to comply with an order, the Court

4  must find that: (1) a valid order(s) was issued; (2) the Accused had knowledge of the order(s);

5  (3) the Accused had the ability to comply with the order(s) and (4) the Accused willfully

6  disobeyed the order(s).

7       The request that this Court issue an Order to Show Cause is based upon this application,

8  affidavit, all filings in this case, oral arguments and any other such evidence that the court may

9  allow at this hearing.

10

11                    **STATEMENT OF FACTS CONSTITUTING CONTEMPT**

12

13       The People hereby incorporate by reference the facts asserted and exhibits contained in

14  the Notice of OSC, Motion in Support of OSC and Addendum previously filed in this matter.

15  **1.  Validity of Court Order(s)**

16       In cases BA425397, BA455469 and BA455470, the charges include two or more related

17  felonies, a material element of which is fraud or embezzlement. The pattern of related felony

18  conduct involves a taking of more than Five Hundred Thousand Dollars. Thus, the defendants

19  are subject to the "aggravated white collar crime enhancement" under Penal Code Section

20  186.11(a)(2).

21       Penal Code §186.11(f)(1) clearly states that "[a] temporary restraining order may be

22  issued by the court, ex-parte, pending that hearing [explained in the above section] in

23  conjunction with or subsequent to the filing of the petition upon the application of the

24  prosecuting attorney." This petition can be submitted and granted ex-parte to protect the victims'

25  constitutional rights to restitution. *The point of initially filing the petition is to seize and to freeze*

26  *assets so that they are protected and preserved until a formal hearing can occur.* If the court did

27

28

---

[1] The relevant court orders also included restraining orders as to other properties which will be referenced at the hearing in this matter: 5509 Ocean Front Walk, 5007 Ocean Front Walk, 34 Galleon St. and 768 Calle Plano.

2

AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING COURT'S TRO
PURSUANT TO PENAL CODE SECTION 186.11

1  not have the authority to review and to grant this petition ex-parte at the time the indictment

2  and/or complaint is filed, as required by Penal Code §186.11(f)(1), the statute would be

3  ineffective in preserving a defendant's assets.

4       The indictment and two felony complaints charge the defendants with two or more

5  related felonies, including one count of Conspiracy to Commit Insurance Fraud and over 50

6  counts of Insurance Fraud, resulting in a loss in over $500,000.00. Therefore, the court had

7  jurisdiction to issue the temporary restraining orders violated by the Accused.

8    **2.  Relevant Procedural History**

9       The relevant court orders are as follows:

10      a.  On September 15, 2015, the Honorable James R. Brandlin, Judge in Department 100,

11         signed and granted the People's Ex Parte Petition For Issuing a Temporary

12         Restraining Order to Preserve Property or Assets Subject to Levy or Seizure pursuant

13         to Penal Code Section 186.11 (d) in Case Numbers BA425397 and BA435339. On

14         this same day, the Indictments were unsealed and all defendants were given notice

15         and provided with a copy of the Ex Parte Petition and Temporary Restraining Order.

16         [Exh. A: Recorded on September 17, 2015; Document No. 20151155027]

17      b.  On March 24, 2017, the Honorable Debra Brazile, Judge in Division 30, granted the

18         People's Ex Parte Petition for Issuing a Temporary Restraining Order to Preserve

19         Property or Assets Subject to Levy or Seizure pursuant to Penal code Section

20         186.11(d) in Case Numbers BA455469, BA455470 and BA455473. All parties were

21         given notice and provided with a copy of the Ex Parte Petition and Temporary

22         Restraining Order. [Exh. B: Recorded on March 28, 2017; Document No.

23         20170341953, 20170341954.]

24      c.  On January 28, 2021, the Honorable Larry P. Fidler, Judge of the above entitled

25         court, granted the People's Supplemental Ex Parte Petition for Issuing a Temporary

26         Restraining Order to Preserve Property or Assets Subject to Levy or Seizure and for

27         Appointing of a Receiver to Preserve and Administer the Assets Seized pursuant to

28         Penal Code Section 186.11(d) in case numbers BA425397, BA455469, BA455470

AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING COURT'S TRO
PURSUANT TO PENAL CODE SECTION 186.11

1    and BA455473.  All parties were given notice and provided with a copy of the Ex

2    Parte Petition, Appointment of Receiver and Temporary Restraining Order. [Exh. C:

3    Recorded on February11, 2021; Document Numbers 20210244805, 20210244807 and

4    20210730682.]

5

6    **3. The Accused Had Actual Knowledge of the Courts' Order(s)**

7    Actual notice of the Courts' Order(s) is evidenced by the following:

8    a.  On October 13, 2015, Notre Dame, Connemara Holdings and 5007 Holdings filed

9       Third-Party Verified Claims in case BA425397. [Exh. D]

10   b.  On October 26, 2015, Medconsult S.A.L. filed a Third-Party Verified Claim in case

11      BA425397. [Exh. E]

12   c.  February 1, 2021, the Plaintiff emailed copies of the Supplemental 186.11 orders and

13      notices signed by Judge Fidler on January 28, 2021, to attorneys, including George

14      Shohet (Mr. Shohet), attorney for Uwaydah and known counsels for Medconsult,

15      David Kettle, Irwin Feignberg and Aaron Mays. [Exh. F, C]

16   d.  On February 3, 2021, Court Appointed Receiver Jim Skorheim (Skorheim) emailed

17      Mr. Babajian, the listing agent for 1316 Beverly Grove Place, Beverly Hills CA

18      90210. Skorheim informed Mr. Babajian that there was a Court Order prohibiting the

19      sale of this property and to call him to discuss the matter. Skorheim attached a copy

20      of the signed Court Order. [Exh. G]

21   e.  On February 7, 2021, Mr. Browne emailed the Plaintiff to inform them that he was

22      counsel for Medconsult and that the Court Appointed Receiver improperly contacted

23      their real estate professionals and asked them to tell the Receiver to "*cease and*

24      *desist*" any further contact with them. [Exh. H]

25   f.  On February 8, 2021, Mr. Browne filed a Third-Party Verified Claim for Medconsult

26      in BA425397, BA455469 and BA455473. [Exh I]

27   g.  On February 8, 2021, Mr. Brown also filed a 170.6 Peremptory Challenge to Judge

28      Fidler on behalf of Medconsult. [Exh. J]

4

AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING COURT'S TRO
PURSUANT TO PENAL CODE SECTION 186.11

1     h.  On February 10, 2021, Mr. Shohet filed a Third-Party Claim for California

2         Pharmaceuticals in case BA425397 in Judge Kennedy's court. [Exh. K]

3     i.  On February 11, 2021, DDA Ma emailed Mr. Browne that we received in the regular

4         mail his Third-Party Verified Claim for Medconsult in BA425397, BA455469 and

5         BA455473. Later that day, DDA Ma emails to Mr. Browne and Mr. Shohet the

6         186.11 Petition, DAI Affidavit and copy of the Protective Order. [Exh. L]

7     j.  On February 16, 2021, Department 106 Judicial Assistant Wendy Warren (Ms.

8         Warren) emailed the prosecution, Mr. Shohet and Mr. Browne that the court is

9         available to conduct the 186.11 Injunction Hearing on February 17, 2021, at 10:30

10       a.m. or February 25, 2021. This was in response to emails from the Plaintiff between

11       February 11, 2021 and February 16, 2021. [Exh. M]

12    k.  On February 17, 2021, DDA Karen Nishita emailed Mr. Browne and Mr. Shohet the

13       Supplemental 186.11 Petitions and exhibits. [Exh. N]

14    l.  On February 17, 2021, Mr. Browne and Mr. Shohet sent a number of emails to

15       Plaintiff and Ms. Warren stating that no hearing can be set until the 170.6 issue is

16       decided and that Medconsult will likely take a writ and stay if Judge Fidler denies

17       their 170.6 Petition. Additionally, both counsel filed a Joint Ex Parte Application of

18       Third Party Claimants and then withdrew it the same day. [Exh. O]

19    m.  On February 23, 2021, Mr. Shohet emailed Plaintiff their 170.6 Petitions for

20       Medconsult and California Pharmaceuticals. [Exh. P]

21    n.  On September 8, 2021, Mr. Browne filed a Declaration in the civil action for Quiet

22       Title in Medconsult S.A.L. v. Munir Uwaydah et al, case number 19STCV25594,

23       wherein he acknowledges that the Plaintiff has recorded lis pendens in this criminal

24       case. [Exh. Q ; p. 5:18]

25

26    **4.  The Accused Willfully Violated the Court's Order**

27    The language in the recorded Lis Pendens-Temporary Restraining Order ordered that,

28          *No person shall engage, directly or indirectly, in any of the following*
           *acts or practices: Transferring any interest by sale, pledge, or grant*

5

1  |  *of security interest, or otherwise disposing of, or encumbering the*
2  |  *following property:...*

3  |  [*See Exh. A-C*]

Further, Judge Fidler signed a written Order for Temporary Restraining Order To Preserve And
Protect Property And Assets and the Appointment of Receiver that was filed with the court clerk
that included the following language:

*IT IS FURTHER ORDERED that the defendants and their representatives,*
*attorneys, agents, officers and all other persons, corporations or other*
*entities acting in concert or participating with said defendants are enjoined*
*from: 1) Transferring, encumbering, hypothecating, or dissipating the*
*Properties listed in Exhibit 3 and 4; and 2) Interfering in any way with*
*the Receiver's performance of his duties and responsibilities and exercise*
*of his powers.*

[Exh. R]

Subsequent to the Court issuing the above referenced Orders, the Accused violated the
clear language of the Court's Orders by engaging in the following conduct:

a.  On February 23, 2021, Notre Dame entered into a purchase agreement with Alvin
Brown and Nulane Entertainment (Nulane) to purchase the property for
$4,470,000.00., thus *encumbering the property*. The parties extended this agreement
on July 27, 2021, September 14, 2021, October 15, 2021, December 14, 2021,
February 14, 2022 and April 14, 2022.  [Exh. S]

b.  On May 19, 2022, Notre Dame *transferred title* to MDRCA. The Grant Deed was
signed by Kassir, manager for Notre Dame. This Grant Deed listed MDRCA's
address as 21900 Burbank Blvd., Suite 112, Los Angeles CA 91367. This is the same
address used by David M. Browne. Mr. Browne had actual notice of the Court's
Order prior to this transfer of title from Notre Dame Properties to MDRCA. Notre
Dame Properties had actual notice of the Court's Order since it was sent to Mr.
Shohet, who is the listed Agent for Service of Process and counsel for Munir
Uwaydah. [Exh. T]

6

AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING COURT'S TRO
PURSUANT TO PENAL CODE SECTION 186.11

c.  On May 20, 2022, MDRCA signed a Deed of Trust, borrowing $3.8 million from Jeffry Scapa, granting him *security interest* in the property by using it as collateral for the loan, further *encumbering the property*. In addition, there was a corresponding Promissory Note which was not recorded. On June 3, 2022, DOMA Title of California (DOMA), issues it's final Settlement Statement for 1316 Beverly Grove sale, listing Mr. Browne's address for both Notre Dame (seller) and MDRCA (buyer). [Exh. U; 20220586149; DOMA document]

d.  On August 25, 2022, Mr. Browne, counsel for Notre Dame, wrote a letter to Mr. Gottesman, counsel for Nulane Entertainment, tendering to Nulane the sale of 1316 Beverly Grove as originally agreed upon in February 2021. On October 13, 2022, Mr. Browne emailed Mr. Gottesman in response to Mr. Gottesman's September 1, 2022, letter, expressing concern about this Court's Order. Mr. Browne wrote that Notre Dame and Medconsult were not served with the TRO, thus making the order invalid. Further, the Plaintiff "dropped" further proceedings to enforce the order or appoint a receiver, required by law to make the order valid. [Exh. V]

## REQUEST FOR RELIEF

The Plaintiff respectfully requests this Court to issue an Order to Show Cause why Medconsult S.A.L., Notre Dame Properties, LLC, MDRCA Properties, LLC, Adib Kassir, Adel Yamout and David M. Browne should not be held in contempt for willfully violating this Court's Orders.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

DATED: March 10, 2023

GEORGE GASCÓN, DISTRICT ATTORNEY

By: _____
KAREN NISHITA
Deputy District Attorney

7

AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING COURT'S TRO
PURSUANT TO PENAL CODE SECTION 186.11

## PROOF OF SERVICE

I, Daniel Garcia, am employed by the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. I declare under penalty of perjury, that on March 10, 2023, a copy of the foregoing document was served through email to the named parties and entities listed below at their respective email addresses.

Dated: March 10, 2023

Daniel Garcia, Paralegal

Office of the Los Angeles District Attorney

David M. Browne, Esq.
21900 Burbank Blvd., Suite 112
Woodland Hills CA 91367
dmbrownelaw@gmail.com
(Attorney for Medconsult S.A.L.)
(Attorney for MDRCA Properties)
(Attorney for Notre Dame Properties

MDRCA Properties LLC
c/o Richard F. Farkas
Agent for Service of Process
15300 Ventura Blvd., Suite 504
Sherman Oaks CA 91403

Adel Yamout, CEO
5780 Av Decelles 401
Montreal PQ, Canada H3S 3C7
(CEO of MDRCA Properties LLC)

Donna Bullock Carrera
Law Offices of Donna Bullock
800 W. 6th Street, Suite 1250
Los Angeles CA 90017-2721
donnabullockcarrera@yahoo.com
(Attorney for MDRCA Properties)

Adib Kassir, President and CEO
Medconsult.office@gmail.com
(President & CEO of Medconsult S.A.L.)

Adib Kassir
269 S. Beverly Drive, Suite 1800
Beverly Hills CA 90212
(Member, CEO of Notre Dame Properties)

c/o Adib Kassir
Mehanna Center, Bloc A
1st Floor, Main Street
Dekwaneh Metn
Lebanon

c/o Adib Kassir
P.O. Box 4668
New York, NY 10163-4468


George Shohet, Esq.
Agent for Service of Process
269 S. Beverly Drive, Suite 1800
Beverly Hills CA 90212
georgeshohet@gmail.com
(Agent for Service of Process for Notre Dame Properties)


Jim Skorheim
25301 Cabot Road, Suite 210
Laguna Hills CA 92653
jim@skorheim.com
(Court Appointed Receiver)

1  GEORGE GASCÓN, DISTRICT ATTORNEY
   COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
2  BY: Dayan Mathai; Karen Nishita
3  Deputy District Attorneys
   211 W. Temple Street
4  Los Angeles CA 90012

5  TELEPHONE: (213)257-2385

6

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9            IN AND FOR THE COUNTY OF LOS ANGELES

10  THE PEOPLE OF THE STATE OF CALIFORNIA,  )  Case No.: BA425397, BA455469,
11                                          )  BA455470
                             Plaintiff,     )
12                                          )  [PROPOSED] ORDER TO SHOW
             vs.                            )  CAUSE IN RE: CONTEMPT
13                                          )  (California Code of Civil Procedure,
    MUNIR UWAYDAH et al.,                   )  Section 1209)
14                                          )
15  PAUL TURLEY et al.,                     )
                                            )
16                                          )
                             Defendant(s)   )
17  _____    )

18      The Court having considered the Affidavit Supporting Order to Show Cause In Re:

19  Contempt for violating the Court's order(s) pursuant to Penal Code Section 186.11, including the

20  attached exhibits, and the written and recorded Lis Pendens signed September 15, 2015, March

21  24, 2017, January 28, 2021 and signed Order(s) for Temporary Restraining Order to Preserve

22  and Protect Property and Assets and Appointment of Receiver, good cause having been shown,

23  the Court hereby orders the following:

24      TO:   1.  Medconsult S.A.L.
25            2.  Notre Dame Properties LLC
              3.  MDRCA Properties LLC
26            4.  Adib Kassir
              5.  Adel Yamout
27            6.  David M. Browne
28

                                    1
    _____

1   YOU AND YOUR ATTORNEY(S) OF RECORD ARE HEREBY ORDERED to appear

2 before the above-entitled court in Department 106, located at 210 W. Temple Street, 9th Floor,

3 Los Angeles CA 90012, on May 8, 2023, at 10:00 a.m., to show cause, if any, why you should

4 not be adjudged guilty of contempt of court, and punished accordingly, for the acts of willful

5 disobedience of the order(s) of the above-entitled court, as provided in section 1209(a)(5) of the

6 California Code of Civil Procedure, and as more fully described in the attached Affidavit

7 Supporting Order to Show Cause In Re: Contempt.  The Affidavit is attached and by this

8 reference incorporated as though fully set forth, and a copy of the Affidavit shall be served on

9 you with a copy of this Order.

10   A copy of this Order To Show Cause Re: Contempt and the Affidavit Supporting Order

11 to Show Cause In Re: Contempt must be served no later than 15 calendar days prior to the date

12 set for the hearing, and any papers to be submitted on behalf of any of the Parties accused listed

13 above in response to this Order to Show Cause Re: Contempt or to papers submitted filed by the

14 People shall be filed with the Court and served on counsel for the People by no later than 5 court

15 days prior to the date set for this hearing.

16   The Accused are further advised that: 1) the finding must be beyond a reasonable doubt if

17 the proceeding results in punitive damages; 2) the Accused have the right to testify or in the

18 alternative to remain silent and appear by counsel, and 3) the Accused has the right to confront

19 and cross-examine witnesses.

20

21 Dated: _____

22

23         _____

          Judge Larry P. Fidler

24

25

26

27

28

2

ORDER TO SHOW CAUSE IN RE: CONTEMPT

1  GEORGE GASCÓN, DISTRICT ATTORNEY
   COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
2  BY: DAYAN V. MATHAI
3  Assistant Head Deputy District Attorney
   Karen Nishita
4  Deputy District Attorney
   211 W. Temple Street
5  Los Angeles CA 90012
6  TELEPHONE: (213) 257-2385

7  Attorneys for Plaintiff

8

9           **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
            **IN AND FOR THE COUNTY OF LOS ANGELES**
10

11  THE PEOPLE OF THE STATE OF CALIFORNIA,  )   Case No.: BA425397, BA455469,
                                            )   BA455470
12                              Plaintiff,  )
                                            )
13                    vs.                   )   AMENDED AFFIDAVIT
                                            )   SUPPORTING ORDER TO SHOW
14  MUNIR UWAYDAH et al.,                   )   CAUSE IN RE: CONTEMPT
    PAUL TURLEY et al.,                     )   (*California Code of Civil Procedure,*
15  LETICIA LEMUS et al.,                   )   *Section 1209, et seq.*)
                                            )
16                                          )
                             Defendant(s)   )   DATE: May 8, 2023
17                                          )   TIME: 10:00 a.m.
                                            )   DEPT: 106
18                                          )

19

20                          **INTRODUCTION**

21      Plaintiffs, the People of the State of California and the District Attorney of the County of

22  Los Angeles (collectively, "Plaintiffs") respectfully request that this Court issue an Amended

23  Order to Show Cause why Medconsult S.A.L. ("Medconsult"), Notre Dame Properties, LLC

24  ("Notre Dame"), MDRCA Properties, LLC ("MDRCA"), Adib Kassir ("Kassir"), Adel Yamout

25  ("Yamout") David M. Browne ("Mr. Browne"), and George Aaron Shohet should not be held in

26  contempt as provided by Code of Civil Procedure Section 1209(a)(5) for violating the Courts'

27

28

                                          1

AMENDED AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING
COURT'S TRO PURSUANT TO PENAL CODE SECTION 186.11

1    Order for a TRO to preserve and to protect assets pursuant to Penal Code Section 186.11,

2    specifically as to the property at 1316 Beverly Grove Place, Beverly Hills CA 90210.[1]

3         In order to make a finding of contempt for the failure to comply with an order, the Court

4    must find that: (1) a valid order(s) was issued; (2) the Accused had knowledge of the order(s);

5    (3) the Accused had the ability to comply with the order(s) and (4) the Accused willfully

6    disobeyed the order(s).

7         The request that this Court issue an Amended Order to Show Cause is based upon this

8    application, amended affidavit, all filings in this case, oral arguments and any other such

9    evidence that the court may allow at this hearing.

10

11                    **STATEMENT OF FACTS CONSTITUTING CONTEMPT**

12

13        The People hereby incorporate by reference the facts asserted and exhibits contained in

14   the Notice of OSC, Motion in Support of OSC, Addendum, and Affidavit previously filed in this

15   matter.

16       **1.   Validity of Court Order(s)**

17        In cases BA425397, BA455469 and BA455470, the charges include two or more related

18   felonies, a material element of which is fraud or embezzlement. The pattern of related felony

19   conduct involves a taking of more than Five Hundred Thousand Dollars. Thus, the defendants

20   are subject to the "aggravated white collar crime enhancement" under Penal Code Section

21   186.11(a)(2).

22        Penal Code §186.11(f)(1) clearly states that "[a] temporary restraining order may be

23   issued by the court, ex-parte, pending that hearing [explained in the above section] in

24   conjunction with or subsequent to the filing of the petition upon the application of the

25   prosecuting attorney." This petition can be submitted and granted ex-parte to protect the victims'

26   constitutional rights to restitution. *The point of initially filing the petition is to seize and to freeze*

27

28   ---
     [1] The relevant court orders also included restraining orders as to other properties which will be referenced at the
     hearing in this matter: 5509 Ocean Front Walk, 5007 Ocean Front Walk, 34 Galleon St. and 768 Calle Plano.

                                                    2

                    AMENDED AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING
                          COURT'S TRO PURSUANT TO PENAL CODE SECTION 186.11

1 *assets so that they are protected and preserved until a formal hearing can occur.* If the court did

2 not have the authority to review and to grant this petition ex-parte at the time the indictment

3 and/or complaint is filed, as required by Penal Code §186.11(f)(1), the statute would be

4 ineffective in preserving a defendant's assets.

5      The indictment and two felony complaints charge the defendants with two or more

6 related felonies, including one count of Conspiracy to Commit Insurance Fraud and over 50

7 counts of Insurance Fraud, resulting in a loss in over $500,000.00. Therefore, the court had

8 jurisdiction to issue the temporary restraining orders violated by the Accused.

9     **2. Relevant Procedural History**

10      The relevant court orders are as follows:

11     a. On September 15, 2015, the Honorable James R. Brandlin, Judge in Department 100,

12       signed and granted the People's Ex Parte Petition For Issuing a Temporary

13       Restraining Order to Preserve Property or Assets Subject to Levy or Seizure pursuant

14       to Penal Code Section 186.11 (d) in Case Numbers BA425397 and BA435339. On

15       this same day, the Indictments were unsealed and all defendants were given notice

16       and provided with a copy of the Ex Parte Petition and Temporary Restraining Order.

17       [Exh. A: Recorded on September 17, 2015; Document No. 20151155027]

18     b. On March 24, 2017, the Honorable Debra Brazile, Judge in Division 30, granted the

19       People's Ex Parte Petition for Issuing a Temporary Restraining Order to Preserve

20       Property or Assets Subject to Levy or Seizure pursuant to Penal code Section

21       186.11(d) in Case Numbers BA455469, BA455470 and BA455473. All parties were

22       given notice and provided with a copy of the Ex Parte Petition and Temporary

23       Restraining Order. [Exh. B: Recorded on March 28, 2017; Document No.

24       20170341953, 20170341954.]

25     c. On January 28, 2021, the Honorable Larry P. Fidler, Judge of the above entitled

26       court, granted the People's Supplemental Ex Parte Petition for Issuing a Temporary

27       Restraining Order to Preserve Property or Assets Subject to Levy or Seizure and for

28       Appointing of a Receiver to Preserve and Administer the Assets Seized pursuant to

AMENDED AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING
COURT'S TRO PURSUANT TO PENAL CODE SECTION 186.11

1     Penal Code Section 186.11(d) in case numbers BA425397, BA455469, BA455470

2     and BA455473. All parties were given notice and provided with a copy of the Ex

3     Parte Petition, Appointment of Receiver and Temporary Restraining Order. [Exh. C:

4     Recorded on February11, 2021; Document Numbers 20210244805, 20210244807 and

5     20210730682.]

6   **3. The Accused Had Actual Knowledge of the Courts' Order(s)**

7     Actual notice of the Courts' Order(s) is evidenced by the following:

8     a.   On October 13, 2015, Notre Dame, Connemara Holdings and 5007 Holdings filed

9         Third-Party Verified Claims in case BA425397. [Exh. D]

10     b.   On October 26, 2015, Medconsult S.A.L. filed a Third-Party Verified Claim in case

11         BA425397. [Exh. E]

12     c.   February 1, 2021, the Plaintiff emailed copies of the Supplemental 186.11 orders and

13         notices signed by Judge Fidler on January 28, 2021, to attorneys, including George

14         Shohet (Mr. Shohet), attorney for Uwaydah and known counsels for Medconsult,

15         David Kettle, Irwin Feignberg and Aaron Mays. [Exh. F, C]

16     d.   On February 3, 2021, Court Appointed Receiver Jim Skorheim (Skorheim) emailed

17         Mr. Babajian, the listing agent for 1316 Beverly Grove Place, Beverly Hills CA

18         90210. Skorheim informed Mr. Babajian that there was a Court Order prohibiting the

19         sale of this property and to call him to discuss the matter. Skorheim attached a copy

20         of the signed Court Order. [Exh. G]

21     e.   On February 7, 2021, Mr. Browne emailed the Plaintiff to inform them that he was

22         counsel for Medconsult and that the Court Appointed Receiver improperly contacted

23         their real estate professionals and asked them to tell the Receiver to "*cease and*

24         *desist*" any further contact with them. [Exh. H]

25     f.   On February 8, 2021, Mr. Browne filed a Third-Party Verified Claim for Medconsult

26         in BA425397, BA455469 and BA455473. [Exh I]

27     g.   On February 8, 2021, Mr. Brown also filed a 170.6 Peremptory Challenge to Judge

28         Fidler on behalf of Medconsult. [Exh. J]

AMENDED AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING
COURT'S TRO PURSUANT TO PENAL CODE SECTION 186.11

1    h.  On February 10, 2021, Mr. Shohet filed a Third-Party Claim for California
2        Pharmaceuticals in case BA425397 in Judge Kennedy's court. [Exh. K]
3    i.  On February 11, 2021, DDA Ma emailed Mr. Browne that we received in the regular
4        mail his Third-Party Verified Claim for Medconsult in BA425397, BA455469 and
5        BA455473. Later that day, DDA Ma emails to Mr. Browne and Mr. Shohet the
6        186.11 Petition, DAI Affidavit and copy of the Protective Order. [Exh. L]
7    j.  On February 16, 2021, Department 106 Judicial Assistant Wendy Warren (Ms.
8        Warren) emailed the prosecution, Mr. Shohet and Mr. Browne that the court is
9        available to conduct the 186.11 Injunction Hearing on February 17, 2021, at 10:30
10       a.m. or February 25, 2021. This was in response to emails from the Plaintiff between
11       February 11, 2021 and February 16, 2021. [Exh. M]
12   k.  On February 17, 2021, DDA Karen Nishita emailed Mr. Browne and Mr. Shohet the
13       Supplemental 186.11 Petitions and exhibits. [Exh. N]
14   l.  On February 17, 2021, Mr. Browne and Mr. Shohet sent a number of emails to
15       Plaintiff and Ms. Warren stating that no hearing can be set until the 170.6 issue is
16       decided and that Medconsult will likely take a writ and stay if Judge Fidler denies
17       their 170.6 Petition. Additionally, both counsel filed a Joint Ex Parte Application of
18       Third Party Claimants and then withdrew it the same day. [Exh. O]
19   m.  On February 23, 2021, Mr. Shohet emailed Plaintiff their 170.6 Petitions for
20       Medconsult and California Pharmaceuticals. [Exh. P]
21   n.  On September 8, 2021, Mr. Browne filed a Declaration in the civil action for Quiet
22       Title in Medconsult S.A.L. v. Munir Uwaydah et al, case number 19STCV25594,
23       wherein he acknowledges that the Plaintiff has recorded lis pendens in this criminal
24       case. [Exh. Q ; p. 5:18]

25   **4.  The Accused Willfully Violated the Court's Order**

26   The language in the recorded Lis Pendens-Temporary Restraining Order ordered that,

27       *No person shall engage, directly or indirectly, in any of the following*
28       *acts or practices: Transferring any interest by sale, pledge, or grant*
         *of security interest, or otherwise disposing of, or encumbering the*

5

*following property:...*

[*See Exh. A-C*]

Further, Judge Fidler signed a written Order for Temporary Restraining Order To Preserve And Protect Property And Assets and the Appointment of Receiver that was filed with the court clerk that included the following language:

> **IT IS FURTHER ORDERED that the defendants and their representatives,**
> **attorneys, agents, officers and all other persons, corporations or other**
> **entities acting in concert or participating with said defendants are enjoined**
> **from: 1) Transferring, encumbering, hypothecating, or dissipating the**
> **Properties listed in Exhibit 3 and 4; and 2) Interfering in any way with**
> **the Receiver's performance of his duties and responsibilities and exercise**
> **of his powers.**

[Exh. R]

Subsequent to the Court issuing the above referenced Orders, the Accused violated the clear language of the Court's Orders by engaging in the following conduct:

a. On February 23, 2021, Notre Dame entered into a purchase agreement with Alvin Brown and Nulane Entertainment (Nulane) to purchase the property for $4,470,000.00., thus *encumbering the property*. The parties extended this agreement on July 27, 2021, September 14, 2021, October 15, 2021, December 14, 2021, February 14, 2022 and April 14, 2022. [Exh. S]

b. On May 19, 2022, Notre Dame *transferred title* to MDRCA. The Grant Deed was signed by Kassir, manager for Notre Dame. This Grant Deed listed MDRCA's address as 21900 Burbank Blvd., Suite 112, Los Angeles CA 91367. This is the same address used by David M. Browne. Mr. Browne had actual notice of the Court's Order prior to this transfer of title from Notre Dame Properties to MDRCA. Notre Dame Properties had actual notice of the Court's Order since it was sent to Mr. Shohet, who is the listed Agent for Service of Process and counsel for Munir Uwaydah. [Exh. T]

c. On May 20, 2022, MDRCA signed a Deed of Trust, borrowing $3.8 million from Jeffry Scapa, granting him *security interest* in the property by using it as collateral for

6

AMENDED AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING
COURT'S TRO PURSUANT TO PENAL CODE SECTION 186.11

the loan, further *encumbering the property*. In addition, there was a corresponding Promissory Note which was not recorded. On June 3, 2022, DOMA Title of California (DOMA), issues it's final Settlement Statement for 1316 Beverly Grove sale, listing Mr. Browne's address for both Notre Dame (seller) and MDRCA (buyer). [Exh. U; 20220586149; DOMA document]

d. On August 25, 2022, Mr. Browne, counsel for Notre Dame, wrote a letter to Mr. Gottesman, counsel for Nulane Entertainment, tendering to Nulane the sale of 1316 Beverly Grove as originally agreed upon in February 2021. On October 13, 2022, Mr. Browne emailed Mr. Gottesman in response to Mr. Gottesman's September 1, 2022, letter, expressing concern about this Court's Order. Mr. Browne wrote that Notre Dame and Medconsult were not served with the TRO, thus making the order invalid. Further, the Plaintiff "dropped" further proceedings to enforce the order or appoint a receiver, required by law to make the order valid. [Exh. V]

e. Between June 13, 2022 and June 15, 2022 both Mr. Shohet and Mr. Browne, on behalf of Notre Dame and MDRCA, corresponded with Mr. Gottesman, attorney for Nulane. In this correspondence, Mr. Shohet and Mr. Browne urged Nulane to close the sale of the Beverly Grove property by June 15, 2022, and that Notre Dame and MDRCA would cooperate with Nulane to complete the deal and transfer title. Mr. Shohet and Mr. Browne sought to convince Nulane to purchase the property with the liens that this court had ordered, despite the fact that they had actual knowledge of this court's TRO(s) and Order for a Receiver. [Exh. W]

**REQUEST FOR RELIEF**

The Plaintiff respectfully requests this Court to issue an Amended Order to Show Cause why Medconsult S.A.L., Notre Dame Properties, LLC, MDRCA Properties, LLC, Adib Kassir, Adel Yamout, David M. Browne, and George Aaron Shohet should not be held in contempt for willfully violating this Court's Orders.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

AMENDED AFFIDAVIT SUPPORTING OTSC IN RE: CONTEMPT FOR VIOLATING
COURT'S TRO PURSUANT TO PENAL CODE SECTION 186.11

DATED: May 8, 2023

GEORGE GASCÓN, DISTRICT ATTORNEY

By: _____

KAREN NISHITA
Deputy District Attorney

8

# EXHIBIT W

**Daniel Garcia**

| | |
|---|---|
| **From:** | Don Gottesman <dgottesman@kgswlaw.com> |
| **Sent:** | Monday, June 13, 2022 3:42 PM |
| **To:** | 'georgeshohet@gmail.com' |
| **Cc:** | 'rbt.nader@gmail.com'; Jill Harris |
| **Subject:** | 1316 Beverly Grove Place -- Notre Dame Properties Ltd. Liability Company |
| **Attachments:** | 2022-06-13 DSG letter to Shohet (00482342).pdf |

Dear Mr. Shohet: I represent Nulane Entertainment LLC and have attached my letter to you of today's date. Regards, Don Gottesman

---

**Don Gottesman**
**Partner**
**KULIK GOTTESMAN SIEGEL & WARE LLP**
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9211 Direct**
**(818) 817-3600 Main**
**(310) 339-7400 Mobile**



---

**Notice to Recipient:** This e-mail is intended to be a confidential communication between the author and the recipient(s) and may be a privileged communication. If you received this e-mail in error, please delete it from your system and notify the sender immediately by return e-mail of the error. Thank you in advance for your cooperation.

1

# KULIK GOTTESMAN SIEGEL & WARE LLP

Glen L. Kulik
Donald S. Gottesman
Leonard Siegel
Thomas M. Ware II
Mitchell S. Brachman
David A. Bernardoni
Gerard Kilroy
Justin A. Nash
Margaret Lee
Stella Chang
Samantha Johnson
Amanda Wilbur

Attorneys at Law
Comerica Bank Building
15303 Ventura Boulevard
Suite 1400
Sherman Oaks, California 91403
www.kgswlaw.com

Telephone  (310) 557-9200
          (818) 817-3600
Facsimile  (310) 557-0224

Writer's e-mail address:
dgottesman@kgswlaw.com

File No. 6298-0001

June 13, 2022

**VIA GLS OVERNIGHT MAIL and EMAIL**

George Shohet, Esq.
269 S. Beverly Drive, Suite 1800
Beverly Hills, California  90212
georgeshohet@gmail.com

      Re:    1316 Beverly Grove Place, Beverly Hills. California (the "Property")

Dear Mr. Shohet:

    I represent Nulane Entertainment LLC ("Nulane") and am writing to you in your capacity as the agent for service of process for Notre Dame Properties Ltd. Liability Company ("Notre Dame"). Nulane has a written contract to purchase the Property (the "Contract") from Notre Dame.  The escrow (with Greater LA Escrow Inc.) for the sale is set to close in two days, i.e., this Wednesday, June 15, 2022.  It has recently come to our attention that Notre Dame is unwilling or unable to transfer title to the Property to Nulane at the closing.

    Nulane discovered a few days ago, to its surprise, that on June 1, 2022 (i) Notre Dame transferred title to the Property to MDRCA Properties, a California limited liability company ("MDRCA") by way of a Grant Deed dated May 19, 2022, and (ii) MDRCA encumbered the Property with a $3,800,000 trust deed, executed on May 30, 2022, to one Jeffry Scapa ("Scapa"). Notre Dame gave no notice (or explanation) to Nulane about these transfers, both of which constitute a clear breach of contract.

    In light of these transfers, I ask that Notre Dame, by no later than 5:00 p.m. tomorrow, let me know whether it intends to close escrow on Wednesday and, if so, how it will be able to do if Notre Dame no longer holds title to the Property.  I also ask that Notre Dame advise me, by the same deadline, as to whether it informed MDRCA and Scapa about Nulane's contractual right to buy the Property from Notre Dame and the open escrow for that purpose.

    Nulane is ready, willing, and able to perform its part of the deal.  An Addendum to the Contract, executed in July of last year, provides that the $4,470,000 purchase price for the Property is to be discounted by 1.5% (i.e., by $67,050) in exchange for Nulane's agreement to pay the closing costs. And Nulane deposited $89,400 into escrow as a down payment on the purchase price. The remaining portion of the Purchase Price is $4,313,550 (i.e., $4,470,000 minus $67,050 minus $89,400).  Nulane has these funds available and is willing to close the escrow on Wednesday

{00482341}

KULIK GOTTESMAN SIEGEL & WARE LLP

George Shohet, Esq.
June 13, 2022
Page 2

provided that Notre Dame can provide unequivocal assurances that, and explain how, it will be able to transfer clear and marketable title to the Property to Nulane on Wednesday and Nulane will be able to obtain a title insurance policy from a reputable title insurance company insuring marketable title in the Property free and clear of all liens, claims and/or clouds on title as of the closing (except for monetary liens that can be satisfied by the purchase price proceeds in escrow.)

If Notre Dame fails to timely comply with this request, Nulane will file suit against Notre Dame for, among other things, a decree of specific performance compelling Notre Dame to transfer clear and marketable title in the Property to Nulane, and against MDRCA and Scapa to quiet title to the Property in the name of Nulane.

Very truly yours,

Donald S. Gottesman

DG
cc:     Robert Nader *(via email only) (rbt.nader@gmail.com)*
        Adib Kassir *(via GLS Overnight only)*

{00482341}

KULIK GOTTESMAN SIEGEL & WARE LLP

George Shohet, Esq.
June 13, 2022
Page 3

{00482341}

**Daniel Garcia**

| | |
|---|---|
| **From:** | George Shohet <georgeshohet@gmail.com> |
| **Sent:** | Tuesday, June 14, 2022 2:21 PM |
| **To:** | Don Gottesman |
| **Cc:** | rbt.nader@gmail.com; Jill Harris; David Browne |
| **Subject:** | Re: 1316 Beverly Grove Place -- Notre Dame Properties Ltd. Liability Company |
| **Attachments:** | Letter to D.S.Gottesman 6.14.22.pdf |

Dear Mr. Gottesman,

Please see the attached letter. I am glad to discuss this with you if you have questions.

Regards,

George

George A. Shohet
Law Offices of George A. Shohet
A Professional Corp.
269 S. Beverly Drive, Suite 1800
Beverly Hills, CA 90212
Tel.: (310) 452-3176
Cell: (310) 717-0426
Fax: (310) 452-2270
E-mail: georgeshohet@gmail.com

CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this transmission is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the Law Offices of George A. Shohet immediately by telephone at (310) 452-3176 and delete this message from your system. Thank you.

On Mon, Jun 13, 2022 at 3:41 PM Don Gottesman <dgottesman@kgswlaw.com> wrote:

Dear Mr. Shohet: I represent Nulane Entertainment LLC and have attached my letter to you of today's date. Regards, Don Gottesman

**Don Gottesman**
**Partner**
**KULIK GOTTESMAN SIEGEL & WARE LLP**
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9211 Direct**



1

**(818) 817-3600 Main**
**(310) 339-7400 Mobile**

---

**Notice to Recipient:** This e-mail is intended to be a confidential communication between the author and the recipient(s) and may be a privileged communication. If you received this e-mail in error, please delete it from your system and notify the sender immediately by return e-mail of the error. Thank you in advance for your cooperation.

**Law Offices of**
**George A. Shohet**
**A Professional Corporation**

June 14, 2022

By Email
dgottesman@kgswlaw.com

Donald S. Gottesman
Kulik Gottesman Siegel & Ware LLP
Comerica Bank Building
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403

Re: 1316 Beverly Grove Place, Beverly Hills, California 90210 ("Property")

Dear Mr. Gottesman:

I am an attorney for Notre Dame Properties Ltd. Liability Company ("Notre Dame" or "Seller"). I write in response to your letter of June 13, 2022 regarding 1316 Beverly Grove Place, Beverly Hills, California 90210 (the "Property").

First and foremost, Notre Dame and MDCRA Properties, LLC ("MDCRA") will cooperate with Nulane Entertainment, LLC ("Nulane" or "Buyer") and its representatives to sell the Property to Nulane so that the transaction can close tomorrow. Therefore, the transfer of title will not in any manner prevent the closing of escrow if, as your letter states, Nulane wants to close ("Nulane is ready, willing, and able to perform its part of the deal.").

Attached is a copy of the Residential Purchase Agreement ("Agreement") between Notre Dame and Nulane. The Agreement was executed as of February 23, 2021. Over the past sixteen months, the Agreement was extended five times with the Fifth Extension continuing the escrow period to June 15, 2022. A copy of the Fifth Extension is attached for your convenience. In each instance a further extension was granted because of Notre Dame's inability to remove certain lis pendens and other encumbrances on title. The parties' course of dealing reflects that Nulane was consistently unwilling to close because of Notre Dame's inability to deliver clear title. Quite recently, Notre Dame advised Nulane's representative that it would not further extend the escrow period. Nulane's representative reiterated Nulane's unwillingness to close because of the lis pendens and other encumbrances thereby demonstrating an intention to cancel the potential sale transaction and pending escrow.

Until receiving your letter yesterday, Notre Dame understood that Nulane was unwilling to close without clear title. Your letter contains a fundamentally incorrect premise that Notre

Mr. Donald S. Gottesman                                                                    Page 2
                                                                                           June 14, 2022

Dame was *required* to remove the lis pendens and other encumbrances. As explained further below, the Agreement requires Nulane to choose between purchasing the Property with the lis pendens and other encumbrances *or* canceling the potential sale if Notre Dame cannot deliver clear title. *The Agreement imposes no obligation on Notre Dame to remove the lis pendens or any other encumbrance.*

Notre Dame expended considerable time, effort and money trying to clear title, but has been unsuccessful. As stated above, the Agreement states that if the Seller is unable to clear title, then the Buyer has the option of either canceling the deal or buying the Property with the encumbrances. Nulane does not have the right to insist that they be removed as a condition of sale. Section XXVII of the Agreement states in full:

"Delay in Resolving Litigation Clouds on Title. Buyer and Seller understand that the Property is currently the subject of a cloud on title, which Seller seeks to remove before the closing date of July 14, 2021. In the event that the cloud on title has not been removed, Buyer has the following options: a) Terminate the Agreement without default by either party; b) Close the sale subject to the clouds on title without liability or recourse against Buyer; or e) extend the closing until October 14, 2021, and if the clouds on title are still present as of October 14. 2021, Buyer shall have the options set forth in a) and b) above. If Buyer opts to extend the closing. Buyer shall continue to pay rent for occupancy of the premises as set forth in the accompanying Lease Agreement at the rate of $14,000 per month. All amounts paid toward rent starting July 15, 2021, shall be applied to the purchase price in the event that Buyer opts to close the purchase of the Property by October 14. 2021. Other than this credit in the event of the purchase, Buyer shall not have any other rights to a return of rental amounts." See also Section XII ("If any objections are made by Buyer regarding the Title Search Report, mortgage loan inspection, or other information that discloses a material defect, the Seller shall have 20 business days from the date the objections were received to correct said matters. If Seller does not remedy any defect discovered by the Title Search Report, Buyer shall have the option of canceling this Agreement, in which case the Earnest Money shall be returned to Buyer.").

In sum, the parties have been discussing the problem with delivering clear title for months and continued escrow while the Seller sought to remove the lis pendens and clouds on title. After Notre Dame communicated to Nulane that it was not going to be possible to do so and that the Seller did not want to continue escrow again, Nulane had the option of purchasing with the lis pendens and encumbrances on title or canceling the deal. Nulane indicated that it was canceling the contract as it did not want to close subject to the existing lis pendens. Based on that, Notre Dame made the deal with MDCRA.

Nulane remains obligated to perform at the closing. Your letter represents that it will close tomorrow. The escrow can close pursuant to the terms of the Agreement because MDCRA will honor the existing escrow and transfer title based on the contract. But the close of escrow requires that Nulane opt to close with the lis pendens and encumbrances still on the

Mr. Donald S. Gottesman

Page 3
June 14, 2022

Property. Nulane has the option to walk away and cancel the deal without liability based on the title issues, or else buy with the lis pendens still in place, but it does not have the option under the Agreement to demand a close with the lis pendens and encumbrances removed.

It is imperative that we hear from you today in writing if you intend to close the sale tomorrow. It is important that Nulane also communicate that intention to escrow. If you intend to close, please have Nulane instruct escrow to send us any documents needed for execution and notarization. In addition, please have Nulane deposit the purchase money into escrow. Thank you for your anticipated cooperation.

Please note the Agreement contains an arbitration clause, but there does not seem to be a genuine dispute if Nulane is ready, willing and able to perform and the purchase can be consummated without removal of the lis pendens and other encumbrances. If after further refection, Nulane is either unwilling or unable to close, then I would appreciate you confirming that to me in writing so that our respective clients can move on without further controversy.

Very truly yours,

George A. Shohet

Enclosures

cc.  Mr. Adib Kassir (with enclosures)
     David Browne, Esq. (with enclosures)

# RESIDENTIAL PURCHASE AGREEMENT

**I. The Parties.** This Real Estate Purchase Agreement ("Agreement") made on February 23 2021 ("Effective Date") between: A business entity known as Nulane Entertainment, LLC ("Buyer") with a mailing address of 4100 W. Alameda Ave, 3rd Floor, Burbank, California, 91505 and a business entity known as Notre Dame Properties LLC ("Seller") with a mailing address of that is the same as the Property.

**II. Legal Description.** The real property is a single-family home with a mailing address of 1316 Beverly Grove Place, Beverly Hills, California, 90210.

Assessor's Parcel number 4356-021-033, Parcel A of Parcel Map L.A. 5901, recorded in Book 255, pages 13-14 of maps, Los Angeles County, excepting therefrom that portion described in the deed recorded as instrument no. 20150138268. A detailed description of this exception shall be attached to the grant deed at sale.

**III. Personal Property.** There shall be no personal property included in this Agreement or included in the purchase of the real property ("Property"). All removable items from the real property, i.e. "non-fixtures", shall be retained by the Seller at closing.

**IV. Fixtures.** The Parties agree that all fixtures located on or in the Property, including but not limited to storm windows, screens, shades, blinds, heating systems, HVAC components, stoves, air conditioners, pumps, electrical fixtures, and any other equipment, appliance, or furniture that is fixed in position shall be included in the sale of the Property.

**V. Earnest Money.** The Buyer shall not be required to make a payment, down payment, or any other type of monetary deposit that would be deemed consideration ("Earnest Money"). Consideration under this Agreement, unless otherwise required by State law, shall be the full faith of the Buyer's ability to perform under the terms of this Agreement.

**VI. Purchase Price and Terms.** The Buyer agrees to purchase the Property by payment of $4,470,000.00 (Four Million Nine Hundred Seventy Thousand 00/100 Dollars) as follows:

**All Cash Offer.** No loan or financing of any kind is required in order to purchase the Property.

**VII. Sale of Another Property.** Buyer's performance under this Agreement shall not be contingent upon selling another property.

**VIII. Closing Costs.** The costs attributed to the Closing of the Property shall be the responsibility of Seller. The fees and costs related to the Closing shall include but not be limited to a title search (including the abstract and any owner's title policy), preparation of the deed, transfer taxes, recording fees, and any other costs by the title company that is in standard procedure with conducting the sale of a property.

**IX. Funds at Closing.** Buyer and Seller agree before the recording can take place, funds provided shall be in one (1) of the following forms: cash, interbank electronic transfer, money order, certified check or cashier's check drawn on a financial institution located in the State, or any above combination that permits the Seller to convert the deposit to cash no later than the next business day.

**X. Closing Date.** This transaction shall be closed on July 15 2021 05:00 PM or earlier at the office of an escrow or title company to be agreed upon by the Parties. Any extension of this date and time must be agreed upon, in writing, by Buyer and Seller. Real estate taxes, rents, dues, fees, and expenses relating to the Property for the year in which the sale is closed shall be prorated as of the date of Closing. Taxes due for prior years shall be paid by Seller.

Buyer's Initials ( _N R_ )(_____)          Seller's Initials ( _A_ )( _K_ )          Page 1

**XI. Mineral Rights**. It is agreed and understood that all rights under the soil, including but not limited to water, gas, oil, and mineral rights shall be transferred by the Seller to the Buyer at Closing.

**XII. Title**. Seller shall convey title to the property by Grant Deed or equivalent. The Property may be subject to restrictions contained on the plat, deed, covenants, conditions, and restrictions, or other documents noted in a Title Search Report. Upon execution of this Agreement by the Parties, Seller will, at the shared expense of both Buyer and Seller, order a Title Search Report and have delivered to the Buyer. Upon receipt of the Title Search Report, the Buyer shall have 5 business days to notify the Seller, in writing, of any matters disclosed in the report which is unacceptable to Buyer. Buyer's failure to timely object to the report shall constitute acceptance of the Title Search Report. If any objections are made by Buyer regarding the Title Search Report, mortgage loan inspection, or other information that discloses a material defect, the Seller shall have 20 business days from the date the objections were received to correct said matters. If Seller does not remedy any defect discovered by the Title Search Report, Buyer shall have the option of canceling this Agreement, in which case the Earnest Money shall be returned to Buyer. After Closing, Buyer shall receive an owner's standard form policy of title insurance insuring marketable title in the Property to Buyer in the amount of the Purchase Price, free and clear of the objections and all other title exceptions agreed to be removed as part of this transaction.

**XIII. Property Condition**. The Property is being sold as is without warranty. Therefore, Buyer shall hold the right to hire licensed contractors, or other qualified professionals, to further inspect and investigate the Property until April 15 2021. After all inspections are completed, Buyer shall have until April 15 2021 to present any new property disclosures to the Seller in writing. The Buyer and Seller shall have 5 business days to reach an agreement over any new property disclosures found by the Buyer. If the Parties cannot come to an agreement, this Agreement shall be terminated. If the Buyer fails to have the Property inspected or does not provide the Seller with written notice of the new disclosures on the Property, in accordance with this Agreement, Buyer hereby accepts the Property in its current condition and as described in any disclosure forms presented by the Seller.

**XIV. Seller's Indemnification**. Except as otherwise stated in this Agreement, after recording, the Buyer shall accept the Property AS IS, WHERE IS, with all defects, latent or otherwise. Neither Seller nor their licensed real estate agent(s) or any other agent(s) of the Seller, shall be bound to any representation or warranty of any kind relating in any way to the Property or its condition, quality or quantity, except as specifically set forth in this Agreement or any property disclosure, which contains representations of the Seller only, and which is based upon the best of the Seller's personal knowledge.

**XV. Appraisal**. Buyer's performance under this Agreement shall not be contingent upon the appraisal of the Property being equal to or greater than the agreed upon Purchase Price.

**XVI. Required Documents**. Prior to the Closing, the Parties agree to authorize all necessary documents, in good faith, in order to record the transaction under the conditions required by the recorder, title company, lender, or any other public or private entity.

**XVII. Sex Offenders**. Section 2250 of Title 18, United States Code, makes it a federal offense for sex offenders required to register pursuant to the Sex Offender Registration and Notification Act (SORNA), to knowingly fail to register or update a registration as required. State convicted sex offenders may also be prosecuted under this statute if the sex offender knowingly fails to register or update a registration as

Buyer's Initials ( A|C _ _ )          Seller's Initials ( A )( K )          Page 2

required, and engages in interstate travel, foreign travel, or enters, leaves, or resides on an Indian reservation. A sex offender who fails to properly register may face fines and up to ten (10) years in prison. Furthermore, if a sex offender knowingly fails to update or register as required and commits a violent federal crime, he or she may face up to thirty (30) years in prison under this statute. The Buyer may seek more information online by visiting https://www.nsopw.gov/.

**XVIII. Time** Time is of the essence. All understandings between the Parties are incorporated in this Agreement. Its terms are intended by the Parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter and they may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement.

**XIXII. Dispute Resolution**. Buyer and Seller agree to mediate any dispute or claim arising out of this Agreement, or in any resulting transaction, before resorting to arbitration or court action.

a.) Mediation. If a dispute arises, between or among the Parties, and it is not resolved prior to or after recording, the Parties shall first proceed in good faith to submit the matter to mediation. Costs related to mediation shall be mutually shared between or among the Parties. Unless otherwise agreed in mediation, the Parties retain their rights to proceed to arbitration or litigation.

### ARBITRATION OF DISPUTES

b.) ARBITRATION. THE PARTIES AGREE THAT ANY DISPUTE OR CLAIM IN LAW OR EQUITY ARISING BETWEEN THEM OUT OF THIS AGREEMENT OR ANY RESULTING TRANSACTION, WHICH IS NOT SETTLED THROUGH MEDIATION, SHALL BE DECIDED BY NEUTRAL, BINDING ARBITRATION. THE ARBITRATOR IS REQUIRED TO BE A RETIRED JUDGE OR JUSTICE, OR AN ATTORNEY WITH AT LEAST FIVE (5) YEARS OF RESIDENTIAL REAL ESTATE LAW EXPERIENCE UNLESS THE PARTIES MUTUALLY AGREE TO A DIFFERENT ARBITRATOR. UNDER ARBITRATION, THE PARTIES SHALL HAVE THE RIGHT TO DISCOVERY IN ACCORDANCE WITH STATE LAW. JUDGMENT UPON THE AWARD OF THE ARBITRATOR(S) MAY BE ENTERED INTO ANY COURT HAVING JURISDICTION. ENFORCEMENT OF THIS AGREEMENT TO ARBITRATE SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT.

NOTICE: BY INITIALLING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE "ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALLING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE "ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE "ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION.

Buyer's Initials _AK_          Seller's Initials _AK_

Buyer's Initials _AB_          Seller's Initials ( _A_ )( _K_ )          Page 3

c.) Exclusions. The following matters shall be excluded from the mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed, mortgage or installment land sale contract as defined in accordance with State law; (ii) an unlawful detainer action, forcible entry detainer, eviction action, or equivalent; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation and arbitration provisions of this Section.

**XX. Governing Law** This Agreement shall be interpreted in accordance with the laws of the State of California.

**XXI. Terms and Conditions of Offer.** This is an offer to purchase the Property in accordance with the above-stated terms and conditions of this Agreement. This Agreement and any supplement, addendum or modificatio . including any copy, may be signed in two or more counterparts, all of which shall constitute one and same writing.

**XXII. Binding Effect.** This Agreement shall be for the benefit of, and be binding upon, the Parties, their heirs, successors, legal representatives and assigns, which therefore constitutes the entire agreement between the Parties. No modification of this Agreement shall be binding unless signed by both Buyer and Seller.

**XXIII. Business Days.** Business days shall be defined as all days of the year excluding Saturdays, Sundays, and any federal or State holidays

**XXIV. Severability.** In the event any provision or part of this Agreement is found to be invalid or unenforceable, only that particular provision or part so found, and not the entire Agreement, will be inoperative.

**XXV. Confidentiality.** Buyer and Seller agree to mutually hold all details of this Agreement confidential with the exception of attorneys, lenders, lending officers, inspection agents, appraisers, government officials title officers, and any other individuals deemed necessary in order to perform the transaction at Closing. The Parties authorize the lender or any closing agent to prepare a closing disclosure or settlement statement for release to the Parties and their licenses prior to, at, and after the Closing.

**XXVI. Acceptance.** Seller warrants that Seller is the owner of the Property or has the authority to execute this Agreement. Therefore, by the Seller's authorization below, he/she/they accepts the above offer and agrees to sell the Property on the above terms and conditions.

Delivery of this executed Agreement may be in any of the following: (i) hand delivery; (ii) email under the conditi n that the party transmitting the email receives electronic confirmation that the email was recei d to the intended recipient; and (iii) by facsimile to the other party or the other party's licensee, but only if the transmitting fax machine prints a confirmation that the transmission was successful.

Buyer acknowledges that the Property is currently the subject of litigation that clouds title, and that Seller anticipates removing those clouds on title before the closing. In the event that there is a delay, the provisions of paragraph XXXIII shall apply.

Buyer's Initials (    )(    )        Seller's Initials ( _A_ )( _K_ )        Page 4

**XXVII. Delay in Resolving Litigation Clouds on Title.** Buyer and Seller understand that the Property is currently the subject of a cloud on title, which Seller seeks to remove before the closing date of July 14, 2021. In the event that the cloud on title has not been removed, Buyer has the following options: a) Terminate the Agreement without default by either party; b) Close the sale subject to the clouds on title without liability or recourse against Buyer; or c) extend the closing until October 14, 2021, and if the clouds on title are still present as of October 14, 2021. Buyer shall have the options set forth in a) and b) above. If Buyer opts to extend the closing, Buyer shall continue to pay rent for occupancy of the premises as set forth in the accompanying Lease Agreement at the rate of $14,000 per month. All amounts paid toward rent starting July 15, 2021, shall be applied to the purchase price in the event that Buyer opts to close the purchase of the Property by October 14, 2021. Other than this credit in the event of the purchase, Buyer shall not have any other rights to a return of rental amounts.

**XXVIII. Licensed Real Estate Agent(s).** If Buyer or Seller have hired the services of a licensed real estate agent(s) to perform representation on their behalf, he/she/they shall be entitled to payment for their services as outlined in their separate written agreement.

**XXIX. Entire Agreement.** This Agreement together with any attached addendums or disclosures shall supersede any and all other prior understandings and agreements, either oral or in writing, between the parties with respect to the subject matter hereof and shall constitute the sole and only agreements between the parties with respect to the said Property. All prior negotiations and agreements between the parties with respect to the Property hereof are merged into this Agreement. Each party to this Agreement acknowledges that no representations, inducements, promises, or agreements, orally or otherwise, have been made by any party or by anyone acting on behalf of any party, which are not embodied in this Agreement and that any agreement, statement or promise that is not contained in this Agreement shall not be valid or binding or of any force or effect.

Buyer's Signature _____ Date 2-2-21

Alvin Brown, President of Nulane Entertainment, LLC.

Seller's Signature _____ Date 2-23-21

Adib Kassir, Manager of Notre Dame Properties LLC

Buyer's Initials ( _____ ) ( _____ )          Seller's Initials ( A ) ( K )          Page 5

# AMOUNT ($) DUE AT SIGNING

**Security Deposit:** $14,000.00

**Four Month's Rent:** $56,000.00

Payment received in full on 3/2/21 _____

Tenant's Initials ( A.D. )( _____ )        Landlord's Initials ( A )( K )        Page 7

April 13, 2022

<u>Fifth Escrow Closing Addendum to Purchase Agreement dated February 23, 2021 and Lease</u>
<u>Agreement dated March 15, 2021</u>

Due to seller's inability to remove a Lis Pendens from the property's title, escrow is being extended for approximately 60 days. This fourth addendum extends the escrow purchase closing date for the property at 1316 Beverly Grove Place in Beverly Hills, Ca 90210 until June 15, 2022. This contract is between Alvin G. Brown/Nulane Entertainment LLC- Buyer and Adib Kassir/Notre Dame Properties- Seller. Both Buyer and Seller agree to extend the purchase closing date from April 15, 2022 to June 15, 2022.

The buyer-Alvin G. Brown/Nulane Entertainment LLC is currently in a lease option to purchase, in which he pays seller-Adib Kassir/Notre Dame Properties $14,000 a month for rent. A check in the amount of $14,000 for rent for the month of April 15, 2021 through, and including, May 14, 2022 is being forwarded in good faith today to seller-Notre Dame Properties, contingent upon the Buyer and Seller's signature on this document. A second check in the amount of $14,000 for rent for the month of May 15, 2022 through, and including, June 14, 2022 shall be forwarded to seller-Notre Dame Properties on or before May 14, 2022. Non-payment of either amount dissolves escrow.

Buyer's Signature:

Nulane Entertainment LLC

By: Alvin G  Brown, Authorized Signer

Seller's Signature:
Notre Dame Properties LLC

By: Adib Kassir, Authorized Signer

**Daniel Garcia**

| | |
|---|---|
| **From:** | Don Gottesman <dgottesman@kgswlaw.com> |
| **Sent:** | Tuesday, June 14, 2022 5:13 PM |
| **To:** | 'George Shohet' |
| **Cc:** | 'rbt.nader@gmail.com'; Jill Harris; 'David Browne' |
| **Subject:** | RE: 1316 Beverly Grove Place -- Notre Dame Properties Ltd. Liability Company |
| **Attachments:** | 2022-06-14 DSG letter to Shohet (00482462).pdf |

George, my response to your letter of today's date is attached. Regards, Don

**Don Gottesman**
**Partner**
**KULIK GOTTESMAN SIEGEL & WARE LLP**
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9211** Direct
**(818) 817-3600** Main
**(310) 339-7400** Mobile



**Notice to Recipient:** This e-mail is intended to be a confidential communication between the author and the recipient(s) and may be a privileged communication. If you received this e-mail in error, please delete it from your system and notify the sender immediately by return e-mail of the error. Thank you in advance for your cooperation.

**From:** George Shohet [mailto:georgeshohet@gmail.com]
**Sent:** Tuesday, June 14, 2022 2:21 PM
**To:** Don Gottesman
**Cc:** rbt.nader@gmail.com; Jill Harris; David Browne
**Subject:** Re: 1316 Beverly Grove Place -- Notre Dame Properties Ltd. Liability Company

Dear Mr. Gottesman,

Please see the attached letter. I am glad to discuss this with you if you have questions.

Regards,

George

George A. Shohet
Law Offices of George A. Shohet
A Professional Corp.
269 S. Beverly Drive, Suite 1800
Beverly Hills, CA 90212

1

Tel.: (310) 452-3176
Cell: (310) 717-0426
Fax: (310) 452-2270
E-mail: georgeshohet@gmail.com

CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL
OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL
OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.   If the reader of this transmission is not the intended recipient,
or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution
or copying of this communication is strictly prohibited  If you have received this communication in error, please notify the Law
Offices of George A. Shohet immediately by telephone at (310) 452-3176 and delete this message from your system  Thank you

On Mon, Jun 13, 2022 at 3:41 PM Don Gottesman <dgottesman@kgswlaw.com> wrote:

Dear Mr. Shohet:  I represent Nulane Entertainment LLC and have attached my letter to you of today's
date.  Regards, Don Gottesman

---

**Don Gottesman**
**Partner**
**KULIK GOTTESMAN SIEGEL & WARE**
**LLP**
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9211** **Direct**
**(818) 817-3600** **Main**
**(310) 339-7400** **Mobile**



---

**Notice to Recipient:** This e-mail is intended to be a confidential communication between the author and the
recipient(s) and may be a privileged communication. If you received this e-mail in error, please delete it from your
system and notify the sender immediately by return e-mail of the error. Thank you in advance for your
cooperation.

# KULIK GOTTESMAN SIEGEL & WARE LLP

Glen I. Kulik
Donald S. Gottesman
Leonard Siegel
Thomas M. Ware II
Mitchell S. Brachman
David A. Bernardoni
Gerard Kilroy
Justin A. Nash
Margaret Lee
Stella Chang
Samantha Johnson
Amanda Wilbur

Attorneys at Law
Comerica Bank Building
15303 Ventura Boulevard
Suite 1400
Sherman Oaks, California 91403
www.kgswlaw.com

Telephone  (310) 557-9200
           (818) 817-3600
Facsimile  (310) 557-0224

Writer's e-mail address:
dgottesman@kgswlaw.com

File No. 6298-0001

June 14, 2022

**VIA EMAIL**

George Shohet, Esq.
269 S. Beverly Drive, Suite 1800
Beverly Hills, California  90212
georgeshohet@gmail.com

   Re: 1316 Beverly Grove Place, Beverly Hills, California (the "Property")

Dear Mr. Shohet:

   Your letter of today's date misstates the facts and skips over some key problems.

   It is not true, as Notre Dame contends, that it "made the deal with MDRCA" because Nulane indicated "it was canceling the contract." Nulane never said it was canceling the contract. If it had, certainly Notre Dame would have confirmed this important fact in writing. It didn't. Moreover, Notre Dame signed the Grant Deed to MDRCA nearly two months ago (on May 19, 2022) and never once during the last two months bothered to mention to Nulane's representatives that somebody else now owns the Property. The only rational explanation for Notre Dame's secretive behavior is that it did not want Nulane to find out about the transfer. If the contract had been canceled, Notre Dame would have no reason to conceal the transfer as it did.

   As for your representation that the new property owner (MDRCA) will cooperate to sell the Property to Nulane, you do not say how you know this. Please confirm that you are the attorney for MDRCA and are authorized to make this representation on MDRCA's behalf.

   A key problem you neglect to mention is the fact that, on June 1, 2022, without informing Nulane, Notre Dame allowed the Property to be encumbered by a new $3.8 million trust deed to Mr. Scapa. Adding $3.8 million of new debt against the Property during escrow, without Nulane's knowledge or consent, is a clear breach of contract. This encumbrance needs to be removed from title immediately. Please advise as to Notre Dame's position on this.

   Another key problem you neglect to mention relates to title insurance. The contract, in the last sentence of Section X11, provides that Nulane "*shall* receive an owner's standard form policy of title insurance [1] insuring marketable title in the Property ... [2] free and clear of ... all ... title exceptions agreed to be removed as part of this transaction." (Italics added.) I am sure you are aware that Chicago Title, the title insurance company that issued the Preliminary Title Report on the

{00482458}

KULIK GOTTESMAN SIEGEL & WARE LLP

George Shohet, Esq.
June 14, 2022
Page 2

Property during escrow, has declined to issue a title insurance policy. I understand that Notre Dame yesterday asked Fidelity Title Insurance Company to issue the policy. But your letter doesn't say whether Fidelity will provide the policy.

I disagree with your position that the contract did not require Notre Dame to remove any liens and clouds on title, including but not limited to the "litigation clouds on title" (i.e., various notices of pendency of action [lis pendens] recorded by District Attorneys in Los Angeles and Riverside Counties) referenced in Section XXVII of the contract. Per the contract, the title insurance policy must insure against "title exceptions agreed to be removed" and the July 2021 Addendum to the contract states the parties' agreement that all title exceptions (i.e., all liens and clouds on title) would be removed to facilitate the closing.

Nulane is willing to close the escrow tomorrow and deposit the remainder of the purchase price provided that Notre Dame can tomorrow (1) transfer title to the Property to Nulane by way of a Grant Deed, and (2) furnish a policy of title insurance (issued by a reputable company) to Nulane ensuring marketable title in the Property to Nulane in the amount of the purchase price free and clear of all liens and clouds on title other than the "litigation clouds on title" (i.e., the District Attorney notices of pendency of action). In other words, Nulane will take the property subject to the "litigation clouds" but all other monetary liens that are not paid from the sale proceeds must be removed from title. Please let me know whether you accept this offer by 10:00 a.m. tomorrow morning.

Very truly yours,

*D/ Gottesman*

Donald S. Gottesman

DG
cc:    Andrea Kawawaki (andrea@greaterlaescrow.com) *(via email only)*

{00482458}

**Daniel Garcia**

| | |
|---|---|
| **From:** | David Browne <dmbrownelaw@gmail.com> |
| **Sent:** | Wednesday, June 15, 2022 10:17 AM |
| **To:** | Don Gottesman; George Shohet |
| **Subject:** | Beverly property |

Thank you for your call, and our discussion was useful. I will be following up regarding various subjects that we discussed, and hope to be better informed on those matters.

The fundamental problem right now is that pursuant to your last letter, your client refuses to proceed with a closing pursuant to a title policy that has the exceptions listed on the June prelim. I do not yet understand what is happening with Chicago Title, but on the assumption that they have in fact pulled out at the last minute and have to be replaced, what is the point of replacing them if the replacement policy that sets forth the same content as the June prelim is unsatisfactory to your client? It makes no difference whether it is Chicago Title or a replacement company your client is now objecting to the condition of title, which has already been accepted per the contract.

Your client does have the right to walk from the transaction if he objects to those exceptions to title at closing. He does not have the right to insist on performance of a different deal that removes those exceptions, but that is where we are at. In my view, now refusing to close based on those conditions as set forth in your letter is the legal equivalent of canceling the deal.

I have asked what you want to do if we need to replace Chicago Title, and assuming that your client withdraws the position stated in your letter. You did not provide an answer. I am uncertain what the legal requirements are for that unique situation, as I stated. But it hardly matters if a replacement title insurer's policy is also unacceptable.

I conferred with my client after we talked, and a few things. We have had nothing to do with Chicago Title or Fidelity (my client has had zero contact with either for months), nor did we take any action to have Fidelity open a new title file for this matter as you represent. I do not know how that happened, but it was not my client.

You have asked for various other forms of information, which I might be willing to provide if we are back on track to close this deal. As I said multiple times in our conversation, that would require the withdrawal of your letter, which you have refused to do. That kills the deal in my opinion as stated above.

In any event, I am also informed that when my client recently informed your client that the escrow would not be extended again, he became heated and insisted that he needed more time to arrange financing. I have asked as part of the informal discussion to get matters back on track that your client provide information that he in fact has the financial arrangements in place to close. You have refused to provide any such information.

As I indicated, my sense of the matter is that this is just an effort to tie up the property by someone not able to perform financially, which is a common theme in real estate litigation. Maybe my sense of it is wrong, but what I do know is that he has stated that he needs more time to arrange financing, and at this time, will not provide any informal affirmation of whatever financial arrangements actually exist for this transaction.

I look forward to hearing from you about what your client wants to do. To repeat again, there is little reason to solve the various problems if your client refuses to close based on a title policy different from what has already been agreed upon.

1

Law Offices of David M. Browne
21900 Burbank Blvd.
Suite 112
Woodland Hills, CA  91367
(818) 276-1925
(310) 200-0568 cell
(818) 702-0910 fax
dmbrownelaw@gmail.com

Virus-free. www.avg.com

2

**Daniel Garcia**

| | |
|---|---|
| **From:** | Don Gottesman <dgottesman@kgswlaw.com> |
| **Sent:** | Wednesday, June 15, 2022 12:58 PM |
| **To:** | georgeshohet@gmail.com; David Browne (dmbrownelaw@gmail.com) |
| **Cc:** | Jill Harris |
| **Subject:** | RE: Beverly property |
| **Attachments:** | 2022-06-15 DSG letter to Shohet and Browne (00482520).pdf |

George and David:  Please see my attached letter.  Regards, Don

**Don Gottesman**
**Partner**
**KULIK GOTTESMAN SIEGEL & WARE LLP**
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9211 Direct**
**(818) 817-3600 Main**
**(310) 339-7400 Mobile**



**Notice to Recipient:** This e-mail is intended to be a confidential communication between the author and the recipient(s) and may be a privileged communication  If you received this e-mail in error, please delete it from your system and notify the sender immediately by return e-mail of the error  Thank you in advance for your cooperation.

**From:** David Browne [mailto:dmbrownelaw@gmail.com]
**Sent:** Wednesday, June 15, 2022 10:17 AM
**To:** Don Gottesman; George Shohet
**Subject:** Beverly property

Thank you for your call, and our discussion was useful.  I will be following up regarding various subjects that we discussed, and hope to be better informed on those matters.

The fundamental problem right now is that pursuant to your last letter, your client refuses to proceed with a closing pursuant to a title policy that has the exceptions listed on the June prelim.  I do not yet understand what is happening with Chicago Title, but on the assumption that they have in fact pulled out at the last minute and have to be replaced, what is the point of replacing them if the replacement policy that sets forth the same content as the June prelim is unsatisfactory to your client?  It makes no difference whether it is Chicago Title or a replacement company -- your client is now objecting to the condition of title, which has already been accepted per the contract.

Your client does have the right to walk from the transaction if he objects to those exceptions to title at closing.  He does not have the right to insist on performance of a different deal that removes those exceptions,

1

but that is where we are at. In my view, now refusing to close based on those conditions as set forth in your letter is the legal equivalent of canceling the deal.

I have asked what you want to do if we need to replace Chicago Title, and assuming that your client withdraws the position stated in your letter. You did not provide an answer. I am uncertain what the legal requirements are for that unique situation, as I stated. But it hardly matters if a replacement title insurer's policy is also unacceptable.

I conferred with my client after we talked, and a few things. We have had nothing to do with Chicago Title or Fidelity (my client has had zero contact with either for months), nor did we take any action to have Fidelity open a new title file for this matter as you represent. I do not know how that happened, but it was not my client.

You have asked for various other forms of information, which I might be willing to provide if we are back on track to close this deal. As I said multiple times in our conversation, that would require the withdrawal of your letter, which you have refused to do. That kills the deal in my opinion as stated above.

In any event, I am also informed that when my client recently informed your client that the escrow would not be extended again, he became heated and insisted that he needed more time to arrange financing. I have asked as part of the informal discussion to get matters back on track that your client provide information that he in fact has the financial arrangements in place to close. You have refused to provide any such information.

As I indicated, my sense of the matter is that this is just an effort to tie up the property by someone not able to perform financially, which is a common theme in real estate litigation. Maybe my sense of it is wrong, but what I do know is that he has stated that he needs more time to arrange financing, and at this time, will not provide any informal affirmation of whatever financial arrangements actually exist for this transaction.

I look forward to hearing from you about what your client wants to do. To repeat again, there is little reason to solve the various problems if your client refuses to close based on a title policy different from what has already been agreed upon.


--
Law Offices of David M. Browne
21900 Burbank Blvd.
Suite 112
Woodland Hills, CA 91367
(818) 276-1925
(310) 200-0568 cell
(818) 702-0910 fax
dmbrownelaw@gmail.com


 Virus-free www.avg.com

# KULIK GOTTESMAN SIEGEL & WARE LLP

Glen L. Kulik
Donald S. Gottesman
Leonard Siegel
Thomas M. Ware II
Mitchell S. Brachman
David A. Bernardoni
Gerard Kilroy
Justin A. Nash
Margaret Lee
Stella Chang
Samantha Johnson
Amanda Wilbur

Attorneys at Law
Comerica Bank Building
15303 Ventura Boulevard
Suite 1400
Sherman Oaks, California 91403
www.kgswlaw.com

Telephone  (310) 557-9200
(818) 817-3600
Facsimile  (310) 557-0224

Writer's e-mail address:
dgottesman@kgswlaw.com

File No. 6298.0001

June 15, 2022

**VIA EMAIL**

George Shohet, Esq.
269 S. Beverly Drive, Suite 1800
Beverly Hills, California  90212
georgeshohet@gmail.com

David Browne, Esq
21900 Burbank Blvd., Suite 112
Woodland Hills, CA  91367
Dmbrownelaw@gmail.com

Re:    1316 Beverly Grove Place, Beverly Hills, California (the "Property")

Dear Messrs. Shohet and Browne:

Based on Mr. Browne's representation to me this morning that the new $3.8 million trust deed paid off the other loans against the Property (i.e., the Chase and Baddour loans) and that the new Property owner (MDRCA) is in fact obligated to cooperate in the transfer of title to Nulane, I am retracting the offer made in my letter yesterday and am authorized to make the following revised proposal:

1.    Notre Dame shall furnish, or enable Nulane to obtain, a policy of title insurance from a reputable company insuring marketable title in the Property to Nulane in the amount of the purchase price free and clear of the two Chase loans (item numbers 22 and 23 on Chicago Title's last updated Prelim Title Report) and the Baddour loan (item 43) but not free and clear of the other liens and encumbrances shown on the Report.  In other words, except to the extent the monetary liens are paid down per item 2 below, Nulane will take title subject to the liens and encumbrances shown on the above-referenced Report other than the Chase and Baddour trust deeds.

2.    The purchase price proceeds shall be used exclusively by the escrow company to pay down, to the extent of the purchase price, the legitimate and non-fraudulent monetary liens against the Property.

3.    Nulane is willing to extend the escrow closing date for a reasonable period of time to enable the parties to obtain the policy of title insurance referenced in item 1 above.  Nulane suggests a two-week extension of the escrow closing date would be sufficient for this purpose.

{00482500}

KULIK GOTTESMAN SIEGEL & WARE LLP

George Shohet, Esq.
David Browne, Esq.
June 15 2022
Page 2

     4.     Nulane will not be required to deposit the remainder of the purchase price into escrow unless and until it receives confirmation from a reputable title insurance company that it will issue a title insurance policy in accordance with item 1 above.

     5.     All other terms and conditions of the Residential Purchase Agreement and the July 2021 Addendum thereto shall remain in full force and effect except as modified by this proposal.

     Nulane stands ready, willing, and able to pay the remainder of the purchase price if Notre Dame agrees to these terms.  Please let me know your response today.

Very truly yours,

Donald S. Gottesman

DG

{00482500}

**Daniel Garcia**

| | |
|---|---|
| **From:** | David Browne <dmbrownelaw@gmail.com> |
| **Sent:** | Wednesday, June 15, 2022 5:14 PM |
| **To:** | Don Gottesman |
| **Subject:** | Re: Beverly property |

I have conferred with my client concerning your letter. It is an unacceptable proposal to amend the existing deal in several particulars.

As to the exceptions that will appear in the title report, your paragraph one seeks to limit them in an unspecified way. All of the exceptions will appear except for two loans. Your letter is vague and unsatisfactory in its present form. The simple way to state it is in conformity with the contract, which is that all exceptions except the aforementioned loans will appear on the title report and will be replaced by the new (Scapa loan) which will be paid off from the proceeds of the sale through escrow. There will be no other change to the title policy and its exceptions.

Paragraph two is so vague as to be meaningless, but it is clearly a change to the existing agreement. It is not possible to tell how that paragraph is supposed to work, but it is clearly contrary to the agreement.

If we solve these other problems, we can talk about how to get a title policy in view of the apparent decision by Chicago Title to back out at the last moment. But there is no reason to be doing that at this point given the ongoing refusal by your client to abide by the existing deal. As for when cash must be deposited into escrow, there is no justification for this additional proposed modification. It is also unclear what it means. The funds have to be deposited by a date certain closing date to enable a closing, and if not deposited by that date, the deal fails.

[×]    Virus-free. www.avg.com

On Wed, Jun 15, 2022 at 12:58 PM Don Gottesman <dgottesman@kgswlaw.com> wrote:

George and David:  Please see my attached letter.  Regards, Don

1

**Don Gottesman**
**Partner**
**KULIK GOTTESMAN SIEGEL & WARE LLP**
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9211 Direct**
**(818) 817-3600 Main**
**(310) 339-7400 Mobile**



**Notice to Recipient:** This e-mail is intended to be a confidential communication between the author and the recipient(s) and may be a privileged communication. If you received this e-mail in error, please delete it from your system and notify the sender immediately by return e-mail of the error. Thank you in advance for your cooperation.

**From:** David Browne [mailto:dmbrownelaw@gmail.com]
**Sent:** Wednesday, June 15, 2022 10:17 AM
**To:** Don Gottesman; George Shohet
**Subject:** Beverly property

Thank you for your call, and our discussion was useful. I will be following up regarding various subjects that we discussed, and hope to be better informed on those matters.

The fundamental problem right now is that pursuant to your last letter, your client refuses to proceed with a closing pursuant to a title policy that has the exceptions listed on the June prelim. I do not yet understand what is happening with Chicago Title, but on the assumption that they have in fact pulled out at the last minute and have to be replaced, what is the point of replacing them if the replacement policy that sets forth the same content as the June prelim is unsatisfactory to your client? It makes no difference whether it is Chicago Title or a replacement company -- your client is now objecting to the condition of title, which has already been accepted per the contract.

Your client does have the right to walk from the transaction if he objects to those exceptions to title at closing. He does not have the right to insist on performance of a different deal that removes those exceptions, but that is where we are at. In my view, now refusing to close based on those conditions as set forth in your letter is the legal equivalent of canceling the deal.

I have asked what you want to do if we need to replace Chicago Title, and assuming that your client withdraws the position stated in your letter. You did not provide an answer. I am uncertain what the legal requirements are for that unique situation, as I stated. But it hardly matters if a replacement title insurer's policy is also unacceptable.

2

I conferred with my client after we talked, and a few things. We have had nothing to do with Chicago Title or Fidelity (my client has had zero contact with either for months), nor did we take any action to have Fidelity open a new title file for this matter as you represent. I do not know how that happened, but it was not my client.

You have asked for various other forms of information, which I might be willing to provide if we are back on track to close this deal. As I said multiple times in our conversation, that would require the withdrawal of your letter, which you have refused to do. That kills the deal in my opinion as stated above.

In any event, I am also informed that when my client recently informed your client that the escrow would not be extended again, he became heated and insisted that he needed more time to arrange financing. I have asked as part of the informal discussion to get matters back on track that your client provide information that he in fact has the financial arrangements in place to close. You have refused to provide any such information.

As I indicated, my sense of the matter is that this is just an effort to tie up the property by someone not able to perform financially, which is a common theme in real estate litigation. Maybe my sense of it is wrong, but what I do know is that he has stated that he needs more time to arrange financing, and at this time, will not provide any informal affirmation of whatever financial arrangements actually exist for this transaction.

I look forward to hearing from you about what your client wants to do. To repeat again, there is little reason to solve the various problems if your client refuses to close based on a title policy different from what has already been agreed upon.

- -

Law Offices of David M. Browne
21900 Burbank Blvd.
Suite 112
Woodland Hills, CA 91367
(818) 276-1925
(310) 200-0568 cell
(818) 702-0910 fax
dmbrownelaw@gmail.com

 Virus-free. www.avg.com

3

--
Law Offices of David M. Browne
21900 Burbank Blvd.
Suite 112
Woodland Hills, CA  91367
(818) 276-1925
(310) 200-0568 cell
(818) 702-0910 fax
dmbrownelaw@gmail.com

# EXHIBIT 22

Case 2:23-bk-18108-BR    Doc 1    Filed 12/06/23    Entered 12/06/23 17:22:44    Desc
Main Document    Page 1 of 5

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____Central_____ District of _California_
                              (State)

Case number (if known): _____ Chapter 7____

☐ Check if this is an
amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. **Debtor's name** | MDRCA Properties, LLC | |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | None | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 8 7 - 3 9 6 2 4 2 8 | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5005-5007 Ocean Front Walk | 2108 N. St., Suite C |
| Number      Street | Number      Street |
| | P.O. Box |
| Marina del Rey,    CA    90292 | Sacramento    CA    95816 |
| City                State    ZIP Code | City            State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Los Angeles | |
| County | Number      Street |
| | |
| | City            State    ZIP Code |

5. **Debtor's website** (URL)    None

---

Case 2:23-bk-18108-BR   Doc 1   Filed 12/06/23   Entered 12/06/23 17:22:44   Desc
Main Document     Page 2 of 5

| Debtor | MDRCA Properties, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u> <u>3</u> <u>1</u> <u>3</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Case 2:23-bk-18108-BR    Doc 1    Filed 12/06/23    Entered 12/06/23 17:22:44    Desc
Main Document    Page 3 of 5

| Debtor | MDRCA Properties, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No

☐ Yes.    District _____  When _____  Case number _____
                                              MM / DD / YYYY

If more than 2 cases, attach a separate list.

                 District _____  When _____  Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No

☐ Yes.    Debtor _____  Relationship _____

List all cases. If more than 1, attach a separate list.

                 District _____  When _____
                                                        MM  /  DD  /YYYY

                 Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☒ Other _There are trespassers on the property_____

**Where is the property?**    1316 Beverly Grove Place
                                          Number          Street

                                          Beverly Hills                          CA      90210
                                          City                                       State ZIP Code

**Is the property insured?**

☐ No

☒ Yes. Insurance agency _Grosslight Insurance_____

          Contact name    Roger Wolf_____

          Phone              (818)426-3186_____

▮ **Statistical and administrative information**

Case 2:23-bk-18108-BR    Doc 1    Filed 12/06/23    Entered 12/06/23 17:22:44    Desc
Main Document    Page 4 of 5

| Debtor | MDRCA Properties, LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

---

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/05/2023
MM / DD / YYYY

✗ _____     Adel Yamout
Signature of authorized representative of debtor     Printed name

Title  Manager

---

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 4

| Debtor | MDRCA Properties, LLC | | Case number (if known) | |
| | Name | | | |

| 18. Signature of attorney | ✗ _George Shohet_ | Date | 12/6/2023 |
| | Signature of attorney for debtor | | MM / DD / YYYY |

George A.Shohet
Printed name

Law Offices of George A. Shohet, A Professional Corporation
Firm name

269 S. Beverly Dr., Suite 1800
Number      Street

| Beverly Hills | CA | 90212 |
| City | State | ZIP Code |

| (310) 717-0426 | georgeshohet@gmail.com |
| Contact phone | Email address |

| 112697 | CA |
| Bar number | State |

# EXHIBIT 23



**Secretary of State**
**Statement of Information**
**(Limited Liability Company)**

**LLC-12**

**22-B05720**

# FILED

**In the office of the Secretary of State of the State of California**

**FEB 16, 2022**

This Space For Office Use Only

**IMPORTANT —** This form can be filed online at
bizfile.sos.ca.gov.
Read instructions **before completing this form.**
**Filing Fee  - $20.00**
**Copy Fees -** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

---

**1. Limited Liability Company Name** (Enter the **exact** name of the LLC.  If you registered in California using an alternate name, see instructions.)

NOTRE DAME PROPERTIES LTD. LIABILITY COMPANY

---

| **2. 12-Digit Secretary of State Entity Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 200808110017 | CALIFORNIA |

---

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>269 S. Beverly Drive, Suite 1800 | Beverly Hills | CA | 90212 |
| b. Mailing Address of LLC, **if different than item 4a**<br>269 S. Beverly Drive, Suite 1800 | Beverly Hills | CA | 90212 |
| c. Street Address of **California** Office, if Item 4a is not in California<br>Do not list a P.O. Box<br>269 S. Beverly Drive, Suite 1800 | Beverly Hills | CA | 90212 |

---

**5. Manager(s) or Member(s)**

If no managers have been appointed or elected, provide the name and address of each member. At least one name and address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an additional managers/members, enter the names(s) and address(es) on Form LLC-12A.

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Adib | | Kassir | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 269 S. Beverly Drive, Suite 1800 | Beverly Hills | CA | 90212 |

---

LLC-12 (REV 12/2021)

**Page 1 of 2**

2021 California Secretary of State
bizfile.sos.ca.gov

6. **Service of Process** (Must provide either Individual **OR** Corporation.)

   **INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| George | | Shohet | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 269 S. Beverly Drive, Suite 1800 | Beverly Hills | **CA** | 90212 |

   **CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

7. **Type of Business**

| Describe the type of business or services of the Limited Liability Company |
|---|
| Real Estate |

8. **Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | | Suffix |
|---|---|---|---|---|
| | | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

9. **Labor Judgment**

| Does a Manager or Member have an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code? | ☐ Yes   ☑ No |
|---|---|

10. By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

| 02/16/2022 | George Shohet | Attorney | |
|---|---|---|---|
| Date | Type or Print Name | Title | Signature |